FILED
OCT - 3 2005
U.S. COURT OF FEDERAL CLAIMS

William J. Hughes, Jr., Esquire
COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, PA
1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
(609) 344-3161
File No.: 49297-1
Attorneys for Plaintiff

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN G. BERG<br><br>Plaintiff,<br><br>-v-<br><br>JOHN W. SNOW,<br>Secretary of the Treasury of the United States of America<br><br>Defendant. | : | Civil Action No.<br>05-1060C<br><br>**COMPLAINT** |

John G. Berg ("Berg" or "Plaintiff"), a resident of the Commonwealth of Pennsylvania, by way of complaint against the Defendant, says as follows:

**PARTIES**

1. Plaintiff resides at Unit 59, #138 Montrose Ave., Bryn Mawr, Delaware County, Pennsylvania.

2. Defendant is John W. Snow, in his official capacity, Secretary of the Treasury of the United States of America.

**JURISDICTION**

3. Because the subject of this dispute by Plaintiff is a contract claim against the United States in excess of $10,000, this Court has jurisdiction pursuant 28 U.S.C. §§ 1346, 1491.

**PROCEDURAL HISTORY**

4. Plaintiff filed a complaint in the Unites States District Court for the Eastern District of Pennsylvania. A Copy of the Complaint is annexed hereto as "**Exhibit 1**". The allegations of Exhibit 1 are incorporated as if set forth at length herein. A copy of the Answer is annexed hereto as "**Exhibit 2**".

5. On April 12, 2005, the Hon. Ronald L. Buckwalter granted the Defendant's Motion for Summary Judgment based on lack of subject matter jurisdiction, a true and correct copy is attached hereto and made a part hereof "**Exhibit 3.**"

6. Judge Buckwalter's Memorandum of April 12, 2005, suggests that jurisdiction lies with the Court of Federal Claims, a true and correct copy of the Memorandum is attached hereto and made a part hereof "**Exhibit 4.**"

7. On August 15, 2005, the District Court denied Plaintiff's Motion for Reconsideration.

8. On September 16, 2005, the District Court ordered the case closed.

9. Plaintiff did not receive the District Court's Order denying Plaintiff's Motion for Reconsideration until September 16, 2005, when he simultaneously learned that the case had been closed.

**FACTS & ALLEGATIONS**

10. Plaintiff underwent an audit by the Internal Revenue Service ("IRS") commencing in February, 1991.

11. The audit concluded in April, 1991. At the conclusion of the audit, Plaintiff and the IRS reached an agreement in settlement.

12. Among the terms of the settlement agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit was that Plaintiff owed $134,058.67 plus interest for income taxes due for calendar year 1989.

13. Also among the terms agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit was that Plaintiff overpaid in the amount of $179,241.00 plus interest for income taxes due for calendar year 1986.

14. The overpayment of $179,241.00 plus interest due Plaintiff was to be paid to the Plaintiff by the IRS.

15. The Plaintiff and the IRS agreed at the conclusion of the 1991 audit that the remaining balance of $45,182.23 plus

interest (the net amount of the overpayment for TY 1986 less the agreed amount owed for TY 1989) was to be returned to Plaintiff.

16. In reliance on the 1991 agreement between Plaintiff and the IRS that the IRS was obliged to pay Plaintiff $45,182.23, Plaintiff consented to surrendering both ordinary and capital net loss carry-forwards entitled to him.

17. The terms of the agreement and settlement between the Plaintiff and the IRS at the conclusion of the 1991 audit were memorialized in an audit report executed by all parties on April 4, 1991, a true and correct copy is attached hereto and made a part hereof as **"Exhibit 5."**

18. The April 4, 1991 audit report was signed by the Plaintiff and countersigned on or about the same day by IRS agent John Bortulin.

19. After agent Bortulin and Plaintiff executed the audit report, Bortulin's supervisor countersigned the report and entered the appropriate notations on Plaintiff's income tax records as maintained by the IRS.

20. Plaintiff and the IRS bound themselves to the terms of the 1991 audit report. The IRS report and the settlement agreement contained therein placed affirmative legal duties on both parties.

21. The IRS had the affirmative duty to recognize that any income tax owed, as agreed to by Plaintiff and the IRS, for calendar year 1989 was satisfied in full by virtue of the agreed upon overpayment of income taxes for calendar year 1986.

22. The IRS had the affirmative duty to pay Plaintiff the amount of $45,182.23, representing the difference between taxes overpaid by Plaintiff for calendar year 1986 and taxes owed by agreement of Plaintiff for TY 1989.

23. Plaintiff had the affirmative duty to refrain from claiming normal and capital net operating loss carry-forwards due to him for the TYs 1986, 1987, 1988, and 1989.

24. In compliance with the agreement between Plaintiff and the IRS contained in the 1991 audit report, Plaintiff has refrained from claiming normal and capital net operating loss carry-forwards for the tax years covered in the audit.

25. The IRS has not complied with the settlement agreement between Plaintiff and the IRS contained in the 1991 audit report.

26. The IRS refuses to perform the affirmative duties placed on it by the settlement agreement contained in the 1991 audit report between Plaintiff and the IRS.

27. Rather, in contravention of the settlement, the IRS claims that Plaintiff owes income taxes for calendar year 1989.

28. In contravention of the settlement, the IRS refuses to pay Plaintiff for the overpayment for TY 1986, or credit said payment to the amount due from Plaintiff for TY 1989.

29. On April 11, 1995 Plaintiff attempted to rectify the IRS's refusal to honor the terms of the settlement by making an Offer in Compromise.

30. On August 4, 1995 the IRS rejected Plaintiff's Offer in Compromise, despite the agreed upon settlement contained in the 1991 audit report.

31. Instead, the IRS continued to insist that it did not owe Plaintiff the funds that were agreed upon for TY 1986, only that Plaintiff owed for the TY 1989.

32. Plaintiff submitted a second Offer in Compromise to the IRS, dated 2/3/99. A true and correct copy of this Offer in Compromise is attached hereto and made a part hereof as **"Exhibit 6."**

33. Plaintiff's second Offer in Compromise, like the first, was based upon the terms agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit.

34. On July 17, 2002, the IRS rejected Plaintiff's second Offer in Compromise. A true and correct copy of this rejection of Offer in Compromise is attached hereto and made a part hereof as **"Exhibit 7."**

28. In contravention of the settlement, the IRS refuses to pay Plaintiff for the overpayment for TY 1986, or credit said payment to the amount due from Plaintiff for TY 1989.

29. On April 11, 1995 Plaintiff attempted to rectify the IRS's refusal to honor the terms of the settlement by making an Offer in Compromise.

30. On August 4, 1995 the IRS rejected Plaintiff's Offer in Compromise, despite the agreed upon settlement contained in the 1991 audit report.

31. Instead, the IRS continued to insist that it did not owe Plaintiff the funds that were agreed upon for TY 1986, only that Plaintiff owed for the TY 1989.

32. On February 26, 1999, Plaintiff submitted a second Offer in Compromise to the IRS. A true and correct copy of this Offer in Compromise is attached hereto and made a part hereof as "**Exhibit 6.**"

33. Plaintiff's second Offer in Compromise, like the first, was based upon the terms agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit.

34. On July 30, 2002, the IRS rejected Plaintiff's second Offer in Compromise. A true and correct copy of this rejection of Offer in Compromise is attached hereto and made a part hereof as "**Exhibit 7.**"

## RELIEF SOUGHT

35. Paragraphs 1 through 29 are restated and re-alleged as if fully set forth herein and incorporated by reference.

36. Plaintiff has a clear legal right to have the settlement reached and agreed upon by him and the IRS honored by the Secretary of the Treasury.

37. The Secretary of the Treasury has the legal duty to perform according to the terms of the settlement between the Plaintiff and the IRS.

38. A refund suit for taxes over assessed for calendar year 1986 pursuant to 26 U.S.C. § 7422 would not be an adequate remedy for Plaintiff because neither he nor the IRS have access to the pertinent records and documents.

**WHEREFORE**, Plaintiff requests that this Court:

A. Order that the Secretary of the Treasury comply with the terms of the settlement agreement between Plaintiff and the IRS contained in the 1991 audit report;

B. Order that the Secretary of the Treasury perform the duty mandated upon him by law and recognize that the income tax liability of Plaintiff for the calendar year 1989 is satisfied by Plaintiff's overpayment of income taxes for calendar year 1986;

C. Order that the Secretary of the Treasury perform the duty mandated upon him by law and pay Plaintiff $45,182.23 plus

accrued and accumulated interest as per the terms of the settlement agreement;

D. Order such further relief that this Court deems just and equitable.

COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.

By: ______________________
WILLIAM J. HUGHES, JR.

DATED: September 28, 2005

RB

William J. Hughes, Jr., Esquire
COOPER LEVENSON APRIL NIEDELMAN
& WAGENHEIM, PA
1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
(609) 344-3161
File No.: 49297-1
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF EASTERN DISTRICT OF PENNSYLVANIA**

FILED JUL 12 2004

| | | |
|---|---|---|
| JOHN G. BERG | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| -versus- | : | No. 04cv3278 |
| | : | |
| JOHN W. SNOW, | : | **COMPLAINT** |
| Secretary of the Treasury of the | : | |
| United States of America | : | |
| | | |
| Defendant. | | |

John G. Berg ("Berg" or "Plaintiff"), a resident of the State Pennsylvania, by way of complaint against the Defendant, says as follows:

**PARTIES**

1. Plaintiff resides at Unit 59, #138 Montrose Ave., Bryn Mawr, Delaware County, Pennsylvania.

2. Defendant is John W. Snow, in his official capacity, Secretary of the Treasury of the United States of America.

**JURISDICTION & VENUE**

3. Because the nature of the relief sought by Plaintiff is mandamus, this Court has jurisdiction by way of 28 U.S.C. §§ 1361, 1651.

4. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391.

**FACTS & ALLEGATIONS**

5. Plaintiff underwent an audit by the Internal Revenue Service ("IRS") commencing in February, 1991.

6. The audit concluded in April, 1991. At the conclusion of the audit, Plaintiff and the IRS reached an agreement in settlement.

7. Among the terms of the settlement agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit was that Plaintiff was deficient in the amount of $134,058.67 plus interest for income taxes due for calendar year 1989.

8. Also among the terms agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit was that Plaintiff had been over assessed in the amount of $179,241.00 plus interest for income taxes due for calendar year 1986.

9. The over assessment of $179,241.00 plus interest due Plaintiff was to be paid to the Plaintiff by the IRS plus interest.

10. The Plaintiff and the IRS agreed at the conclusion of the 1991 audit that the remaining balance of $45,182.23 plus interest (the net amount of the over assessment for TY 1986 less the agreed assessment for TY 1989) was to be returned to Plaintiff.

11. In reliance on the 1991 agreement between Plaintiff and the IRS that the IRS was obliged to pay Plaintiff $45,182.23, Plaintiff consented to surrendering both ordinary and capital net loss carry-forwards entitled to him.

12. The terms of the agreement and settlement between the Plaintiff and the IRS at the conclusion of the 1991 audit were memorialized in an audit report executed by all parties on April 4, 1991, a true and correct copy is attached hereto and made a part hereof as "**Exhibit 1.**"

13. The April 4, 1991 audit report was signed by the Plaintiff and countersigned on or about the same day by IRS agent John Bortulin.

14. After agent Bortulin and Plaintiff executed the audit report, Bortulin's supervisor countersigned the report and entered the assessments on Plaintiff's income tax records as maintained by the IRS.

15. Plaintiff and the IRS bound themselves to the terms of the 1991 audit report. The IRS report and the settlement agreement contained therein placed affirmative legal duties on both parties.

16. The IRS had the affirmative duty recognize that any income tax liability agreed upon by Plaintiff and the IRS for calendar year 1989 was satisfied in full by virtue of the agreed upon overpayment of income taxes for calendar year 1986.

17. The IRS had the affirmative duty to pay Plaintiff the amount of $45,182.23, representing the difference between taxes over assessed and paid by Plaintiff for calendar year 1986 and taxes owed by Plaintiff for TY 1989.

18. Plaintiff had the affirmative duty to refrain from claiming normal and capital net operating loss carry-forwards due to him for the TYs 1986, 1987, 1988, and 1989.

19. In compliance with the agreement between Plaintiff and the IRS contained in the 1991 audit report, Plaintiff has refrained from claiming normal and capital net operating loss carry-forwards for the tax years covered in the audit.

20. The IRS has not complied with the settlement agreement between Plaintiff and the IRS contained in the 1991 audit report.

21. The IRS refuses to perform the affirmative duties placed on it by the settlement agreement contained in the 1991 audit report between Plaintiff and the IRS.

22. Rather, in contravention of the settlement, the IRS claims that Plaintiff is deficient for income taxes due for calendar year 1989.

23. In contravention of the settlement, the IRS refuses to pay Plaintiff for taxes over assessed for TY 1986, or credit said taxes to the amount assessed against Plaintiff for TY 1989.

24. On April 11, 1995 Plaintiff attempted to rectify the IRS's refusal to honor the terms of the settlement by making an Offer in Compromise.

25. On August 4, 1995 the IRS rejected Plaintiff's Offer in Compromise, despite the agreed upon settlement contained in the 1991 audit report.

26. Instead, the IRS continued to insist that it did not owe Plaintiff the funds that were agreed upon as being overpaid by Plaintiff for TY 1986, only that Plaintiff owed the IRS $134,058.67 for the agreed assessment for TY 1989.

27. On February 26, 1999, Plaintiff submitted a second Offer in Compromise to the IRS. A true and correct copy of this Offer in Compromise is attached hereto and made a part hereof as **"Exhibit 2."**

28. Plaintiff's second Offer in Compromise, like the first, was based upon the terms agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit.

29. On July 30, 2002, the IRS rejected Plaintiff's second Offer in Compromise. A true and correct copy of this rejection of Offer in Compromise is attached hereto and made a part hereof as **"Exhibit 3."**

## RELIEF SOUGHT

30. Paragraphs 1 through 29 are restated and re-alleged as if fully set forth herein and incorporated by this reference.

31. Plaintiff has a clear legal right to have the settlement reached and agreed upon by him and the IRS honored by the Secretary of the Treasury.

32. The Secretary of the Treasury has the legal duty to perform according to the terms of the settlement between the Plaintiff and the IRS.

33. A refund suit for taxes over assessed for calendar year 1986 pursuant to 26 U.S.C. § 7422 would not be an adequate remedy for Plaintiff because neither he nor the IRS have access to the pertinent records and documents.

**WHEREFORE**, Plaintiff requests that this Court:

A. Order that the Secretary of the Treasury comply with the terms of the settlement agreement between Plaintiff and the IRS contained in the 1991 audit report;

B. Order that the Secretary of the Treasury perform the duty mandated upon him by law and recognize that the income tax liability of Plaintiff for the calendar year 1989 is satisfied by Plaintiff's overpayment of income taxes for calendar year 1986;

C. Order that the Secretary of the Treasury perform the duty mandated upon him by law and pay Plaintiff $45,182.23 plus accrued and accumulated interest as per the terms of the settlement agreement;

D. Order such further relief that this Court deems just and equitable.

COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.

By ______________________
WILLIAM J. HUGHES JR

DATED: June 30, 2004

CPAC; 473820.1

1

INTERNAL REVENUE SERVICE
601 S. HENDERSON RD.
KING OF PRUSSIA, PA. 19406
ATTN:E1343:J8

District Director

Department of the Treasury

Telephone Number: 962-5009

Refer Reply To: E:1343:J8

Date: 4-4-91

Mr. John Berg
1201 Walton Road
Blue Bell, Pa. 19422

Dear Mr. Berg:

Enclosed are two copies of Form 4549 reflecting the results of the audit of your 1986 through 1989 tax returns that we discussed on the phone today. Please sign the original and return it to me as soon as possible. You may keep the other copy for your records.

Thank you for your time and cooperation in this matter. If you have any questions don't hesitate to call me.

Sincerely,

John Bortulin
Internal Revenue Agent
Exam Group 1343

...report supersedes report issued 3-8-91



| | | |
|---|---|---|
| Form 4549 (Rev. 8-81) | Department of the Treasury - Internal Revenue Service<br>Income Tax Examination Changes | Return Form No.<br>1040 |

| | | | |
|---|---|---|---|
| Name and Address of Taxpayers<br><br>JOHN & MAUREEN BERG<br>1201 WALTON ROAD<br>BLUE BELL, PA 19422 | S.S. or E.I. Number<br>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 | | Filing Status<br>JOINT |
| | Person with Whom Examination Changes were Discussed | Name and Title<br><br>Taxpayer | |

| 1. Adjustments to Income | Year: 8612 | Year: 8712 | Year: 8812 |
|---|---|---|---|
| a. SCHEDULE C CONTRACT PAYMENTS | 497,876.00 | | 262,662.00 |
| b. SCHEDULE D | (2,847,985.00) | | |
| c. GAIN ON FORGIVENESS OF DEBT | 560,382.00 | | |
| d. NOL DEDUCTION | 1,237,850.00 | 2,082,108.00 | 2,081,108.00 |
| e. SCHEDULE C | | (935,475.00) | |
| f. | | | |
| 2. Total Adjustments | (551,877.00) | 1,146,633.00 | 2,343,770.00 |
| 3. Adjusted Gross, Taxable or Tax Table Income Shown on Return or as Previously Adjusted | (1,105,257.00) | (2,191,088.00) | (3,453,677.00) |
| 4. Corrected Adjusted Gross, Taxable or Tax Table | (1,607,134.00) | (1,044,455.00) | (1,109,907.00) |
| 5. Tax | 0.00 | 0.00 | 0.00 |
| 6. Alternative Tax | 0.00 | 0.00 | 0.00 |
| 7. Corrected Tax Liability | 0.00 | 0.00 | 0.00 |
| 8. Less Credits | 0.00 | 0.00 | 0.00 |
| 9. Balance | 0.00 | 0.00 | 0.00 |
| 10. Plus Other Taxes ALTERNATIVE MINIMUM TAX | 0.00 | 0.00 | 0.00 |
| 11. Total Corrected Tax Liability | 0.00 | 0.00 | 0.00 |
| 12. Total Tax Shown on the Return or as Previously Adjusted | 179,241.00 | 0.00 | 0.00 |
| 13. Deficiency - Increase in Tax or (Overassessment) | (179,241.00) | 0.00 | 0.00 |
| 14. Adjustments to Prepayment Credits | 0.00 | 0.00 | 0.00 |
| 15. Balance Due or (Overpayment), Not including Interest | (179,241.00) | 0.00 | 0.00 |
| 16. Penalties | | | |

Other Information:
ON 12-24-87 YOU FILED CLAIM FORM 1040-X FOR A REFUND OF $179,241 FOR 1986. AS THE RESULT OF OUR EXAMINATION, WE HAVE ALLOWED YOUR CLAIM IN FULL. HOWEVER OTHER ADJUSTMENTS ARE INCLUDED ON THIS REPORT.

| Examiner's Signature | District | Date |
|---|---|---|
| [signature] | Philadelphia, PA | 4-4-91 |

Consent to Assessment and Collection - I do not wish to exercise my appeals rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

| Signature of Taxpayer | Date | Signature of Taxpayer | Date |
|---|---|---|---|
| [signature] | | | |
| By | | Title | Date |

Form 1549 (Rev. 8-84) — Department of the Treasury - Internal Revenue Service — Income Tax Examination Changes — Return Form No. 1040

| Name and Address of Taxpayers | S.S. or E.I. Number | Filing Status |
|---|---|---|
| JOHN & MAUREEN BERG<br>1201 WALTON ROAD<br>BLUE BELL, PA 19422 | 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 | JOINT |
| | Person with Whom Examination Changes were Discussed | Name and Title: Taxpayer |

| 1. Adjustments to Income | Year: 8912 | Year: | Year: |
|---|---|---|---|
| a. NOL DEDUCTION | 438,954.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| 2. Total Adjustments | 438,954.00 | | |
| 3. Adjusted Gross, Taxable or Tax Table Income Shown on Return or as Previously Adjusted | 0.00 | | |
| 4. Corrected Adjusted Gross, Taxable or Tax Table | 438,954.00 | | |
| 5. Tax | 124,027.00 | | |
| 6. Alternative Tax | 0.00 | | |
| 7. Corrected Tax Liability | 124,027.00 | | |
| 8. Less Credits | 0.00 | | |
| 9. Balance | 124,027.00 | | |
| 10. Plus Other Taxes ALTERNATIVE MINIMUM TAX | 0.00 | | |
| 11. Total Corrected Tax Liability | 124,027.00 | | |
| 12. Total Tax Shown on the Return or as Previously Adjusted | 24,468.00 | | |
| 13. Deficiency - Increase in Tax or (Overassessment) | 99,559.00 | | |
| 14. Adjustments to Prepayment Credits | 0.00 | | |
| 15. Balance Due or (Overpayment), Not including Interest | 99,559.00 | | |
| 16. Penalties | | | |

Other Information:

| Examiner's Signature | District | Date |
|---|---|---|
| [signature] | Philadelphia, PA | 4-4-91 |

Consent to Assessment and Collection - I do not wish to exercise my appeals rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

| Signature of Taxpayer | Date | Signature of Taxpayer | Date |
|---|---|---|---|
| [signature] | | | |
| By | | Title | Date |

| Form 886-A | EXPLANATION OF ITEMS | Schedule No. or Exhibit 30/12 |
|---|---|---|
| Name of Taxpayer John & Maureen Berg | | Year/Period 1986 -- 1989 |

**Schedule C Contract Payments**

The restitution payments paid are not deductible under Treasury Regulation 1.162-21(b)(1)(i). In H. Waldman, 88 TC 1384, Dec. 43,932, Affd. per curiam, Ca-9, 88-2 USTC 9424, it was ruled that restitution payments ordered by the Court after a guilty plea are not deductible.

**Schedule D (1986)**

The long term capital losses identified as "loss on forgiveness of debt" are actually bad debts and should be deducted as short term capital losses rather then long term capital losses.

The following were converted from long term to short term losses:

| | |
|---|---|
| Loss on forgiveness of debt - American Real Estate Associates Inc. | (1,003,600) |
| Loss on forgiveness of debt - First Philadelphia Real Inc. | (1,245,650) |
| Loss on forgiveness of debt - Corporate Support Services | ( 16,198) |

The long term gain desig ted "John G. Berg Associates - Forgiveness of debt" is income from cancellat of indebtedness. This should be treated as ordinary income rather then a c ital gain.

See copy of corrected Form Schedule D.

**Gain on Forgiveness of Debt**

See above.

**NOL Deduction**

Based on adjustments made the NOL's were adjusted. Also, NOL carryforwards were adjusted by the amount of restitution payments deducted in 1984 and 1985. These were $774,974 and $ 512,876 respectively. See calculation of corrected NOL's.

**Schedule C (1987)**

The adjustment is to correct an error which occured at the Philadelphia Service Center when the return was processed. Apparently the net Schedule C loss as reported was not posted. The taxable income figure (line 3, Form 4549) reflects this. The purpose of this adjustment is to make the revenue agent's report agree with the return as it is reflected in the computer. The adjustment has no effect on the return as filed.

6

BERG
1040 8612-8912

JB
12-19-90

NET OPERATING LOSSES AS ADJUSTED

| | | |
|---|---|---|
| BALANCE 1/1/84 (NOLD) | | (1,860,166) |
| NOL - 1983 - MAUREEN BERG | | (82,542) |
| BALANCE - ADJUSTED 1/1/84 | | (1,942,708) |
| (1) NET OPERATING LOSS - 1984 (AS ADJUSTED) | | (2,664,167) |
| BALANCE 1/1/85 (NOLD) | | (4,606,875) |
| (1) INCOME - 1985 (AS ADJUSTED) | | 2,506,128 |
| BALANCE 1/1/86 (NOLD) | | (2,100,747) |
| (1) INCOME - 1986 (AS CORRECTED, CLAIM ALLOWED) | 695,198 | |
| (2) 1202 DEDUCTION (AS CORRECTED, CLAIM ALLOWED) | 1,286,459 | 1,981,657 |
| BALANCE 1/1/87 (NOLD) | | (119,090) |
| NET OPERATING LOSS - 1987 | | (915,905) |
| BALANCE 1/1/88 (NOLD) | | (1,034,995) |
| (1) INCOME - 1988 (AS CORRECTED) | | (66,012) |
| BALANCE 1/1/89 (NOLD) | | (1,101,007) |
| INCOME - 1989 | | 1,765,940 |
| BALANCE 1/1/90 (NOLD) | | 0 |

| | 8612 | 8712 | 8812 | 8912 |
|---|---|---|---|---|
| NOL DEDUCTION PER RETURN | 3,388,597 | 2,201,198 | 3,116,103 | 1,539,961 |
| NOL DEDUCTION ALLOWABLE | 2,100,747 | 119,090 | 1,034,995 | 1,101,007 |
| ADJUSTMENT | 1,287,850 | 2,082,108 | 2,081,108 | 438,954 |

(1) See Page 7
(2) See Page 5

SCHEDULE D (Form 1040)

Department of the Treasury Internal Revenue Service (X)

# Capital Gains and Losses and Reconciliation of Forms 1099-B

► Attach to Form 1040. ► See Instructions for Schedule D (Form 1040).

For Paperwork Reduction Act Notice, see Form 1040 Instructions.

OMB No. 1545-0074

1986

Attachment Sequence No. 12

Name(s) as shown on Form 1040 | Your social security number

1 Report here, the total sales of stocks, bonds, etc., reported for 1986 by your broker to you on Form(s) 1099-B or an equivalent substitute statement(s) . . . . . . . . . . 1

If this amount differs from the total of lines 2b and 9b, column (d), attach a statement explaining the difference. See the instructions for line 1, Schedule D (Form 1040) for examples.

## Part I Short-term Capital Gains and Losses—Assets Held Six Months or Less

| (a) Description of property (Example, 100 shares 7% preferred of "Z" Co.) | (b) Date acquired (Mo., day, yr.) | (c) Date sold (Mo., day, yr.) | (d) Sales price (see instructions) | (e) Cost or other basis (see instructions) | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|
| **2a Form 1099-B Transactions (Sales of Stocks, Bonds, etc.):** | | | | | | |
| Per Return | | | | | | 63,000 |
| Per Return | | | | | | 2716,432 |
| LT converted to ST | | | | | 2,265,448 | |
| (1,002,400+1,245,650+17,198) | | | | | | |
| **2b Total (add column (d))** ► | | | | | | |
| **2c Other Transactions:** | | | | | | |

| | | | |
|---|---|---|---|
| 3 Short-term gain from sale or exchange of a principal residence from Form 2119, lines 6 or 12 | 3 | | |
| 4 Short-term gain from installment sales from Form 6252, lines 22 or 30 | 4 | | |
| 5 Net short-term gain or (loss) from partnerships, S corporations, and fiduciaries | 5 | 277,672 | |
| 6 Short-term capital loss carryover from years beginning after 1969 | 6 | 284,704 * | |
| 7 Add all of the transactions on lines 2a and 2c and lines 3 through 6 in columns (f) and (g) | 7 | (2,927,824) | 2,779,632 |
| 8 Net short-term gain or (loss), combine columns (f) and (g) of line 7 | 8 | | 148,191 |

## Part II Long-term Capital Gains and Losses—Assets Held More Than Six Months

| (a) | (b) | (c) | (d) | (e) | (f) | (g) |
|---|---|---|---|---|---|---|
| **9a Form 1099-B Transactions (Sales of Stocks, Bonds, etc.):** | | | | | | |
| Per Return | | | | | | 3,379,652 |
| Add LT converted to ST | | | | | | 2,265,448 |
| Less LT converted to Ordinary | | | | | | < 560,382 > |
| **9b Total (add column (d))** ► | | | | | | |
| **9c Other Transactions:** | | | | | | |

| | | | |
|---|---|---|---|
| 10 Long-term gain from sale or exchange of a principal residence from Form 2119, lines 6, 8, or 12 | 10 | | |
| 11 Long-term gain from installment sales from Form 6252, lines 22 or 30 | 11 | | |
| 12 Net long-term gain or (loss) from partnerships, S corporations, and fiduciaries | 12 | | |
| 13 Capital gain distributions | 13 | | |
| 14 Enter gain from Form 4797, lines 6 or 8 | 14 | | |
| 15 Long-term capital loss carryover from years beginning after 1969 | 15 | 2,940,605 * | |
| 16 Add all of the transactions on lines 9a and 9c and lines 10 through 15 in columns (f) and (g) | 16 | (2,940,605) | 5,084,704 |
| 17 Net long-term gain or (loss), combine columns (f) and (g) of line 16 | 17 | | 2,144,099 |

Schedule D (Form 1040) 1986



* Per Claim Form 1040-X

Schedule D (Form 1040) 1986 — Attachment Sequence No. 12 — Page 2

**Note:** *If you have capital loss carryovers from years beginning before 1970, do not complete Parts III or IV. See Form 4798 instead.*

Name(s) as shown on Form 1040 (Do not enter name and social security number if shown on other side.) | Your social security number

## Part III Summary of Parts I and II

| Line | Description | No. | Amount |
|---|---|---|---|
| 18 | Combine lines 8 and 17, and enter the net gain or (loss) here | 18 | 2,292,290 |
| | Note: *If line 18 is a loss, skip lines 19 through 21 and complete lines 22 and 23. If line 18 is a gain, complete lines 19 through 21 and skip lines 22 and 23.* | | |
| 19 | If line 18 shows a gain, enter the smaller of line 17 or line 18. Enter zero if there is a loss or no entry on line 17 — 19: 2,144,099 | | |
| 20 | Enter 60% of line 19 | 20 | 1,286,459 |
| | *If line 20 is more than zero, you may be liable for the alternative minimum tax. See Form 6251.* | | |
| 21 | Subtract line 20 from line 18. Enter here and on Form 1040, line 13 | 21 | 1,005,831 |
| 22 | If line 18 shows a loss, enter one of the following amounts: | | |
| a | If line 8 is zero or a net gain, enter 50% of line 18; | | |
| b | If line 17 is zero or a net gain, enter line 18; or | | |
| c | If line 8 and line 17 are net losses, enter amount on line 8 added to 50% of the amount on line 17 | 22 | |
| 23 | Enter here and as a loss on Form 1040, line 13, the smallest of: | | |
| a | The amount on line 22; | | |
| b | $3,000 ($1,500 if married and filing a separate return); or | | |
| c | Taxable income, as adjusted (see instructions) | 23 | |

## Part IV Computation of Post-1969 Capital Loss Carryovers From 1986 to 1987

(Complete this part if the loss on line 22 is more than the loss on line 23)

| Line | Description | No. | Amount |
|---|---|---|---|
| 24 | Enter loss shown on line 8; if none, enter zero and skip lines 25 through 28, then go to line 29 | 24 | |
| 25 | Enter gain shown on line 17. If that line is blank or shows a loss, enter zero | 25 | |
| 26 | Subtract line 25 from line 24 | 26 | |
| 27 | Enter smaller of line 23 or line 26 | 27 | |
| 28 | Subtract line 27 from line 26. This is your short-term capital loss carryover from 1986 to 1987 | 28 | |
| 29 | Subtract line 27 from line 23. (Note: If you skipped lines 25 through 28, enter amount from line 23.) | 29 | |
| 30 | Enter loss from line 17; if none, enter zero and skip lines 31 through 34 | 30 | |
| 31 | Enter gain shown on line 8. If that line is blank or shows a loss, enter zero | 31 | |
| 32 | Subtract line 31 from line 30 | 32 | |
| 33 | Multiply amount on line 29 by 2 | 33 | |
| 34 | Subtract line 33 from line 32. This is your long-term capital loss carryover from 1986 to 1987 | 34 | |

## Part V Complete This Part Only if You Elect Out of the Installment Method and Report a Note or Other Obligation at Less Than Full Face Value

Check here if you elect out of the installment method ▶ ☐

Enter the face amount of the note or other obligation. ▶

Enter the percentage of valuation of the note or other obligation. ▶

## Part VI Reconciliation of Forms 1099-B For Bartering Transactions

Complete this part if you received one or more Form(s) 1099-B or an equivalent substitute statement(s) reporting bartering income. Enter the amount on the line that indicates the form or schedule you used to report the bartering income.

| Line | Description | No. | Amount of bartering from Form 1099-B or equivalent statement |
|---|---|---|---|
| 35 | Form 1040, line 22 | 35 | |
| 36 | Schedule C (Form 1040) | 36 | |
| 37 | Schedule D (Form 1040) | 37 | |
| 38 | Schedule E (Form 1040) | 38 | |
| 39 | Schedule F (Form 1040) | 39 | |
| 40 | Other (identify) (if not taxable, indicate reason—attach additional sheets if necessary) ▶ | 40 | |
| 41 | Total (add lines 35 through 40) | 41 | |

**Note:** *The amount on line 41 should be the same as the total bartering on all Forms 1099-B or equivalent statements received.*

Per Return 3,853,816

As Corrected 1,005,831

Adjustment (2,847,985)

Berg[?]

1040    8412:8812[?]    JG[?]

NOL Calculation    4-1-[?]

| | | |
|---|---|---|
| Income - 1984 (As corrected) | | |
| Interest | 4707 | |
| Dividends | 4788 | |
| Sch C (as corrected) | ⟨1149927⟩ | (774,774 disallowed) |
| Sch E | ⟨1523735⟩ | |
| Total | ⟨2664167⟩ | |
| | | |
| Income - 1985 (As corrected) | | |
| Interest | 390 | |
| Dividends | 84 | |
| Sch C (as corrected) | 236446 | (512,[illegible] disallowed) |
| Sch E | 2269204 | |
| Total | 2506124 | |
| | | |
| Income - 1986 (As corrected) | | |
| Interest | 170135 | |
| Sch C (as corrected) | ⟨536484⟩ | |
| Sch D (as corrected, claim allowed) | 1005231 | |
| Sch E | ⟨504666⟩ | |
| Gain on Forgiveness of Debt (as corrected) | 560782 | |
| Total | 695198 | |
| | | |
| Income - 1987 (Per return) | ⟨915905⟩ | |
| | | |
| Income - 1988 (As corrected) | | |
| Interest | 3521 | |
| Sch C (As corrected) | ⟨293624⟩ | |
| Sch D | 12262 | |
| F-4797 | 57323 | |
| Sch E | 154506 | |
| Total | ⟨66012⟩ | |
| | | |
| Income - 1989 (Per Return) | 1765940 | |

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax Computation

▶ Attach to Forms 1040, 1040NR, 1041 or 990-T (Trust).

OMB No. 1545-0227

1986

Attachment Sequence No. 32

Name(s) as shown on tax return | Identifying number

| Line | Description | Inner box | Inner amount | Box | Amount |
|---|---|---|---|---|---|
| 1 | Adjusted gross income (see instructions) | | | 1 | (1405549) |
| 2 | Deductions (Individuals, attach Schedule A (Form 1040))(see instructions): | | | | |
| a (1) | Medical and dental expense from Schedule A, line 5 | 2a(1) | | | |
| (2) | Multiply Form 1040, line 33, by 5% (.05) | 2a(2) | | | |
| (3) | Subtract line 2a(2) from line 2a(1). (If zero or less, enter zero.) | 2a(3) | | | |
| b | Contributions from Schedule A, line 18, OR Form 1040, line 34d | 2b | | | |
| c | ~~Casualty and theft losses from Schedule A, line 19~~ AMT. NOLD carrybacks * | 2c | 1263281 | | |
| d | Qualified interest on property used as a residence (see instructions) | 2d | 48492 | | |
| e (1) | Interest, other than line 2d above, from Schedule A, line 14 | 2e(1) | 140614 | | |
| (2) | Net investment income (If zero or less, enter zero) | 2e(2) | 233335 | | |
| (3) | Enter the smaller of line 2e(1) or line 2e(2) | 2e(3) | 140614 | | |
| f | Gambling losses to the extent of gambling winnings from Schedule A, line 22 | 2f | | | |
| g | Estate tax allowable under section 691(c) from Schedule A | 2g | | | |
| h | Estates and trusts only: Charitable deduction and income distribution deduction | 2h | | | |
| i | Add lines 2a(3), b, c, d, e(3), f, g, and h | | | 2i | 1452,388 |
| 3 | Subtract line 2i from line 1 | | | 3 | (2861937) |
| 4 | Tax preference items: | | | | |
| a | Dividend exclusion | 4a | | | |
| b | 60% capital gain deduction | 4b | 1,286,459 | | |
| c | Accelerated depreciation on nonrecovery real property or 15-, 18-, or 19-year real property | 4c | 1202 | | |
| d | Accelerated depreciation on leased personal property or leased recovery property other than 15-, 18-, or 19-year real property | 4d | | | |
| e | Amortization of certified pollution control facilities | 4e | | | |
| f | Mining exploration and development costs | 4f | | | |
| g | Circulation and research and experimental expenditures | 4g | | | |
| h | Reserves for losses on bad debts of financial institutions | 4h | | | |
| i | Depletion | 4i | | | |
| j | Incentive stock options | 4j | | | |
| k | Intangible drilling costs | 4k | | | |
| l | Add lines 4a through 4k | | | 4l | 1,287,661 |
| 5 | Alternative minimum taxable income (add lines 3 and 4(l)) (short period returns, see instructions) | | | 5 | (1,574,276) |
| 6 | Enter: $40,000, if married filing joint return or Qualifying widow(er). $30,000, if single or head of household. $20,000, if married filing separate return or estate or trust | | | 6 | 40000 |
| 7 | Subtract line 6 from line 5. If zero or less, do not complete the rest of this form | | | 7 | -0- |
| 8 | Enter 20% of line 7 | | | 8 | |
| 9 | Amount from Form 1040, line 49, or Form 1040NR, line 49. (Do not include Form 1040, line 39, or Form 1040NR, line 40.) (Estates and trusts, see instructions.) | | | 9 | |
| 10 | Subtract line 9 from line 8. If zero or less, enter zero | | | 10 | |
| 11 | Foreign tax credit | | | 11 | |
| 12 | ALTERNATIVE minimum tax (subtract line 11 from line 10). Enter on your tax return, on the line identified as alternative minimum tax | | | 12 | |

## Instructions

*(Section references are to the Internal Revenue Code)*

**Paperwork Reduction Act Notice.**—We ask for this information to carry out the Internal Revenue laws of the United States. We need it to ensure that taxpayers are complying with these laws and to allow us to figure and collect the right amount of tax. You are required to give us this information.

**Who Must File.**—File this form if: (a) You are liable for the alternative minimum tax; or (b) you have one or more tax preference items on lines 4c through 4k; or (c) your adjusted gross income is more than line 6 and you have an amount on line 2e(3), and line 2e(2) includes income other than interest and dividend income.

Individuals, estates or trusts may be liable if their adjusted gross income plus tax preference items listed on line 4 total more than line 6.

For more information, see Publication 909, Alternative Minimum Tax.

**Minimum Tax Deferred From Earlier Year(s).**—If a net operating loss carryover from an earlier year(s) reduces taxable income for 1986 and the net operating loss giving rise to the carryover resulted in the deferral of minimum tax in that earlier year(s), all or part of the deferred minimum tax may be includible as tax liability for 1986. Figure the deferred minimum tax in the worksheet in Publication 909 and enter it on Form 1040, line 51, or Form 1041, line 31. Write "Deferred Minimum Tax."

**Partners, Beneficiaries, etc.**—If you are a:

*(1)* Partner or shareholder of an S corporation, take into account separately your distributive share of items of income and deductions that enter into the computation of tax preference items.

*(2)* Beneficiary of an estate or trust, see section 58(c) and the line 4(l) instructions.

*(3)* Participant in a common trust fund, see section 58(e).

*(4)* Shareholder or holder of beneficial interest in a regulated investment company or a real estate investment trust, see section 58(f).

**Carryback and Carryover of Unused Credits.**—It may be necessary to figure the carryback or carryover of certain unused credits. See section 55(c)(3).

**Note:** *If you have an earned income credit, you must reduce that credit by any alternative minimum tax.*

## Line-by-Line Instructions

**Line 1, Estates and Trusts.**—Adjusted gross income is figured in the same way as for an

* 8713 → (1,405,112)

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax—Individuals

▶ See separate instructions.

▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 1545-0227

**1987**

Attachment Sequence No. 32

Name(s) as shown on Form 1040

Your social security number

| Line | Description | Box | Amount | Box | Amount |
|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 36 (can be less than zero) | | | 1 | ⟨1,976,170⟩ |
| 2 | Net operating loss deduction (Do not enter as a negative amount) | | | 2 | 119,090 |
| 3 | Add lines 1 and 2 | | | 3 | ⟨1,857,080⟩ |
| 4 | Adjustments: (See instructions before completing.) | | | | |
| a | Standard deduction from Form 1040, line 33b | 4a | | | |
| b | Medical and dental expense | 4b | | | |
| c | Miscellaneous itemized deductions from Schedule A, line 24 | 4c | | | |
| d | Taxes from Schedule A, line 8 | 4d | | | |
| e | Interest from Schedule A, line 12b | 4e | | | |
| f | Other interest adjustments | 4f | | | |
| g | Depreciation of property placed in service after 1986 | 4g | | | |
| h | Circulation and research and experimental expenditures paid or incurred after 1986 | 4h | | | |
| i | Mining exploration and development costs paid or incurred after 1986 | 4i | | | |
| j | Long-term contracts entered into after 2/28/86 | 4j | | | |
| k | Pollution control facilities placed in service after 1986 | 4k | | | |
| l | Installment sales of certain property | 4l | | | |
| m | Basis adjustment | 4m | | | |
| n | Certain loss limitations | 4n | | | |
| o | Tax shelter farm loss | 4o | | | |
| p | Passive activity loss | 4p | | | |
| q | Beneficiaries of estates and trusts | 4q | | | |
| r | Personal exemptions (see instructions) | 4r | 5700 | | |
| s | Total adjustments (combine lines 4a through 4r) | | | 4s | 5700 |
| 5 | Tax preference items: (See instructions before completing.) | | | | |
| a | Accelerated depreciation of real property placed in service before 1987 | 5a | 646269 | | |
| b | Accelerated depreciation of leased personal property placed in service before 1987 | 5b | | | |
| c | Amortization of certified pollution control facilities placed in service before 1987 | 5c | | | |
| d | Appreciated property charitable deduction | 5d | | | |
| e | Incentive stock options | 5e | | | |
| f | Tax-exempt interest from private activity bonds issued after August 7, 1986 | 5f | | | |
| g | Intangible drilling costs | 5g | | | |
| h | Depletion | 5h | | | |
| i | Reserves for losses on bad debts of financial institutions | 5i | | | |
| j | Total tax preference items (add lines 5a through 5i) | | | 5j | 646269 |
| 6 | Combine lines 3, 4s, and 5j | | | 6 | ⟨1,205,111⟩ |
| 7 | Alternative tax net operating loss deduction (Do not enter more than 90% of line 6.) | | | 7 | -0- |
| 8 | Alternative minimum taxable income (subtract line 7 from line 6) | | | 8 | ⟨1,205,111⟩ |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000 |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000 |
| 11 | Subtract line 10 from line 8. If zero or less, enter zero | | | 11 | -0- |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | -0- |
| 13 | Subtract line 12 from line 9. If zero or less, enter zero | | | 13 | 40000 |
| 14 | Subtract line 13 from line 8. If zero or less, enter zero | | | 14 | -0- |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | -0- |
| 16 | Alternative minimum tax foreign tax credit | | | 16 | -0- |
| 17 | Tentative minimum tax (subtract line 16 from line 15) | | | 17 | -0- |
| 18 | Regular tax before credits (Form 1040, line 37) minus foreign tax credit (Form 1040, line 44) | | | 18 | -0- |
| 19 | Alternative minimum tax (subtract line 18 from line 17). Enter on Form 1040, line 49 | | | 19 | -0- |

For Paperwork Reduction Act Notice, see separate instructions.

Form 6251 (1987)

10 c/

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax—Individuals

▶ See separate Instructions.

▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 1545-0227

**1988**

Attachment Sequence No. 32

Name(s) as shown on Form 1040

Your social security number

| Line | Description | Box | Amount | Box | Amount |
|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 37 (can be less than zero) | | | 1 | <1,104,907> |
| 2 | Net operating loss deduction. (Do not enter as a negative amount.) | | | 2 | 1,034,995 |
| 3 | Add lines 1 and 2 | | | 3 | <69912> |
| 4 | Adjustments: (See line-by-line instructions before completing.) | | | | |
| a | Standard deduction from Form 1040, line 34 | 4a | | | |
| b | Personal exemption amount from Form 1040, line 36 | 4b | 3900 | | |
| c | Medical and dental expense | 4c | | | |
| d | Miscellaneous itemized deductions from Schedule A, line 24 | 4d | | | |
| e | Taxes from Schedule A, line 8 | 4e | | | |
| f | Refund of taxes | 4f | ( ) | | |
| g | Interest from Schedule A, line 12b | 4g | | | |
| h | Other interest adjustments | 4h | | | |
| i | Combine lines 4a through 4h | | | 4i | 3900 |
| j | Depreciation of property placed in service after 1986 | 4j | | | |
| k | Circulation and research and experimental expenditures paid or incurred after 1986 | 4k | | | |
| l | Mining exploration and development costs paid or incurred after 1986 | 4l | | | |
| m | Long-term contracts entered into after 2/28/86 | 4m | | | |
| n | Pollution control facilities placed in service after 1986 | 4n | | | |
| o | Installment sales of certain property | 4o | | | |
| p | Adjusted gain or loss | 4p | | | |
| q | Certain loss limitations | 4q | | | |
| r | Tax shelter farm loss | 4r | | | |
| s | Passive activity loss | 4s | | | |
| t | Beneficiaries of estates and trusts | 4t | | | |
| u | Combine lines 4j through 4t | | | 4u | |
| 5 | **Tax preference items:** (See line-by-line instructions before completing.) | | | | |
| a | Appreciated property charitable deduction | 5a | | | |
| b | Tax-exempt interest from private activity bonds issued after August 7, 1986 | 5b | | | |
| c | Depletion | 5c | | | |
| d | Add lines 5a through 5c | | | 5d | |
| e | Accelerated depreciation of real property placed in service before 1987 | 5e | 3841 | | |
| f | Accelerated depreciation of leased personal property placed in service before 1987 | 5f | | | |
| g | Amortization of certified pollution control facilities placed in service before 1987 | 5g | | | |
| h | Incentive stock options. See instructions | 5h | | | |
| i | Intangible drilling costs | 5i | | | |
| j | Reserves for losses on bad debts of financial institutions | 5j | | | |
| k | Add lines 5e through 5j | | | 5k | 3841 |
| 6 | Combine lines 3, 4i, 4u, 5d, and 5k | | | 6 | <62171> |
| 7 | Alternative tax net operating loss deduction. (Do not enter more than 90% of line 6.) See instructions | | | 7 | -0- |
| 8 | Alternative minimum taxable income (subtract line 7 from line 6). If married filing separate returns, see instructions | | | 8 | <62171> |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000 |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000 |
| 11 | Subtract line 10 from line 8. If -0- or less, enter -0- here and on line 12 and go to line 13. If this line is more than -0-, go to line 12 | | | 11 | -0- |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | -0- |
| 13 | Subtract line 12 from line 9. If -0- or less, enter -0- | | | 13 | 40000 |
| 14 | Subtract line 13 from line 8. If -0- or less, enter -0- here and on line 19. If this line is more than -0-, go to line 15 | | | 14 | -0- |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | -0- |
| 16 | Alternative minimum tax foreign tax credit. See instructions | | | 16 | -0- |
| 17 | Tentative minimum tax (subtract line 16 from line 15) | | | 17 | -0- |
| 18 | Regular tax before credits (Form 1040, line 38) minus foreign tax credit (Form 1040, line 43). See instructions | | | 18 | -0- |
| 19 | Alternative minimum tax (subtract line 18 from line 17). Enter on Form 1040, line 49. If -0- or less, enter -0- | | | 19 | -0- |

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax—Individuals

▶ See separate instructions.

▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 15
198
Attachment Sequence No

Name(s) shown on Form 1040

Your social security number

| Line | Description | Box | Sub-amount | Box | Amount |
|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 37 (can be less than zero) | | | 1 | 438,95 |
| 2 | Net operating loss deduction, if any, from Form 1040, line 22. (Enter as a positive amount.) | | | 2 | 1,101,00 |
| 3 | Add lines 1 and 2 | | | 3 | 1,539,96 |
| 4 | Adjustments: (See Instructions before completing.) | | | | |
| a | Standard deduction, if applicable, from Form 1040, line 34 | 4a | | | |
| b | Personal exemption amount from Form 1040, line 36 | 4b | 4000 | | |
| c | Medical and dental expense | 4c | | | |
| d | Miscellaneous itemized deductions from Schedule A (Form 1040), line 24 | 4d | | | |
| e | Taxes from Schedule A (Form 1040), line 8 | 4e | 5482 | | |
| f | Refund of taxes | 4f | ( ) | | |
| g | Personal interest from Schedule A (Form 1040), line 12b | 4g | 2659 | | |
| h | Other interest adjustments | 4h | | | |
| i | Combine lines 4a through 4h | | | 4i | 12,141 |
| j | Depreciation of property placed in service after 1986 | 4j | | | |
| k | Circulation and research and experimental expenditures paid or incurred after 1986 | 4k | | | |
| l | Mining exploration and development costs paid or incurred after 1986 | 4l | | | |
| m | Long-term contracts entered into after 2/28/86 | 4m | | | |
| n | Pollution control facilities placed in service after 1986 | 4n | | | |
| o | Installment sales of certain property | 4o | | | |
| p | Adjusted gain or loss | 4p | | | |
| q | Certain loss limitations | 4q | | | |
| r | Tax shelter farm loss | 4r | | | |
| s | Passive activity loss | 4s | | | |
| t | Beneficiaries of estates and trusts | 4t | | | |
| u | Combine lines 4j through 4t | | | 4u | |
| 5 | Tax preference items: (See Instructions before completing.) | | | | |
| a | Appreciated property charitable deduction | 5a | | | |
| b | Tax-exempt interest from private activity bonds issued after 8/7/86 | 5b | | | |
| c | Depletion | 5c | | | |
| d | Add lines 5a through 5c | | | 5d | |
| e | Accelerated depreciation of real property placed in service before 1987 | 5e | | | |
| f | Accelerated depreciation of leased personal property placed in service before 1987 | 5f | | | |
| g | Amortization of certified pollution control facilities placed in service before 1987 | 5g | | | |
| h | Intangible drilling costs | 5h | | | |
| i | Add lines 5e through 5h | | | 5i | |
| 6 | Combine lines 3, 4i, 4u, 5d, and 5i | | | 6 | 1,552,102 |
| 7 | Alternative tax net operating loss deduction. (Do not enter more than 90% of line 6.) See Instructions | | | 7 | 1,088,866 |
| 8 | Alternative minimum taxable income (subtract line 7 from line 6). If married filing a separate return, see Instructions. | | | 8 | 463,236 |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000 |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000 |
| 11 | Subtract line 10 from line 8. If the result is -0- or less, enter -0- here and on line 12 and go to line 13 | | | 11 | 313236 |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | 78309 |
| 13 | Subtract line 12 from line 9. If the result is -0- or less, enter -0-. If completing this form for a child under age 14, see the Instructions for the amount to enter on this line | | | 13 | -0- |
| 14 | Subtract line 13 from line 8. If the result is -0- or less, enter -0- here and on line 19 | | | 14 | 463236 |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | 97280 |
| 16 | Alternative minimum tax foreign tax credit. See Instructions | | | 16 | -0- |
| 17 | Tentative minimum tax (subtract line 16 from line 15) | | | 17 | 97280 |
| 18 | Enter your tax from Form 1040, line 38, minus any foreign tax credit on Form 1040, line 43. If an amount is entered on line 39 of Form 1040, see Instructions | | | 18 | 124027 |
| 19 | Alternative minimum tax (subtract line 18 from line 17). Enter on Form 1040, line 49. If the result is -0- or less, enter -0-. If completing this form for a child under age 14, see the Instructions for the amount to enter | | | 19 | -0- |

For Paperwork Reduction Act Notice, see separate Instructions.

Form 6251

* 1,101,007

Name of Taxpayer: John & Maureen Berg — Schedule 12 of 12
ID Number:

1989 TAX YEAR INTEREST COMPUTATION

| | | | |
|---|---|---|---|
| 10/15/90 to 12/31/90 | 11% compound interest | 2,337 | |
| 1/01/91 to 3/31/91 | 11% compound interest | 2,801 | |
| 4/01/91 to 5/05/91 | 10% compound interest | 1,009 | |
| | Total Interest | | 6,147 |
| Tax Due | | 99,559 | |
| Plus: Interest 10/15/90 to 5/05/91 | | 6,147 | |
| AMOUNT DUE | | | 105,706 |

Name of Taxpayer: John & Maureen Berg

1986 TAX YEAR INTEREST CALCULATION

| | | | |
|---|---|---|---|
| 10/15/87 to 12/31/87 | 9% compound interest | 3,435 | |
| 01/01/88 to 03/31/88 | 10% compound interest | 4,560 | |
| 04/01/88 to 06/30/88 | 9% compound interest | 4,248 | |
| 07/01/88 to 09/30/88 | 9% compound interest | 4,393 | |
| 10/01/88 to 12/31/88 | 10% compound interest | 4,999 | |
| 01/01/89 to 03/31/89 | 10% compound interest | 4,958 | |
| 04/01/89 to 06/30/89 | 11% compound interest | 5,722 | |
| 07/01/89 to 09/30/89 | 11% compound interest | 5,947 | |
| 10/01/89 to 12/31/89 | 10% compound interest | 5,612 | |
| 01/01/90 to 03/31/90 | 10% compound interest | 5,569 | |
| 04/01/90 to 06/30/90 | 10% compound interest | 5,772 | |
| 07/01/90 to 09/30/90 | 10% compound interest | 6,116 | |
| 10/01/90 to 12/31/90 | 10% compound interest | 6,140 | |
| 01/01/91 to 03/31/91 | 10% compound interest | 6,158 | |
| 04/01/91 to 05/10/91 | 9% compound interest | 2,569 | |
| | Total Interest | | 76,198 |

| | | |
|---|---|---|
| Tax Due | (179,241) | |
| Plus: Interest 10/15/87 to 05/10/91 | (76,198) | |
| AMOUNT DUE | | (255,439) |

2

Department of Treasury
Internal Revenue Service

Form 656 (Rev. 1-97)
Catalog Number 16728N

Form 656

# Offer in Compromise

**Item 1**

Taxpayer's Name and Home or Business Address

Name: John G & Maureen R Borg

Street Address: 606 Gates Street

Philadelphia, PA 19128

City State Zip Code

Mailing Address (if different from above)

City State Zip Code

**Item 2**

Social Security Numbers

(a) Primary 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

(b) Secondary 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

**Item 3**

Employer Identification Number (Included in offer)

**Item 4**

Other Employer Identification Numbers (Not Included in offer)

**Item 5**

To: Commissioner of Internal Revenue Service

**I/we (includes all types of taxpayers) submit this offer to compromise the tax liabilities plus any interest, penalties, additions to tax, and additional amounts required by law (tax liability) for the tax type and period marked below:** (Please mark an "X" for the correct description and fill in the correct tax period(s), adding additional periods if needed.)

XX **1040/1120 Income Tax—Year(s)** 1989

☐ **941 Employer's Quarterly Federal Tax Return—**Quarterly Period(s)

☐ **940 Employer's Annual Federal Unemployment (FUTA) Tax Return**—Year(s)

☐ **Trust Fund Recovery Penalty** as a responsible person of (enter corporation name)

for failure to pay withholding and Federal Insurance Contributions Act taxes (Social Security taxes)—Period(s)

☐ **Other Federal taxes** (specify type and period(s))

**Item 6**

**I/we submit this offer for the reason(s) checked below:**

XX **Doubt as to Liability**—"I do not believe I owe this amount." You must include a detailed explanation of the reasons you believe you do not owe the tax.

☐ **Doubt as to Collectibility**—"I have insufficient assets and income to pay the full amount." You must include a complete financial statement (Form 433-A and/or Form 433-B).

**Item 7**

**I/We offer to pay $** 10.00

☐ **Paid in full with this offer.**

XX **Deposit of $________ with this offer.**

☐ **No deposit.**

Check one of the following boxes.

☐ Balance to be paid in ☐ 10, ☐ 30, ☐ 60, or ☐ 90 days from notice of acceptance of the offer. If more than one payment will be paid during the time frame checked, provide the amount of the payment and date to be paid on the line below.

$

☐ Other proposed payment terms. Enter the specific dates (mm/dd/yy format) and dollar amounts of the the payment terms you propose on the lines below.

**In addition to the above amount, IRS will add interest from the date IRS accepts this offer until the date you completely pay the amount offered, as required by section 6621 of the Internal Revenue Code. IRS compounds interest daily, as required by section 6622 of the Internal Revenue Code.**

**Item 8**

**By submitting this offer, I/we understand and agree to the following conditions:**

(a) I/we voluntarily submit all payments made on this offer.

(b) IRS will apply payments made under the terms of this offer in the best interest of the government.

(c) If IRS rejects the offer or I/we withdraw the offer, IRS will return any amount paid with the offer. If I/we agree in writing, IRS will apply the amount paid with the offer to the amount owed. If I/we agree to apply the payment, the date the offer is rejected or withdrawn will be considered the date of payment. I/we understand that IRS will not pay interest on any amount I/we submit with the offer.

**(d) I/we will comply with all provisions of the Internal Revenue Code relating to filing my/our returns and paying my/our required taxes for 5 years from the date IRS accepts the offer. This condition does not apply to offers based on Doubt as to Liability.**

(e) I/we waive and agree to the suspension of any statutory periods of limitation (time limits provided for by law) for IRS assessment and collection of the tax liability for the tax periods identified in item (5).

(f) IRS will keep all payments and credits made, received, or applied to the amount being compromised before this offer was submitted. IRS may keep any proceeds from a levy served prior to submission of the offer, but not received at the time the offer is submitted. If I/we have an installment agreement prior to submitting the offer, I/we must continue to make the payments as agreed while this offer is pending. Installment agreement payments will not be applied against the amount offered.

**(g) IRS will keep any refund, including interest, due to me/us because of overpayment of any tax or other liability, for tax periods extending through the calendar year that IRS accepts the offer. *I/we may not designate a refund, to which the IRS is entitled, to be applied to estimated tax payments for the following year.*** This condition doesn't apply if the offer is based only on Doubt as to Liability.

(h) I/we will return to IRS any refund identified in (g) received after submission of this offer. This condition doesn't apply if the offer is based only on Doubt as to Liability.

(i) The total amount IRS can collect under this offer can not be more than the full amount of the tax liability.

(j) I/we understand that I/we remain responsible for the full amount of the tax liability, unless and until IRS accepts the offer in writing and I/we have met all the terms and conditions of the offer. IRS won't remove the original amount of the tax liability from its records until I/we have met all the terms of the offer.

(k) I/we understand that the tax I/we offer to compromise is and will remain a tax liability until I/we meet all the terms and conditions of this offer. If I/we file bankruptcy before the terms and conditions of this offer are completed, any claim the IRS files in the bankruptcy proceeding will be a tax claim.

(l) Once IRS accepts the offer in writing, I/we have no right to contest, in court or otherwise, the amount of the tax liability.

(m) The offer is pending starting with the date an authorized IRS official signs this form and accepts my/our waiver of the statutory periods of limitation. The offer remains pending until an authorized IRS official accepts, rejects or acknowledges withdrawal of the offer in writing. If I/we appeal the IRS decision on the offer, IRS will continue to treat the offer as pending until the Appeals Office accepts or rejects the offer in writing. If I/we don't file a protest within 30 days of the date IRS notifies me/us of the right to protest the decision, I/we waive the right to a hearing before the Appeals office about the offer in compromise.

**(n) The waiver and suspension of any statutory periods of limitation for assessment and collection of the amount of the tax liability described in item (5), continues to apply: while the offer is pending (see (m) above), during the time I/we have not paid all of the amount offered, during the time I/we have not completed all terms and conditions of the offer, and for one additional year beyond each of the time periods identified in this paragraph.**

(o) If I/we fail to meet any of the terms and conditions of the offer, the offer is in default, then IRS may: immediately file suit to collect the entire unpaid balance of the offer; immediately file suit to collect an amount equal to the original amount of the tax liability as liquidating damages, minus any payments already received under the terms of this offer; disregard the amount of the offer and apply all amounts already paid under the offer against the original amount of tax liability; or file suit or levy to collect the original amount of the tax liability, without further notice of any kind.

*IRS will continue to add interest as required by section 6621 of the Internal Revenue Code, on the amount IRS determines is due after default. IRS will add interest from the date the offer is defaulted until I/we completely satisfy the amount owed.*

**Item 9**

If I/we submit this offer on a substitute form, I/we affirm that this form is a verbatim duplicate of the official Form 656, and I/we agree to be bound by all the terms and conditions set forth in the official Form 656.

Under penalties of perjury, I declare that I have examined this offer, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct and complete.

(9a) Signature of Taxpayer-proponent

Date 2/3/99

(9b) Signature of Taxpayer-proponent

Date 2/3/99

**For Official Use Only**

I accept waiver of the statutory period of limitations for the Internal Revenue Service.

Signature of authorized Internal Revenue Service Official

Title

Date

3

**Internal Revenue Service**
Appeals Large Business and
Specialty Programs
Appeals Office
701 Market Street
Suite 2200
Philadelphia, PA 19106

Date: JUL 17 2002

John & Maureen Berg
138 Montrose Avenue
Unit 41
Bryn Mawr, PA 19010

**Department of the Treasury**

**Person to Contact:**
Robert J. Kerr
Employee ID Number: 23-08355
Tel: 215.597.2177 Ext. 175
Fax: 215.597.7827
**Refer Reply to:**
AP:L:PA:PHI:RJK
**In Re:**
Offer in Compromise
**Tax Period(s) Ended:**
12/1986
12/1989

Dear Mr. & Mrs. Berg:

This refers to your offer of **$10.00**, submitted **February 10, 1999** to compromise your liability for the tax period(s) ending **December 31, 1989**.

We are sorry but your offer is rejected. You have not furnished sufficient information to support your claim that you paid the tax due on the 1986 return when it was filed. Thus, there is no refundable amount to offset the liability properly assessed for tax year 1989.

We must therefore ask you to pay your account in full as soon as possible. If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

for ARTHUR T SIEMIENTKOWSKI
Appeals Team Manager

Number of this Letter: 238(P)

Date of this Letter: 3/10/99

Internal Revenue Service
P.O. BOX 12042
Phila., Pa. 19105
ATTN: E:QMS:VW

Person to Contact: Vincent Weltz
Badge Number: 23-05850
Phone Number: (215) 861-1334

John and Maureen Berg
606 Gates Street
Phila., Pa. 19128

Dear Mr. And Mrs. Berg:

We have investigated the offer of $10.00 you made to compromise your income tax liability for the year ended December 31, 1989. We cannot accept your offer because:

(1) The tax is legally due. We don't have the authority to accept an offer in this circumstance. Our records do not provide any indication of payment in the amount of $179,241 as you stated in the submitted offer. Unless you can submit verification of payment, such as a cancelled check, we cannot offset the 1989 deficiency nor can we accept the offer based on doubt as to liability.

If you accept our decision or don't want to protest it, please write or call us. We will then ask you to make arrangements to pay the amount of the tax, penalties and interest you owe.

If you don't accept our decision and want a conference, you should let us know that you want to protest. Based on the amount of your tax deficiency for 1989, your protest must be a written protest.

A WRITTEN protest should include the items below. Pay particular attention to item 6 and the note which follows it.

1. Your name, address, social security number, and daytime phone Number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved as shown above;

5. A list of issues you don't agree with;

6. A statement of fact, signed under penalties of perjury, that explains why you believe you shouldn't be charged with the tax. You should include specific dates, names, amounts, locations, etc...

To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

"Under penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete."

7. If you rely on a law or other authority to support your position, explain what it is and how it applies.

You may represent yourself at your appeals conference or you may be represented by an attorney, certified public accountant, or an individual enrolled to practice before the IRS. Your representative must be qualified to practice before the IRS. If your representative appears without you, he or she must file a power of attorney or tax information authorization with the IRS before receiving or inspecting confidential information. You may use Form 2848, Power of Attorney and Declaration of Representative, or any other properly written power of attorney or authorization for this purpose. Copies of these forms are available from any IRS office, or by calling 1-800-TAX-FORM (1-800-829-3676). You may also bring witnesses to support your position.

If we don't hear from you within 30 days from the date of this letter, we will reject your offer. The date of this letter will be the legal rejection date of your offer. You must then pay the full amount of your account as soon as possible. Per your instruction, your offer deposit of $10.00 is being returned with this letter. If you have any questions, please contact the person whose name and telephone number are at the top of this letter.

Sincerely,

George B. Mullin
Chief, Section I
Quality Measurement Staff

Enclosures

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN G. BERG<br><br>Plaintiff,<br><br>v.<br><br>JOHN H. SNOW, SECRETARY OF THE TREASURY OF THE UNITED STATES<br><br>Defendant. | ) | Civil No. 04-3278 |

ANSWER

The United States of America, through its undersigned counsel and on behalf of the named defendant, hereby answers the plaintiff's complaint as follows.

AFFIRMATIVE DEFENSES

This Court is without jurisdiction over the subject matter of plaintiff's complaint.

This Court is without personal jurisdiction over the defendant since no summons was served on the agency involved or on the Attorney General of the United States.

Any applicable statutes of limitation on plaintiff's claims for refund or credits of tax, or for enforcement of contract, have expired.

This suit, to restrain the collection of tax for the year 1989, is barred by the Anti-Injunction Act (26 U.S.C. § 7421).

FURTHER DEFENSE

Defendant responds to the paragraphs of the complaint as follows.

1. Admits the allegations of paragraph 1.

2. Admits the allegations of paragraph 2.

3. Denies that the nature of the relief sought is in the form of mandamus and denies that this Court has jurisdiction over the subject matter of the complaint.

4. Admits the allegations of paragraph 4.

5. Admits the allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

8. Admits the allegations of paragraph 8, and further alleges that the $179,241 was abated by the IRS on May 20, 1991.

9. Denies the allegations of paragraph 9, and further alleges that the $179,241, which was assessed on November 30, 1987, was abated on May 20, 1991. Plaintiff made no payments on his 1986 liability and no refund could be paid or credited.

10. Denies the allegations of paragraph 10 as an impossibility given the fact that plaintiff never paid anything on the 1986 liability.

11. Denies the allegations of paragraph 11.

12. Admits that a copy of the audit report is attached as Exhibit 1, and denies all other allegations of paragraph 12.

13. Admits the allegations of paragraph 13.

14. Admits the allegations of paragraph 14.

15. Denies the allegations of paragraph 15.

16. Denies the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

19. Denies the allegations of paragraph 19.

20. Denies the allegations of paragraph 20.

21. Denies the allegations of paragraph 21.

22. Denies the allegations of paragraph 21 since plaintiff owes income taxes for 1989.

23. Denies the allegations of paragraph 22 and rather alleges that there are no refunds or credits due for 1986.

24. Admits only that plaintiff made an offer in compromise and denies all other allegations of paragraph 24.

25. Admits only that plaintiffs offer was properly rejected and denies all other allegations of paragraph 25.

26. Admits that it is the government's position that plaintiff is owed nothing for 1986 and that he owes income

taxes for 1989 and denies all other allegations of paragraph 26.

27. Admits the allegations of paragraph 27.

28. Denies the allegations of paragraph 28.

29. Admits the allegations of paragraph 29.

30. The answers to paragraphs 1 through 29 are incorporated herein by reference.

31. Denies the allegations of paragraph 31.

32. Denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33 and rather alleges that plaintiff is due no refund for 1986.

Wherefore, defendant prays that this action be dismissed, with prejudice, and that defendant be awarded cost and such other and further relief as is just and proper.

PATRICK L. MEEHAN
United States Attorney

gh 1138

GREGORY S. HREBINIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6346

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Answer has been made this 23rd day of September, 2004, by mailing, postage prepaid, addressed to:

William J. Hughes, Esq.
Cooper Levenson
1125 Atlantic Avenue
3rd Floor
Atlantic City, NJ 08401

Gregory S. Hrebiniak
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6346

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN G. BERG, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 04-3278 |
| JOHN W. SNOW, Secretary of the Treasury of the United States of America, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 12th day of April, 2005, upon consideration of Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6), Opposition of the Defendant to Motion for Judgment on the Pleadings and Defendant's Cross-Motion for Summary Judgment (Docket No. 7) and the parties' responses and sur-responses thereto (Docket Nos. 8, 9, 10 & 11), it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.

It is **FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgement based upon lack of jurisdiction is **GRANTED WITHOUT PREJUDICE**.

BY THE COURT:

RONALD L. BUCKWALTER, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN G. BERG, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 04-3278 |
| JOHN W. SNOW, Secretary of the Treasury of the United States of America, | : | |
| Defendant. | : | |

FILED APR 12 2005

**MEMORANDUM**

BUCKWALTER, S.J. April 12, 2005

Presently before the Court are Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6), Opposition of the Defendant to Motion for Judgment on the Pleadings and Defendant's Cross-Motion for Summary Judgment (Docket No. 7) and the parties' responses and sur-responses thereto (Docket Nos. 8, 9, 10 & 11). For the following reasons, this Court denies Plaintiff's Motion for Judgment on the Pleadings and grants without prejudice Defendant's Motion for Summary Judgment for lack of jurisdiction.

**I. BACKGROUND**

In 1991, the Internal Revenue Service (IRS) performed an audit of Plaintiff. As a result of this audit, Plaintiff and Defendant entered into a settlement agreement reflecting that Plaintiff was deficient $134,058.67 plus interest for 1989 and had been over assessed $179,241.00 plus interest for 1986. Plaintiff filed the current action in mandamus seeking an Order requiring Defendant comply with the terms of the settlement. Plaintiff is requesting an

ENTERED
APR 13 2005
CLERK OF COURT

order recognizing that Plaintiff's 1989 tax liability is satisfied by his overpayment in 1986 and refund of the excess funds paid.

## II. JURISDICTION

### A. Actions in Mandamus.

The federal courts have held that "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Lawrence v. United States, 631 F.Supp. 631, 638 (E.D. Pa. 1982)(citing Allied Chemical Corp. v. Daiflon Inc., 449 U.S. 33, 34 (1980)). The purpose underlying an action in mandamus is to provide the district courts with the authority "to issue appropriate corrective orders where federal officials are not acting within the zone of their permissible discretion; the writ will issue only where the federal officials are abusing their discretion or acting contrary to law." Id. (quoting Jeno's v. Commissioner of Patents and Trademarks, 498 F.Supp. 472, 476 (D.Minn. 1983)). Generally, in order to properly plead a complaint in mandamus, "it is essential that the plaintiff allege and show that the government owes him the performance of a legal duty 'so plainly prescribed as to be free from doubt.'" Naporano Metal and Iron Co. v. United States, 529 F.2d 537, 542 (3rd Cir. 1976)(quoting Richardson v. United States, 465 F.2d 844, 849 (3rd Cir. 1972)).

In the current matter, a significant question of fact is at issue; specifically, whether Plaintiff in fact paid his taxes for the year of 1986 thereby creating an overpayment and a right to a refund. Or, in the alternative, as argued by Defendant, no refund is due as no tax was paid. This Court finds that Plaintiff has failed to show that Defendant has a duty to pay a refund under the settlement agreement that is so "plainly prescribed as to be free from doubt." Accordingly, this Court finds that the current matter can not proceed as an action in mandamus.

**B. Contract Claims with the United States as the Defendant.**

As both parties admit to entering into settlement agreement following the 1991 audit, and it is the terms and language of this settlement agreement which form the basis of the instant dispute, it is the view of this Court that the current matter is properly an action in contract. Accordingly, this Court shall analyze whether it may exercise jurisdiction in the instant matter.

The Tucker Act sets forth the jurisdiction of the United States Court of Federal Claims with respect to claims against the United States. Specifically, the Tucker Act provides as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon **any claim against the United States founded** either upon the Constitution, or any Act of Congress or any regulation of an executive department, or **upon any express or implied contract with the United States**, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1491(a)(1) (West 1994 & Supp. 2004)(emphasis added).

With regard to the jurisdiction of this Court when the United States is a defendant, the Little Tucker Act provides as follows:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims of:
> (2) **Any other civil action or claim against the Unites States, not exceeding $10,000 in amount, founded** either upon the Constitution, or any Act of Congress, or any regulation of a executive department, or **upon any express or implied contract with the United States**, or for liquidated damages or unliquidated damages in cases not sounding in tort, except that the district court shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages

> in cases not sounded in tort which are subject to section 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1346(a)(2) (West 1993 & Supp. 2004)(emphasis added). Courts have routinely interpreted the preceding statutory provisions as granting federal district courts concurrent jurisdiction to that of the Court of Federal Claims only for claims under $10,000; the Court of Federal Claims retains exclusive jurisdiction for claims over $10,000. Rodriguez v. FBI, 876 F.Supp. 706, 709 (E.D.Pa. 1995)(citing Dia Navigation Co. v. Pomeroy, 34 f.3d 1255, 1267 (3d Cir. 1994); Hahn v. United States, 757 F.2d 581, 586 (3d Cir. 1985)("It is uniformly held that, for claim exceeding $10,000, the Tucker Act vests *exclusive* jurisdiction in the Claims Court.").

As this Court views the current matter as a claim to enforce a contract between Plaintiff and Defendant, the United States, and the amount in controversy exceeds $10,000.00, the Tucker Act governs jurisdiction of this action. Accordingly, this Court must grant without prejudice Defendant's Motion for Summary Judgment based on lack of subject matter jurisdiction.

An order follows.

INTERNAL REVENUE SERVICE
601 S. HENDERSON RD.
KING OF PRUSSIA, PA. 19406
ATTN:E1343:JB

Department of the Treasury

District Director

Telephone Number: 962-5009

Refer Reply To: E:1343:JB

Date: 4-4-91

Mr. John Berg
1201 Walton Road
Blue Bell, Pa. 19422

Dear Mr. Berg:

Enclosed are two copies of Form 4549 reflecting the results of the audit of your 1986 through 1989 tax returns that we discussed on the phone today. Please sign the original and return it to me as soon as possible. You may keep the other copy for your records.

Thank you for your time and cooperation in this matter. If you have any questions don't hesitate to call me.

Sincerely,

John Bortulin
Internal Revenue Agent
Exam Group 1343

report supersedes report issued 3-8-91



Form 4549 (Rev. 8-81) | Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes | Return Form No. 1040

Name and Address of Taxpayers: JOHN & MAUREEN BERG, 1201 WALTON ROAD, BLUE BELL, PA 19422

S.S. or E.I. Number: 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

Filing Status: JOINT

Person with Whom Examination Changes were Discussed — Name and Title: Taxpayer

| | Year: 8612 | Year: 8712 | Year: 8812 |
|---|---|---|---|
| 1. Adjustments to Income | | | |
| a. SCHEDULE C CONTRACT PAYMENTS | 497,676.00 | | 262,662.00 |
| b. SCHEDULE D | (2,847,985.00) | | |
| c. GAIN ON FORGIVENESS OF DEBT | 560,382.00 | | |
| d. NOL DEDUCTION | 1,237,850.00 | 2,082,108.00 | 2,081,108.00 |
| e. SCHEDULE C | | (935,475.00) | |
| f. | | | |
| 2. Total Adjustments | (591,877.00) | 1,146,633.00 | 2,343,770.00 |
| 3. Adjusted Gross, Taxable or Tax Table Income Shown on Return or as Previously Adjusted | (1,105,257.00) | (2,191,089.00) | (3,453,677.00) |
| 4. Corrected Adjusted Gross, Taxable or Tax Table | (1,507,134.00) | (1,044,455.00) | (1,109,907.00) |
| 5. Tax | 0.00 | 0.00 | 0.00 |
| 6. Alternative Tax | 0.00 | 0.00 | 0.00 |
| 7. Corrected Tax Liability | 0.00 | 0.00 | 0.00 |
| 8. Less Credits | 0.00 | 0.00 | 0.00 |
| 9. Balance | 0.00 | 0.00 | 0.00 |
| 10. Plus Other Taxes ALTERNATIVE MINIMUM TAX | 0.00 | 0.00 | 0.00 |
| 11. Total Corrected Tax Liability | 0.00 | 0.00 | 0.00 |
| 12. Total Tax Shown on the Return or as Previously Adjusted | 179,241.00 | 0.00 | 0.00 |
| 13. Deficiency - Increase in Tax or (Overassessment) | (179,241.00) | 0.00 | 0.00 |
| 14. Adjustments to Prepayment Credits | 0.00 | 0.00 | 0.00 |
| 15. Balance Due or (Overpayment), Not including Interest | (179,241.00) | 0.00 | 0.00 |
| 16. Penalties | | | |

Other Information:
ON 12-24-87 YOU FILED CLAIM FORM 1040-X FOR A REFUND OF $179,241 FOR 1986. AS THE RESULT OF OUR EXAMINATION, WE HAVE ALLOWED YOUR CLAIM IN FULL. HOWEVER OTHER ADJUSTMENTS ARE INCLUDED ON THIS REPORT.

Examiner's Signature: [signature] | District: Philadelphia, PA | Date: 4-4-91

Consent to Assessment and Collection - I do not wish to exercise my appeals rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

Signature of Taxpayer: [signature] | Date: | Signature of Taxpayer: | Date:

| | | |
|---|---|---|
| Form 4549 (Rev. 8-84) | Department of the Treasury - Internal Revenue Service<br>Income Tax Examination Changes | Return Form No.<br>1040 |

| | | |
|---|---|---|
| Name and Address of Taxpayers<br><br>JOHN & MAUREEN BERG<br>1201 WALTON ROAD<br>BLUE BELL, PA 19422 | S.S. or E.I. Number<br>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 | Filing Status<br>JOINT |
| | Person with Whom Examination Changes were Discussed | Name and Title<br><br>Taxpayer |

| 1. Adjustments to Income | Year: 8912 | Year: | Year: |
|---|---|---|---|
| a. NOL DEDUCTION | 438,951.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| 2. Total Adjustments | 438,954.00 | | |
| 3. Adjusted Gross, Taxable or Tax Table Income Shown on Return or as Previously Adjusted | 0.00 | | |
| 4. Corrected Adjusted Gross, Taxable or Tax Table | 438,954.00 | | |
| 5. Tax | 124,027.00 | | |
| 6. Alternative Tax | 0.00 | | |
| 7. Corrected Tax Liability | 124,027.00 | | |
| 8. Less Credits | 0.00 | | |
| 9. Balance | 124,027.00 | | |
| 10. Plus Other Taxes<br>ALTERNATIVE MINIMUM TAX | 0.00 | | |
| 11. Total Corrected Tax Liability | 124,027.00 | | |
| 12. Total Tax Shown on the Return or as Previously Adjusted | 24,468.00 | | |
| 13. Deficiency - Increase in Tax or (Overassessment) | 99,559.00 | | |
| 14. Adjustments to Prepayment Credits | 0.00 | | |
| 15. Balance Due or (Overpayment), Not including Interest | 99,559.00 | | |
| 16. Penalties | | | |

Other Information:

| Examiner's Signature | District | Date |
|---|---|---|
| [signature] | Philadelphia, PA | 4-4-91 |

Consent to Assessment and Collection - I do not wish to exercise my appeals rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

| Signature of Taxpayer | Date | Signature of Taxpayer | Date |
|---|---|---|---|
| [signature] | | | |

| Form 886-A | EXPLANATION OF ITEMS | Schedule No. or Exhibit 3 of 12 |
|---|---|---|
| Name of Taxpayer | John & Maureen Berg | Year/Period 1986 -- 1989 |

Schedule C Contract Payments

The restitution payments paid are not deductible under Treasury Regulation 1.162-21(b)(1)(i). In H. Waldman, 88 TC 1384, Dec. 43,932, Affd. per curiam, Ca-9, 88-2 USTC 9424, it was ruled that restitution payments ordered by the Court after a guilty plea are not deductible.

Schedule D (1986)

The long term capital losses identified as "loss on forgiveness of debt" are actually bad debts and should be deducted as short term capital losses rather then long term capital losses.

The following were converted from long term to short term losses:

| | |
|---|---|
| Loss on forgiveness of debt - American Real Estate Associates Inc. | (1,003,600) |
| Loss on forgiveness of debt - First Philadelphia Real [illegible] Inc. | (1,245,650) |
| Loss on forgiveness of debt - Corporate Support Services | ( 16,198) |

The long term gain desig[illegible]ted "John G. Berg Associates - Forgiveness of debt" is income from cancellat[illegible] of indabtedness. This should be treated as ordinary income rather then a c[illegible]ital gain.

See copy of corrected For[illegible] Schedule D.

Gain on Forgiveness of Debt

See above.

NOL Deduction

Based on adjustments made the NOL's were adjusted. Also, NOL carryforwards were adjusted by the amount of restitution payments deducted in 1984 and 1985. These were $774,974 and $ 512,876 respectively. See calculation of corrected NOL's.

Schedule C (1987)

The adjustment is to correct an error which occured at the Philadelphia Service Center when the return was processed. Apparently the net Schedule C loss as reported was not posted. The taxable income figure (line 3, Form 4549) reflects this. The purpose of this adjustment is to make the revenue agent's report agree with the return as it is reflected in the computer. The adjustment has no effect on the return as filed.

6.

BERG
1040 8612-8912

JB
12-19-90

NET OPERATING LOSSES AS ADJUSTED

| | | |
|---|---|---|
| BALANCE 1/1/84 (NOLD) | | (1,860,166) |
| NOL - 1983 - MAUREEN BERG | | (82,542) |
| BALANCE - ADJUSTED 1/1/84 | | (1,942,708) |
| (1) NET OPERATING LOSS - 1984 (AS ADJUSTED) | | (2,664,167) |
| BALANCE 1/1/85 (NOLD) | | (4,606,875) |
| (1) INCOME - 1985 (AS ADJUSTED) | | 2,506,128 |
| BALANCE 1/1/86 (NOLD) | | (2,100,747) |
| (1) INCOME - 1986 (AS CORRECTED, CLAIM ALLOWED) | 695,198 | |
| (2) 1202 DEDUCTION (AS CORRECTED, CLAIM ALLOWED) | 1,286,459 | 1,981,657 |
| BALANCE 1/1/87 (NOLD) | | (119,090) |
| NET OPERATING LOSS - 1987 | | (915,905) |
| BALANCE 1/1/88 (NOLD) | | (1,034,995) |
| (1) INCOME - 1988 (AS CORRECTED) | | (66,012) |
| BALANCE 1/1/89 (NOLD) | | (1,101,007) |
| INCOME - 1989 | | 1,765,940 |
| BALANCE 1/1/90 (NOLD) | | 0 |

| | 8612 | 8712 | 8812 | 8912 |
|---|---|---|---|---|
| NOL DEDUCTION PER RETURN | 3,388,597 | 2,201,198 | 3,116,103 | 1,539,961 |
| NOL DEDUCTION ALLOWABLE | 2,100,747 | 119,090 | 1,034,995 | 1,101,007 |
| ADJUSTMENT | 1,287,850 | 2,082,108 | 2,081,108 | 438,954 |

(1) See Page 7
(2) See Page 5

SCHEDULE D (Form 1040)

Department of the Treasury Internal Revenue Service (X)

# Capital Gains and Losses and Reconciliation of Forms 1099-B

► Attach to Form 1040. ► See Instructions for Schedule D (Form 1040).

For Paperwork Reduction Act Notice, see Form 1040 Instructions.

OMB No. 1545-0074

1986

Attachment Sequence No. 12

4c/

Name(s) as shown on Form 1040 | Your social security number

1 Report here, the total sales of stocks, bonds, etc., reported for 1986 by your broker to you on Form(s) 1099-B or an equivalent substitute statement(s) . . . . . 1

If this amount differs from the total of lines 2b and 9b, column (d), attach a statement explaining the difference. See the instructions for line 1, Schedule D (Form 1040) for examples.

## Part I Short-term Capital Gains and Losses—Assets Held Six Months or Less

| (a) Description of property (Example, 100 shares 7% preferred of "Z" Co.) | (b) Date acquired (Mo., day, yr.) | (c) Date sold (Mo., day, yr.) | (d) Sales price (see instructions) | (e) Cost or other basis (see instructions) | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|
| 2a Form 1099-B Transactions (Sales of Stocks, Bonds, etc.): | | | | | | |
| Per Return | | | | | | |
| Per Return | | | | | | 63,800 |
| LT converted to ST | | | | | | 2716,432 |
| (1,003,400 + 1,245,650 + 16,198) | | | | | 2,265,448 | |
| 2b Total (add column (d)) ▶ | | | | | | |
| 2c Other Transactions: | | | | | | |

| Line | Description | | (f) LOSS | (g) GAIN |
|---|---|---|---|---|
| 3 | Short-term gain from sale or exchange of a principal residence from Form 2119, lines 6 or 12 | 3 | | |
| 4 | Short-term gain from installment sales from Form 6252, lines 22 or 30 | 4 | | |
| 5 | Net short-term gain or (loss) from partnerships, S corporations, and fiduciaries | 5 | 277,632 | |
| 6 | Short-term capital loss carryover from years beginning after 1969 | 6 | 384,704 * | |
| 7 | Add all of the transactions on lines 2a and 2c and lines 3 through 6 in columns (f) and (g) | 7 | (2,927,824) | 2,772,633 |
| 8 | Net short-term gain or (loss), combine columns (f) and (g) of line 7 | 8 | | 148,191 |

## Part II Long-term Capital Gains and Losses—Assets Held More Than Six Months

| (a) Description of property | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS | (g) GAIN |
|---|---|---|---|---|---|---|
| 9a Form 1099-B Transactions (Sales of Stocks, Bonds, etc.): | | | | | | |
| Per Return | | | | | | |
| Add LT converted to ST | | | | | | 3,379,637 |
| Less LT converted to Ordinary | | | | | | 2,265,448 |
| | | | | | | < 560,382 > |
| 9b Total (add column (d)) ▶ | | | | | | |
| 9c Other Transactions: | | | | | | |

| Line | Description | | (f) LOSS | (g) GAIN |
|---|---|---|---|---|
| 10 | Long-term gain from sale or exchange of a principal residence from Form 2119, lines 6, 8, or 12 | 10 | | |
| 11 | Long-term gain from installment sales from Form 6252, lines 22 or 30 | 11 | | |
| 12 | Net long-term gain or (loss) from partnerships, S corporations, and fiduciaries | 12 | | |
| 13 | Capital gain distributions | 13 | | |
| 14 | Enter gain from Form 4797, lines 6 or 8 | 14 | | |
| 15 | Long-term capital loss carryover from years beginning after 1969 | 15 | 2,940,605 * | |
| 16 | Add all of the transactions on lines 9a and 9c and lines 10 through 15 in columns (f) and (g) | 16 | (2,940,605) | 5,084,704 |
| 17 | Net long-term gain or (loss), combine columns (f) and (g) of line 16 | 17 | | 2,144,099 |

Schedule D (Form 1040) 1986

Schedule D (Form 1040) 1986

Attachment Sequence No. 12 Page 2

**Note:** *If you have capital loss carryovers from years beginning before 1970, do not complete Parts III or IV. See Form 4798 instead.*

Name(s) as shown on Form 1040 (Do not enter name and social security number if shown on other side.) | Your social security number

## Part III Summary of Parts I and II

| | | | |
|---|---|---|---|
| 18 | Combine lines 8 and 17, and enter the net gain or (loss) here | 18 | 3,292,290 |
| | **Note:** *If line 18 is a loss, skip lines 19 through 21 and complete lines 22 and 23. If line 18 is a gain, complete lines 19 through 21 and skip lines 22 and 23.* | | |
| 19 | If line 18 shows a gain, enter the smaller of line 17 or line 18. Enter zero if there is a loss or no entry on line 17 — 19: 2,144,099 | | |
| 20 | Enter 60% of line 19 | 20 | 1,286,459 |
| | *If line 20 is more than zero, you may be liable for the alternative minimum tax. See Form 6251.* | | |
| 21 | Subtract line 20 from line 18. Enter here and on Form 1040, line 13 | 21 | 1,005,831 |
| 22 | If line 18 shows a loss, enter one of the following amounts:<br>a If line 8 is zero or a net gain, enter 50% of line 18;<br>b If line 17 is zero or a net gain, enter line 18; or<br>c If line 8 and line 17 are net losses, enter amount on line 8 added to 50% of the amount on line 17 | 22 | |
| 23 | Enter here and as a loss on Form 1040, line 13, the smallest of:<br>a The amount on line 22;<br>b $3,000 ($1,500 if married and filing a separate return); or<br>c Taxable income, as adjusted (see instructions) | 23 | |

## Part IV Computation of Post-1969 Capital Loss Carryovers From 1986 to 1987

(Complete this part if the loss on line 22 is more than the loss on line 23)

| | | | |
|---|---|---|---|
| 24 | Enter loss shown on line 8; if none, enter zero and skip lines 25 through 28, then go to line 29 | 24 | |
| 25 | Enter gain shown on line 17. If that line is blank or shows a loss, enter zero | 25 | |
| 26 | Subtract line 25 from line 24 | 26 | |
| 27 | Enter smaller of line 23 or line 26 | 27 | |
| 28 | Subtract line 27 from line 26. This is your short-term capital loss carryover from 1986 to 1987 | 28 | |
| 29 | Subtract line 27 from line 23. (Note: If you skipped lines 25 through 28, enter amount from line 23.) | 29 | |
| 30 | Enter loss from line 17; if none, enter zero and skip lines 31 through 34 | 30 | |
| 31 | Enter gain shown on line 8. If that line is blank or shows a loss, enter zero | 31 | |
| 32 | Subtract line 31 from line 30 | 32 | |
| 33 | Multiply amount on line 29 by 2 | 33 | |
| 34 | Subtract line 33 from line 32. This is your long-term capital loss carryover from 1986 to 1987 | 34 | |

## Part V Complete This Part Only if You Elect Out of the Installment Method and Report a Note or Other Obligation at Less Than Full Face Value

Check here if you elect out of the installment method ▶ ☐

Enter the face amount of the note or other obligation. ▶ ____

Enter the percentage of valuation of the note or other obligation. ▶ ____

## Part VI Reconciliation of Forms 1099-B For Bartering Transactions

Complete this part if you received one or more Form(s) 1099-B or an equivalent substitute statement(s) reporting bartering income. Enter the amount on the line that indicates the form or schedule you used to report the bartering income.

| | | | Amount of bartering from Form 1099-B or equivalent statement |
|---|---|---|---|
| 35 | Form 1040, line 22 | 35 | |
| 36 | Schedule C (Form 1040) | 36 | |
| 37 | Schedule D (Form 1040) | 37 | |
| 38 | Schedule E (Form 1040) | 38 | |
| 39 | Schedule F (Form 1040) | 39 | |
| 40 | Other (identify) (if not taxable, indicate reason—attach additional sheets if necessary) ▶ | 40 | |
| 41 | Total (add lines 35 through 40) | 41 | |

**Note:** *The amount on line 41 should be the same as the total bartering on all Forms 1099-B or equivalent statements received.*

Per Return 3,853,816

As Corrected 1,005,831

Berry

1040 [illegible] JB

NOL Calculation 4-1-

| | | |
|---|---|---|
| Income - 1984 (As corrected) | | |
| Interest | 4,707 | |
| Dividends | 4,788 | |
| Sch C (as corrected) | <1,149,927> | (774,774 disallowed) |
| Sch E | <1,522,735> | |
| Total | <2,664,167> | |
| | | |
| Income - 1985 (As corrected) | | |
| Interest | 390 | |
| Dividends | 84 | |
| Sch C (as corrected) | 236,446 | (512,576 disallowed) |
| Sch E | 2,269,204 | |
| Total | 2,506,128 | |
| | | |
| Income - 1986 (As corrected) | | |
| Interest | 170,135 | |
| Sch C (as corrected) | <536,484> | |
| Sch D (as corrected, claim allowed) | 1,005,231 | |
| Sch E | <504,666> | |
| Gain on Forgiveness of Debt (as corrected) | 560,382 | |
| Total | 695,198 | |
| | | |
| Income - 1987 (Per return) | <915,905> | |
| | | |
| Income - 1988 (As corrected) | | |
| Interest | 3,521 | |
| Sch C (As corrected) | <293,624> | |
| Sch D | 12,262 | |
| F-4797 | 57,323 | |
| Sch E | 154,506 | |
| Total | <66,012> | |
| | | |
| Income - 1989 (Per Return) | 1,765,940 | |

8

Form **6251**
Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax Computation

▶ Attach to Forms 1040, 1040NR, 1041 or 990-T (Trust).

OMB No. 1545-0227
**1986**
Attachment Sequence No. 32

Name(s) as shown on tax return | Identifying number

| Line | Description | Box | Amount | Line | Amount |
|---|---|---|---|---|---|
| 1 | Adjusted gross income (see instructions) | | | 1 | (1,405,549) |
| 2 | Deductions (Individuals, attach Schedule A (Form 1040))(see instructions): | | | | |
| a (1) | Medical and dental expense from Schedule A, line 5 | 2a(1) | | | |
| (2) | Multiply Form 1040, line 33, by 5% (.05) | 2a(2) | | | |
| (3) | Subtract line 2a(2) from line 2a(1). (If zero or less, enter zero.) | 2a(3) | | | |
| b | Contributions from Schedule A, line 18, OR Form 1040, line 34d | 2b | | | |
| c | ~~Casualty and theft losses from Schedule A, line 19~~ AMT. NOLD carrybacks * | 2c | 1,267,282 | | |
| d | Qualified interest on property used as a residence (see instructions) | 2d | 48,492 | | |
| e (1) | Interest, other than line 2d above, from Schedule A, line 14 | 2e(1) | 140,614 | | |
| (2) | Net investment income (If zero or less, enter zero) | 2e(2) | 233,335 | | |
| (3) | Enter the smaller of line 2e(1) or line 2e(2) | 2e(3) | 140,614 | | |
| f | Gambling losses to the extent of gambling winnings from Schedule A, line 22 | 2f | | | |
| g | Estate tax allowable under section 691(c) from Schedule A | 2g | | | |
| h | Estates and trusts only: Charitable deduction and income distribution deduction | 2h | | | |
| i | Add lines 2a(3), b, c, d, e(3), f, g, and h | | | 2i | 1,456,388 |
| 3 | Subtract line 2i from line 1 | | | 3 | (2,861,937) |
| 4 | Tax preference items: | | | | |
| a | Dividend exclusion | 4a | | | |
| b | 60% capital gain deduction | 4b | 1,286,459 | | |
| c | Accelerated depreciation on nonrecovery real property or 15-, 18-, or 19-year real property | 4c | 1,202 | | |
| d | Accelerated depreciation on leased personal property or leased recovery property other than 15-, 18-, or 19-year real property | 4d | | | |
| e | Amortization of certified pollution control facilities | 4e | | | |
| f | Mining exploration and development costs | 4f | | | |
| g | Circulation and research and experimental expenditures | 4g | | | |
| h | Reserves for losses on bad debts of financial institutions | 4h | | | |
| i | Depletion | 4i | | | |
| j | Incentive stock options | 4j | | | |
| k | Intangible drilling costs | 4k | | | |
| l | Add lines 4a through 4k | | | 4l | 1,287,661 |
| 5 | Alternative minimum taxable income (add lines 3 and 4(l)) (short period returns, see instructions) | | | 5 | (1,574,276) |
| 6 | Enter: $40,000, if married filing joint return or Qualifying widow(er). $30,000, if single or head of household. $20,000, if married filing separate return or estate or trust | | | 6 | 40,000 |
| 7 | Subtract line 6 from line 5. If zero or less, do not complete the rest of this form | | | 7 | -0- |
| 8 | Enter 20% of line 7 | | | 8 | |
| 9 | Amount from Form 1040, line 49, or Form 1040NR, line 49. (Do not include Form 1040, line 39, or Form 1040NR, line 40.) (Estates and trusts, see instructions.) | | | 9 | |
| 10 | Subtract line 9 from line 8. If zero or less, enter zero | | | 10 | |
| 11 | Foreign tax credit | | | 11 | |
| 12 | ALTERNATIVE minimum tax (subtract line 11 from line 10). Enter on your tax return, on the line identified as alternative minimum tax | | | 12 | |

## Instructions

*(Section references are to the Internal Revenue Code)*

**Paperwork Reduction Act Notice.**—We ask for this information to carry out the Internal Revenue laws of the United States. We need it to ensure that taxpayers are complying with these laws and to allow us to figure and collect the right amount of tax. You are required to give us this information.

**Who Must File.**—File this form if: (a) You are liable for the alternative minimum tax; or (b) you have one or more tax preference items on lines 4c through 4k; or (c) your adjusted gross income is more than line 6 and you have an amount on line 2e(3), and line 2e(2) includes income other than interest and dividend income.

Individuals, estates or trusts may be liable if their adjusted gross income plus tax preference items listed on line 4 total more than line 6.

For more information, see Publication 909, Alternative Minimum Tax.

**Minimum Tax Deferred From Earlier Year(s).**—*If a net operating loss carryover from an earlier year(s) reduces taxable income for 1986 and the net operating loss giving rise to the carryover resulted in the deferral of minimum tax in that earlier year(s), all or part of the deferred minimum tax may be includible as tax liability for 1986. Figure the deferred minimum tax in the worksheet in Publication 909 and enter it on Form 1040, line 51, or Form 1041, line 31. Write "Deferred Minimum Tax."*

**Partners, Beneficiaries, etc.**—If you are a:

*(1)* Partner or shareholder of an S corporation, take into account separately your distributive share of items of income and deductions that enter into the computation of tax preference items.

*(2)* Beneficiary of an estate or trust, see section 58(c) and the line 4(1) instructions.

*(3)* Participant in a common trust fund, see section 58(e).

*(4)* Shareholder or holder of beneficial interest in a regulated investment company or a real estate investment trust, see section 58(f).

**Carryback and Carryover of Unused Credits.**—It may be necessary to figure the carryback or carryover of certain unused credits. See section 55(c)(3).

**Note:** *If you have an earned income credit, you must reduce that credit by any alternative minimum tax.*

## Line-by-Line Instructions

**Line 1. Estates and Trusts.**—Adjusted gross income is figured in the same way as for an

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax—Individuals

▶ See separate instructions.
▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 1545-0227
**1987**
Attachment Sequence No. 32

Name(s) as shown on Form 1040 | Your social security number

| | | | | |
|---|---|---|---|---|
| 1 Taxable income from Form 1040, line 36 (can be less than zero) | | | 1 | (1,976,170) |
| 2 Net operating loss deduction (Do not enter as a negative amount) | | | 2 | 119,090 |
| 3 Add lines 1 and 2 | | | 3 | (1,857,080) |
| 4 **Adjustments:** (See instructions before completing.) | | | | |
| a Standard deduction from Form 1040, line 33b | 4a | | | |
| b Medical and dental expense | 4b | | | |
| c Miscellaneous itemized deductions from Schedule A, line 24 | 4c | | | |
| d Taxes from Schedule A, line 8 | 4d | | | |
| e Interest from Schedule A, line 12b | 4e | | | |
| f Other interest adjustments | 4f | | | |
| g Depreciation of property placed in service after 1986 | 4g | | | |
| h Circulation and research and experimental expenditures paid or incurred after 1986 | 4h | | | |
| i Mining exploration and development costs paid or incurred after 1986 | 4i | | | |
| j Long-term contracts entered into after 2/28/86 | 4j | | | |
| k Pollution control facilities placed in service after 1986 | 4k | | | |
| l Installment sales of certain property | 4l | | | |
| m Basis adjustment | 4m | | | |
| n Certain loss limitations | 4n | | | |
| o Tax shelter farm loss | 4o | | | |
| p Passive activity loss | 4p | | | |
| q Beneficiaries of estates and trusts | 4q | | | |
| r Personal exemptions (see instructions) | 4r | 5700 | | |
| s Total adjustments (combine lines 4a through 4r) | | | 4s | 5700 |
| 5 **Tax preference Items:** (See instructions before completing.) | | | | |
| a Accelerated depreciation of real property placed in service before 1987 | 5a | 646269 | | |
| b Accelerated depreciation of leased personal property placed in service before 1987 | 5b | | | |
| c Amortization of certified pollution control facilities placed in service before 1987 | 5c | | | |
| d Appreciated property charitable deduction | 5d | | | |
| e Incentive stock options | 5e | | | |
| f Tax-exempt interest from private activity bonds issued after August 7, 1986 | 5f | | | |
| g Intangible drilling costs | 5g | | | |
| h Depletion | 5h | | | |
| i Reserves for losses on bad debts of financial institutions | 5i | | | |
| j Total tax preference items (add lines 5a through 5i) | | | 5j | 646269 |
| 6 Combine lines 3, 4s, and 5j | | | 6 | (1,205,111) |
| 7 Alternative tax net operating loss deduction (Do not enter more than 90% of line 6.) | | | 7 | -0- |
| 8 Alternative minimum taxable income (subtract line 7 from line 6) | | | 8 | (1,205,111) |
| 9 Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000 |
| 10 Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000 |
| 11 Subtract line 10 from line 8. If zero or less, enter zero | | | 11 | -0- |
| 12 Multiply line 11 by 25% (.25) | | | 12 | -0- |
| 13 Subtract line 12 from line 9. If zero or less, enter zero | | | 13 | 40000 |
| 14 Subtract line 13 from line 8. If zero or less, enter zero | | | 14 | -0- |
| 15 Multiply line 14 by 21% (.21) | | | 15 | -0- |
| 16 Alternative minimum tax foreign tax credit | | | 16 | -0- |
| 17 Tentative minimum tax (subtract line 16 from line 15) | | | 17 | -0- |
| 18 Regular tax before credits (Form 1040, line 37) minus foreign tax credit (Form 1040, line 44) | | | 18 | -0- |
| 19 Alternative minimum tax (subtract line 18 from line 17). Enter on Form 1040, line 49 | | | 19 | -0- |

**For Paperwork Reduction Act Notice, see separate instructions.**

1001

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax—Individuals

▶ See separate instructions.

▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 1545-0227

**1988**

Attachment Sequence No. 32

Name(s) as shown on Form 1040

Your social security number

| | | | | | |
|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 37 (can be less than zero) | | | 1 | <1,104,907> |
| 2 | Net operating loss deduction. (Do not enter as a negative amount.) | | | 2 | 1,034,995 |
| 3 | Add lines 1 and 2 | | | 3 | <69,912> |
| 4 | Adjustments: (See line-by-line instructions before completing.) | | | | |
| a | Standard deduction from Form 1040, line 34 | 4a | | | |
| b | Personal exemption amount from Form 1040, line 36 | 4b | 3900 | | |
| c | Medical and dental expense | 4c | | | |
| d | Miscellaneous itemized deductions from Schedule A, line 24 | 4d | | | |
| e | Taxes from Schedule A, line 8 | 4e | | | |
| f | Refund of taxes | 4f | ( ) | | |
| g | Interest from Schedule A, line 12b | 4g | | | |
| h | Other interest adjustments | 4h | | | |
| i | Combine lines 4a through 4h | | | 4i | 3900 |
| j | Depreciation of property placed in service after 1986 | 4j | | | |
| k | Circulation and research and experimental expenditures paid or incurred after 1986 | 4k | | | |
| l | Mining exploration and development costs paid or incurred after 1986 | 4l | | | |
| m | Long-term contracts entered into after 2/28/86 | 4m | | | |
| n | Pollution control facilities placed in service after 1986 | 4n | | | |
| o | Installment sales of certain property | 4o | | | |
| p | Adjusted gain or loss | 4p | | | |
| q | Certain loss limitations | 4q | | | |
| r | Tax shelter farm loss | 4r | | | |
| s | Passive activity loss | 4s | | | |
| t | Beneficiaries of estates and trusts | 4t | | | |
| u | Combine lines 4j through 4t | | | 4u | |
| 5 | Tax preference items: (See line-by-line instructions before completing.) | | | | |
| a | Appreciated property charitable deduction | 5a | | | |
| b | Tax-exempt interest from private activity bonds issued after August 7, 1986 | 5b | | | |
| c | Depletion | 5c | | | |
| d | Add lines 5a through 5c | | | 5d | |
| e | Accelerated depreciation of real property placed in service before 1987 | 5e | 3841 | | |
| f | Accelerated depreciation of leased personal property placed in service before 1987 | 5f | | | |
| g | Amortization of certified pollution control facilities placed in service before 1987 | 5g | | | |
| h | Incentive stock options. See instructions | 5h | | | |
| i | Intangible drilling costs | 5i | | | |
| j | Reserves for losses on bad debts of financial institutions | 5j | | | |
| k | Add lines 5e through 5j | | | 5k | 3841 |
| 6 | Combine lines 3, 4i, 4u, 5d, and 5k | | | 6 | <62171> |
| 7 | Alternative tax net operating loss deduction. (Do not enter more than 90% of line 6.) See instructions | | | 7 | -0- |
| 8 | Alternative minimum taxable income (subtract line 7 from line 6). If married filing separate returns, see instructions | | | 8 | <62171> |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000 |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000 |
| 11 | Subtract line 10 from line 8. If -0- or less, enter -0- here and on line 12 and go to line 13. If this line is more than -0-, go to line 12 | | | 11 | -0- |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | -0- |
| 13 | Subtract line 12 from line 9. If -0- or less, enter -0- | | | 13 | 40000 |
| 14 | Subtract line 13 from line 8. If -0- or less, enter -0- here and on line 19. If this line is more than -0-, go to line 15 | | | 14 | -0- |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | -0- |
| 16 | Alternative minimum tax foreign tax credit. See instructions | | | 16 | -0- |
| 17 | Tentative minimum tax (subtract line 16 from line 15) | | | 17 | -0- |
| 18 | Regular tax before credits (Form 1040, line 38) minus foreign tax credit (Form 1040, line 43). See instructions | | | 18 | -0- |
| 19 | Alternative minimum tax (subtract line 18 from line 17). Enter on Form 1040, line 49. If -0- or less, enter -0- | | | 19 | -0- |

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax—Individuals

▶ See separate instructions.
▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 154
198
Attachment Sequence No

Name(s) shown on Form 1040 | Your social security number

| Line | Description | Box | Amount | Line | Amount |
|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 37 (can be less than zero) | | | 1 | 438,954 |
| 2 | Net operating loss deduction, if any, from Form 1040, line 22. (Enter as a positive amount.) | | | 2 | 1,101,007 |
| 3 | Add lines 1 and 2 | | | 3 | 1,539,961 |
| 4 | **Adjustments:** (See instructions before completing.) | | | | |
| a | Standard deduction, if applicable, from Form 1040, line 34 | 4a | | | |
| b | Personal exemption amount from Form 1040, line 36 | 4b | 4000 | | |
| c | Medical and dental expense | 4c | | | |
| d | Miscellaneous itemized deductions from Schedule A (Form 1040), line 24 | 4d | | | |
| e | Taxes from Schedule A (Form 1040), line 8 | 4e | 5482 | | |
| f | Refund of taxes | 4f | ( ) | | |
| g | Personal interest from Schedule A (Form 1040), line 12b | 4g | 2659 | | |
| h | Other interest adjustments | 4h | | | |
| i | Combine lines 4a through 4h | | | 4i | 12,141 |
| j | Depreciation of property placed in service after 1986 | 4j | | | |
| k | Circulation and research and experimental expenditures paid or incurred after 1986 | 4k | | | |
| l | Mining exploration and development costs paid or incurred after 1986 | 4l | | | |
| m | Long-term contracts entered into after 2/28/86 | 4m | | | |
| n | Pollution control facilities placed in service after 1986 | 4n | | | |
| o | Installment sales of certain property | 4o | | | |
| p | Adjusted gain or loss | 4p | | | |
| q | Certain loss limitations | 4q | | | |
| r | Tax shelter farm loss | 4r | | | |
| s | Passive activity loss | 4s | | | |
| t | Beneficiaries of estates and trusts | 4t | | | |
| u | Combine lines 4j through 4t | | | 4u | |
| 5 | **Tax preference items:** (See instructions before completing.) | | | | |
| a | Appreciated property charitable deduction | 5a | | | |
| b | Tax-exempt interest from private activity bonds issued after 8/7/86 | 5b | | | |
| c | Depletion | 5c | | | |
| d | Add lines 5a through 5c | | | 5d | |
| e | Accelerated depreciation of real property placed in service before 1987 | 5e | | | |
| f | Accelerated depreciation of leased personal property placed in service before 1987 | 5f | | | |
| g | Amortization of certified pollution control facilities placed in service before 1987 | 5g | | | |
| h | Intangible drilling costs | 5h | | | |
| i | Add lines 5e through 5h | | | 5i | |
| 6 | Combine lines 3, 4i, 4u, 5d, and 5i | | | 6 | 1,552,102 |
| 7 | Alternative tax net operating loss deduction. (Do not enter more than 90% of line 6.) See Instructions. | | | 7 | 1,088,866 |
| 8 | Alternative minimum taxable income (subtract line 7 from line 6). If married filing a separate return, see Instructions. | | | 8 | 463,236 |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000 |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000 |
| 11 | Subtract line 10 from line 8. If the result is -0- or less, enter -0- here and on line 12 and go to line 13 | | | 11 | 313236 |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | 78309 |
| 13 | Subtract line 12 from line 9. If the result is -0- or less, enter -0-. If completing this form for a child under age 14, see the instructions for the amount to enter on this line | | | 13 | -0- |
| 14 | Subtract line 13 from line 8. If the result is -0- or less, enter -0- here and on line 19 | | | 14 | 463236 |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | 97280 |
| 16 | Alternative minimum tax foreign tax credit. See Instructions | | | 16 | -0- |
| 17 | Tentative minimum tax (subtract line 16 from line 15) | | | 17 | 97280 |
| 18 | Enter your tax from Form 1040, line 38, minus any foreign tax credit on Form 1040, line 43. If an amount is entered on line 39 of Form 1040, see Instructions | | | 18 | 124027 |
| 19 | Alternative minimum tax (subtract line 18 from line 17). Enter on Form 1040, line 49. If the result is -0- or less, enter -0-. If completing this form for a child under age 14, see the instructions for the amount to enter | | | 19 | -0- |

For Paperwork Reduction Act Notice, see separate Instructions.



* 1,101,007

Name of Taxpayer: John & Maureen Berg

ID Number:

Schedule 12 of 12

1989 TAX YEAR INTEREST COMPUTATION

| | | | |
|---|---|---|---|
| 10/15/90 to 12/31/90 | 11% compound interest | 2,337 | |
| 1/01/91 to 3/31/91 | 11% compound interest | 2,801 | |
| 4/01/91 to 5/05/91 | 10% compound interest | 1,009 | |
| | Total Interest | | 6,147 |
| Tax Due | | 99,559 | |
| Plus: Interest 10/15/90 to 5/05/91 | | 6,147 | |
| AMOUNT DUE | | | 105,706 |

Name of Taxpayer: John & Maureen Berg

1986 TAX YEAR INTEREST CALCULATION

| | | | |
|---|---|---|---|
| 10/15/87 to 12/31/87 | 9% compound interest | 3,435 | |
| 01/01/88 to 03/31/88 | 10% compound interest | 4,560 | |
| 04/01/88 to 06/30/88 | 9% compound interest | 4,248 | |
| 07/01/88 to 09/30/88 | 9% compound interest | 4,393 | |
| 10/01/88 to 12/31/88 | 10% compound interest | 4,999 | |
| 01/01/89 to 03/31/89 | 10% compound interest | 4,958 | |
| 04/01/89 to 06/30/89 | 11% compound interest | 5,722 | |
| 07/01/89 to 09/30/89 | 11% compound interest | 5,947 | |
| 10/01/89 to 12/31/89 | 10% compound interest | 5,612 | |
| 01/01/90 to 03/31/90 | 10% compound interest | 5,569 | |
| 04/01/90 to 06/30/90 | 10% compound interest | 5,772 | |
| 07/01/90 to 09/30/90 | 10% compound interest | 6,116 | |
| 10/01/90 to 12/31/90 | 10% compound interest | 6,140 | |
| 01/01/91 to 03/31/91 | 10% compound interest | 6,158 | |
| 04/01/91 to 05/10/91 | 9% compound interest | 2,569 | |
| | Total Interest | | 76,198 |

| | | |
|---|---|---|
| Tax Due | (179,241) | |
| Plus: Interest 10/15/87 to 05/10/91 | (76,198) | |
| AMOUNT DUE | | (255,439) |

Department of Treasury
Internal Revenue Service
Form 656 (Rev. 1-97)
Catalog Number 16728N

Form 656

# Offer in Compromise

**Item 1**

Taxpayer's Name and Home or Business Address

Name: John G & Maureen R Berg

Street Address: 606 Gates Street
Philadelphia, PA 19128

City State Zip Code

Mailing Address (if different from above)

City State Zip Code

**Item 2**

Social Security Numbers

(a) Primary 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

(b) Secondary 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

**Item 3**

Employer Identification Number (Included in offer)

**Item 4**

Other Employer Identification Numbers (Not Included in offer)

**Item 5**

**To: Commissioner of Internal Revenue Service**

**I/we (includes all types of taxpayers) submit this offer to compromise the tax liabilities plus any interest, penalties, additions to tax, and additional amounts required by law (tax liability) for the tax type and period marked below:** (Please mark an "X" for the correct description and fill-in the correct tax period(s), adding additional periods if needed.)

XX **1040/1120 Income Tax—Year(s)** 1989

☐ **941 Employer's Quarterly Federal Tax Return—Quarterly Period(s)**

☐ **940 Employer's Annual Federal Unemployment (FUTA) Tax Return—Year(s)**

☐ **Trust Fund Recovery Penalty** as a responsible person of (enter corporation name)

for failure to pay withholding and Federal Insurance Contributions Act Taxes (Social Security taxes)—Period(s)

☐ **Other Federal taxes** (specify type and periods(s))

**Item 6**

**I/we submit this offer for the reason(s) checked below:**

XX **Doubt as to Liability** — "I do not believe I owe this amount." You must include a detailed explanation of the reasons you believe you do not owe the tax.

☐ **Doubt as to Collectibility**—"I have insufficient assets and income to pay the full amount." You must include a complete financial statement (Form 433-A and/or Form 433-B).

**Item 7**

**I/We offer to pay $** 10.00

☐ **Paid in full with this offer.**

XX **Deposit of $__________ with this offer.**

☐ **No deposit.**

Check one of the following boxes.

☐ Balance to be paid in ☐ 10, ☐ 30, ☐ 60, or ☐ 90 days from notice of acceptance of the offer. If more than one payment will be paid during the time frame checked, provide the amount of the payment and date to be paid on the line below.

☐ Other proposed payment terms. Enter the specific dates (mm/dd/yy format) and dollar amounts of the the payment terms you propose on the lines below.

**In addition to the above amount, IRS will add interest from the date IRS accepts the offer until the date you completely pay the amount offered, as required by section 6621 of the Internal Revenue Code. IRS compounds interest daily, as required by section 6622 of the Internal Revenue Code.**

Item 8

**By submitting this offer, I/we understand and agree to the following conditions:**

(a) I/we voluntarily submit all payments made on this offer.

(b) IRS will apply payments made under the terms of this offer in the best interest of the government.

(c) If IRS rejects the offer or I/we withdraw the offer, IRS will return any amount paid with the offer. If I/we agree in writing, IRS will apply the amount paid with the offer to the amount owed. If I/we agree to apply the payment, the date the offer is rejected or withdrawn will be considered the date of payment. I/we understand that IRS will not pay interest on any amount I/we submit with the offer.

**(d) I/we will comply with all provisions of the Internal Revenue Code relating to filing my/our returns and paying my/our required taxes for 5 years from the date IRS accepts the offer. This condition does not apply to offers based on Doubt as to Liability.**

(e) I/we waive and agree to the suspension of any statutory periods of limitation (time limits provided for by law) for IRS assessment and collection of the tax liability for the tax periods identified in item (5).

(f) IRS will keep all payments and credits made, received, or applied to the amount being compromised before this offer was submitted. IRS may keep any proceeds from a levy served prior to submission of the offer, but not received at the time the offer is submitted. If I/we have an installment agreement prior to submitting the offer, I/we must continue to make the payments as agreed while this offer is pending. Installment agreement payments will not be applied against the amount offered.

**(g) IRS will keep any refund, including interest, due to me/us because of overpayment of any tax or other liability, for tax periods extending through the calendar year that IRS accepts the offer. *I/we may not designate a refund, to which the IRS is entitled, to be applied to estimated tax payments for the following year.*** This condition doesn't apply if the offer is based only on Doubt as to Liability.

(h) I/we will return to IRS any refund identified in (g) received after submission of this offer. This condition doesn't apply if the offer is based only on Doubt as to Liability.

(i) The total amount IRS can collect under this offer can not be more than the full amount of the tax liability.

(j) I/we understand that I/we remain responsible for the full amount of the tax liability, unless and until IRS accepts the offer in writing and I/we have met all the terms and conditions of the offer. IRS won't remove the original amount of the tax liability from its records until I/we have met all the terms of the offer.

(k) I/we understand that the tax I/we offer to compromise is and will remain a tax liability until I/we meet all the terms and conditions of this offer. If I/we file bankruptcy before the terms and conditions of this offer are completed, any claim the IRS files in the bankruptcy proceeding will be a tax claim.

(l) Once IRS accepts the offer in writing, I/we have no right to contest, in court or otherwise, the amount of the tax liability.

(m) The offer is pending starting with the date an authorized IRS official signs this form and accepts my/our waiver of the statutory periods of limitation. The offer remains pending until an authorized IRS official accepts, rejects or acknowledges withdrawal of the offer in writing. If I/we appeal the IRS decision on the offer, IRS will continue to treat the offer as pending until the Appeals Office accepts or rejects the offer in writing. If I/we don't file a protest within 30 days of the date IRS notifies me/us of the right to protest the decision, I/we waive the right to a hearing before the Appeals office about the offer in compromise.

**(n) The waiver and suspension of any statutory periods of limitation for assessment and collection of the amount of the tax liability described in item (5), continues to apply: while the offer is pending (see (m) above), during the time I/we have not paid all of the amount offered, during the time I/we have not completed all terms and conditions of the offer, and for one additional year beyond each of the time periods identified in this paragraph.**

(o) If I/we fail to meet any of the terms and conditions of the offer, the offer is in default, then IRS may: immediately file suit to collect the entire unpaid balance of the offer; immediately file suit to collect an amount equal to the original amount of the tax liability as liquidating damages, minus any payments already received under the terms of this offer; disregard the amount of the offer and apply all amounts already paid under the offer against the original amount of tax liability; or file suit or levy to collect the original amount of the tax liability, without further notice of any kind.

*IRS will continue to add interest as required by section 6621 of the Internal Revenue Code, on the amount IRS determines is due after default. IRS will add interest from the date the offer is defaulted until I/we completely satisfy the amount owed.*

Item 9

If I/we submit this offer on a substitute form, I/we affirm that this form is a verbatim duplicate of the official Form 656, and I/we agree to be bound by all the terms and conditions set forth in the official Form 656.

Under penalties of perjury, I declare that I have examined this offer, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct and complete.

(9a) Signature of Taxpayer-proponent [signature]

Date 2/3/99

(9b) Signature of Taxpayer-proponent

Date 2/3/99

**For Official Use Only**

I accept waiver of the statutory period of limitations for the Internal Revenue Service.

Signature of authorized Internal Revenue Service Official

Title

Date

**Internal Revenue Service**
Appeals Large Business and
Specialty Programs
Appeals Office
701 Market Street
Suite 2200
Philadelphia, PA 19106

**Department of the Treasury**

**Person to Contact:**
Robert J. Kerr
Employee ID Number: 23-08355
Tel: 215.597.2177 Ext. 175
Fax: 215.597.7827
**Refer Reply to:**
AP:L:PA:PHI:RJK
**In Re:**
Offer in Compromise
**Tax Period(s) Ended:**
12/1986
12/1989

Date: JUL 17 2002

John & Maureen Berg
138 Montrose Avenue
Unit 41
Bryn Mawr, PA 19010

Dear Mr. & Mrs. Berg:

This refers to your offer of $10.00, submitted February 10, 1999 to compromise your liability for the tax period(s) ending December 31, 1989.

We are sorry but your offer is rejected. You have not furnished sufficient information to support your claim that you paid the tax due on the 1986 return when it was filed. Thus, there is no refundable amount to offset the liability properly assessed for tax year 1989.

We must therefore ask you to pay your account in full as soon as possible. If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

for ARTHUR T SIEMIENTKOWSKI
Appeals Team Manager