# Exhibit 1

RB

William J. Hughes, Jr., Esquire
COOPER LEVENSON APRIL NIEDELMAN
& WAGENHEIM, PA
1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
(609) 344-3161
File No.: 49297-1
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF EASTERN DISTRICT OF PENNSYLVANIA**

FILED JUL 12 2004

| | | |
|---|---|---|
| JOHN G. BERG | : | |
| Plaintiff, | : | Civil Action |
| -versus- | : | No. 04cv3278 |
| JOHN W. SNOW, Secretary of the Treasury of the United States of America | : | **COMPLAINT** |
| Defendant. | | |

John G. Berg ("Berg" or "Plaintiff"), a resident of the State Pennsylvania, by way of complaint against the Defendant, says as follows:

**PARTIES**

1. Plaintiff resides at Unit 59, #138 Montrose Ave., Bryn Mawr, Delaware County, Pennsylvania.

2. Defendant is John W. Snow, in his official capacity, Secretary of the Treasury of the United States of America.

**JURISDICTION & VENUE**

3. Because the nature of the relief sought by Plaintiff is mandamus, this Court has jurisdiction by way of 28 U.S.C. §§ 1361, 1651.

4. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391.

**FACTS & ALLEGATIONS**

5. Plaintiff underwent an audit by the Internal Revenue Service ("IRS") commencing in February, 1991.

6. The audit concluded in April, 1991. At the conclusion of the audit, Plaintiff and the IRS reached an agreement in settlement.

7. Among the terms of the settlement agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit was that Plaintiff was deficient in the amount of $134,058.67 plus interest for income taxes due for calendar year 1989.

8. Also among the terms agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit was that Plaintiff had been over assessed in the amount of $179,241.00 plus interest for income taxes due for calendar year 1986.

9. The over assessment of $179,241.00 plus interest due Plaintiff was to be paid to the Plaintiff by the IRS plus interest.

10. The Plaintiff and the IRS agreed at the conclusion of the 1991 audit that the remaining balance of $45,182.23 plus interest (the net amount of the over assessment for TY 1986 less the agreed assessment for TY 1989) was to be returned to Plaintiff.

11. In reliance on the 1991 agreement between Plaintiff and the IRS that the IRS was obliged to pay Plaintiff $45,182.23, Plaintiff consented to surrendering both ordinary and capital net loss carry-forwards entitled to him.

12. The terms of the agreement and settlement between the Plaintiff and the IRS at the conclusion of the 1991 audit were memorialized in an audit report executed by all parties on April 4, 1991, a true and correct copy is attached hereto and made a part hereof as "**Exhibit 1**."

13. The April 4, 1991 audit report was signed by the Plaintiff and countersigned on or about the same day by IRS agent John Bortulin.

14. After agent Bortulin and Plaintiff executed the audit report, Bortulin's supervisor countersigned the report and entered the assessments on Plaintiff's income tax records as maintained by the IRS.

15. Plaintiff and the IRS bound themselves to the terms of the 1991 audit report. The IRS report and the settlement agreement contained therein placed affirmative legal duties on both parties.

16. The IRS had the affirmative duty recognize that any income tax liability agreed upon by Plaintiff and the IRS for calendar year 1989 was satisfied in full by virtue of the agreed upon overpayment of income taxes for calendar year 1986.

17. The IRS had the affirmative duty to pay Plaintiff the amount of $45,182.23, representing the difference between taxes over assessed and paid by Plaintiff for calendar year 1986 and taxes owed by Plaintiff for TY 1989.

18. Plaintiff had the affirmative duty to refrain from claiming normal and capital net operating loss carry-forwards due to him for the TYs 1986, 1987, 1988, and 1989.

19. In compliance with the agreement between Plaintiff and the IRS contained in the 1991 audit report, Plaintiff has refrained from claiming normal and capital net operating loss carry-forwards for the tax years covered in the audit.

20. The IRS has not complied with the settlement agreement between Plaintiff and the IRS contained in the 1991 audit report.

21. The IRS refuses to perform the affirmative duties placed on it by the settlement agreement contained in the 1991 audit report between Plaintiff and the IRS.

22. Rather, in contravention of the settlement, the IRS claims that Plaintiff is deficient for income taxes due for calendar year 1989.

23. In contravention of the settlement, the IRS refuses to pay Plaintiff for taxes over assessed for TY 1986, or credit said taxes to the amount assessed against Plaintiff for TY 1989.

24. On April 11, 1995 Plaintiff attempted to rectify the IRS's refusal to honor the terms of the settlement by making an Offer in Compromise.

25. On August 4, 1995 the IRS rejected Plaintiff's Offer in Compromise, despite the agreed upon settlement contained in the 1991 audit report.

26. Instead, the IRS continued to insist that it did not owe Plaintiff the funds that were agreed upon as being overpaid by Plaintiff for TY 1986, only that Plaintiff owed the IRS $134,058.67 for the agreed assessment for TY 1989.

27. On February 26, 1999, Plaintiff submitted a second Offer in Compromise to the IRS. A true and correct copy of this Offer in Compromise is attached hereto and made a part hereof as **"Exhibit 2."**

28. Plaintiff's second Offer in Compromise, like the first, was based upon the terms agreed upon by Plaintiff and the IRS at the conclusion of the 1991 audit.

29. On July 30, 2002, the IRS rejected Plaintiff's second Offer in Compromise. A true and correct copy of this rejection of Offer in Compromise is attached hereto and made a part hereof as **"Exhibit 3."**

## RELIEF SOUGHT

30. Paragraphs 1 through 29 are restated and re-alleged as if fully set forth herein and incorporated by this reference.

31. Plaintiff has a clear legal right to have the settlement reached and agreed upon by him and the IRS honored by the Secretary of the Treasury.

32. The Secretary of the Treasury has the legal duty to perform according to the terms of the settlement between the Plaintiff and the IRS.

33. A refund suit for taxes over assessed for calendar year 1986 pursuant to 26 U.S.C. § 7422 would not be an adequate remedy for Plaintiff because neither he nor the IRS have access to the pertinent records and documents.

**WHEREFORE**, Plaintiff requests that this Court:

A. Order that the Secretary of the Treasury comply with the terms of the settlement agreement between Plaintiff and the IRS contained in the 1991 audit report;

B. Order that the Secretary of the Treasury perform the duty mandated upon him by law and recognize that the income tax liability of Plaintiff for the calendar year 1989 is satisfied by Plaintiff's overpayment of income taxes for calendar year 1986;

C. Order that the Secretary of the Treasury perform the duty mandated upon him by law and pay Plaintiff $45,182.23 plus accrued and accumulated interest as per the terms of the settlement agreement;

D. Order such further relief that this Court deems just and equitable.

COOPER LEVENSON APRIL
NIEDELMAN & WAGENHEIM, P.A.

By ______________________
WILLIAM J. HUGHES JR

DATED: June 30, 2004

CPAC; 473820.1

# CIVIL COVER SHEET

he JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required b ıw, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of th lerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.

**I.(a) PLAINTIFFS**
John J. Berg

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF DELAWARE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WILLIAM J. HUGHES, JR., ESQ.
COOPER LEVENSON
1125 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401 (609)344-3161

**DEFENDANTS**
John W. Snow, Sec. of the Treasury of USA
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in this State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**/. NATURE OF SUIT** *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veterans Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal injury — Med. Malpractice
- ☐ 365 Personal injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 UC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung
- ☐ 863 DIWC/DIWW
- ☐ 864 SSID
- ☐ 865 RSI (405g

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**. ORIGIN** *(PLACE AN "x" IN ONE BOX ONLY)*

| 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**I. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Writ of Mandamus

**II. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23 **DEMAND** $ **CHECK YES only if demanded in complaint: JURY DEMAND** ☐ YES ☒ NO

**II. RELATED CASE(S)** (See Instructions): **IF ANY** JUDGE ______ **DOCKET NUMBER** ______

ιTE SIGNATURE OF ATTORNEY OF RECORD
ıly 8, 2004

ıR OFFICE USE ONLY

CEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officer of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOHN J. BERG | : | CIVIL ACTION |
| v. | : | |
| JOHN W. SNOW, Secretary of the Treasury | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (xxx)

| | | |
|---|---|---|
| 7/8/04 | [signature] | Plaintiff |
| Date | Attorney-at-law | Attorney for |
| 609-344-3161 | 609-344-0939 | whughes@cooperlevenson.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 138 Montrose Avenue, Unit 59, Bryn Mawr, PA 19010-1563

Address of Defendant: Dept. of Treasury, 1500 Pennsylvania Ave., N.W. Wash. DC 20220

Place of Accident, Incident or Transaction: ____________________

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: __________ Judge __________ Date Terminated: __________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐x
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐x
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐xx All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, William J. Hughes, Jr., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐x Relief other than monetary damages is sought.

DATE: 7/8/04 [signature] Attorney-at-Law 68297 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 7/8/04 [signature] 68297

1

INTERNAL REVENUE SERVICE
601 S. HENDERSON RD.
KING OF PRUSSIA, PA. 19406
ATTN:E1343:JB

Department of the Treasury

District Director

Telephone Number: 962-5009

Refer Reply To: E:1343:JB

Date: 4-4-91

Mr. John Berg
1201 Walton Road
Blue Bell, Pa. 19422

Dear Mr. Berg:

Enclosed are two copies of Form 4549 reflecting the results of the audit of your 1986 through 1989 tax returns that we discussed on the phone today. Please sign the original and return it to me as soon as possible. You may keep the other copy for your records.

Thank you for your time and cooperation in this matter. If you have any questions don't hesitate to call me.

Sincerely,

John Bortulin
Internal Revenue Agent
Exam Group 1343

This report supersedes report issued 3-8-91



Form 4549 (Rev. 8-84) | Department of the Treasury - Internal Revenue Service Income Tax Examination Changes | Return Form No. 1040

Name and Address of Taxpayers: JOHN & MAUREEN BERG, 1201 WALTON ROAD, BLUE BELL, PA 19422

S.S. or E.I. Number: 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

Filing Status: JOINT

Person with Whom Examination Changes were Discussed — Name and Title: Taxpayer

| 1. Adjustments to Income | Year: 8612 | Year: 8712 | Year: 8812 |
|---|---|---|---|
| a. SCHEDULE C CONTRACT PAYMENTS | 497,876.00 | | 262,662.00 |
| b. SCHEDULE D | (2,847,985.00) | | |
| c. GAIN ON FORGIVENESS OF DEBT | 560,382.00 | | |
| d. NOL DEDUCTION | 1,237,850.00 | 2,082,108.00 | 2,081,109.00 |
| e. SCHEDULE C | | (935,475.00) | |
| f. | | | |
| 2. Total Adjustments | (501,877.00) | 1,146,633.00 | 2,343,770.00 |
| 3. Adjusted Gross, Taxable or Tax Table Income Shown on Return or as Previously Adjusted | (1,105,257.00) | (2,191,088.00) | (3,453,677.00) |
| 4. Corrected Adjusted Gross, Taxable or Tax Table | (1,607,134.00) | (1,044,455.00) | (1,109,907.00) |
| 5. Tax | 0.00 | 0.00 | 0.00 |
| 6. Alternative Tax | 0.00 | 0.00 | 0.00 |
| 7. Corrected Tax Liability | 0.00 | 0.00 | 0.00 |
| 8. Less Credits | 0.00 | 0.00 | 0.00 |
| 9. Balance | 0.00 | 0.00 | 0.00 |
| 10. Plus Other Taxes ALTERNATIVE MINIMUM TAX | 0.00 | 0.00 | 0.00 |
| 11. Total Corrected Tax Liability | 0.00 | 0.00 | 0.00 |
| 12. Total Tax Shown on the Return or as Previously Adjusted | 179,241.00 | 0.00 | 0.00 |
| 13. Deficiency - Increase in Tax or (Overassessment) | (179,241.00) | 0.00 | 0.00 |
| 14. Adjustments to Prepayment Credits | 0.00 | 0.00 | 0.00 |
| 15. Balance Due or (Overpayment), Not including Interest | (179,241.00) | 0.00 | 0.00 |
| 16. Penalties | | | |

Other Information:
ON 12-24-87 YOU FILED CLAIM FORM 1040-X FOR A REFUND OF $179,241 FOR 1986. AS THE RESULT OF OUR EXAMINATION, WE HAVE ALLOWED YOUR CLAIM IN FULL. HOWEVER OTHER ADJUSTMENTS ARE INCLUDED ON THIS REPORT.

Examiner's Signature: [signature] | District: Philadelphia, PA | Date: 4-4-91

Consent to Assessment and Collection - I do not wish to exercise my appeals rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

Signature of Taxpayer: [signature] | Date | Signature of Taxpayer | Date

By | Title | Date

Form 4549 (Rev. 8-84) | Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes | Return Form No. 1040

| Name and Address of Taxpayers | S.S. or E.I. Number | Filing Status |
|---|---|---|
| JOHN & MAUREEN BERG<br>1201 WALTON ROAD<br>BLUE BELL, PA 19422 | 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 | JOINT |
| | Person with Whom Examination Changes were Discussed | Name and Title: Taxpayer |

| | Year: 8912 | Year: | Year: |
|---|---|---|---|
| 1. Adjustments to Income | | | |
| a. NOL DEDUCTION | 438,954.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| 2. Total Adjustments | 438,954.00 | | |
| 3. Adjusted Gross, Taxable or Tax Table Income Shown on Return or as Previously Adjusted | 0.00 | | |
| 4. Corrected Adjusted Gross, Taxable or Tax Table | 438,954.00 | | |
| 5. Tax | 124,027.00 | | |
| 6. Alternative Tax | 0.00 | | |
| 7. Corrected Tax Liability | 124,027.00 | | |
| 8. Less Credits | 0.00 | | |
| 9. Balance | 124,027.00 | | |
| 10. Plus Other Taxes ALTERNATIVE MINIMUM TAX | 0.00 | | |
| 11. Total Corrected Tax Liability | 124,027.00 | | |
| 12. Total Tax Shown on the Return or as Previously Adjusted | 24,468.00 | | |
| 13. Deficiency - Increase in Tax or (Overassessment) | 99,559.00 | | |
| 14. Adjustments to Prepayment Credits | 0.00 | | |
| 15. Balance Due or (Overpayment), Not including Interest | 99,559.00 | | |
| 16. Penalties | | | |

Other Information:

| Examiner's Signature | District | Date |
|---|---|---|
| [signature] | Philadelphia, PA | 4-4-91 |

Consent to Assessment and Collection - I do not wish to exercise my appeals rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

| Signature of Taxpayer | Date | Signature of Taxpayer | Date |
|---|---|---|---|
| [signature] | | | |
| By | | Title | Date |

| Form 886-A | EXPLANATION OF ITEMS | Schedule No. or Exhibit 3 of 12 |
|---|---|---|
| Name of Taxpayer<br>John & Maureen Berg | | Year/Period<br>1986 -- 1989 |

**Schedule C Contract Payments**

The restitution payments paid are not deductible under Treasury Regulation 1.162-21(b)(1)(i). In H. Waldman, 88 TC 1384, Dec. 43,932, Affd. per curiam, Ca-9, 88-2 USTC 9424, it was ruled that restitution payments ordered by the Court after a guilty plea are not deductible.

**Schedule D (1986)**

The long term capital losses identified as "loss on forgiveness of debt" are actually bad debts and should be deducted as short term capital losses rather then long term capital losses.

The following were converted from long term to short term losses:

| | |
|---|---|
| Loss on forgiveness of debt - American Real Estate Associates Inc. | (1,003,600) |
| Loss on forgiveness of debt - First Philadelphia Real [illegible] Inc. | (1,245,650) |
| Loss on forgiveness of debt - Corporate Support Services | ( 16,198) |

The long term gain desig[illegible]ted "John G. Berg Associates - Forgiveness of debt" is income from cancellat[illegible] of indebtedness. This should be treated as ordinary income rather then a c[illegible]ital gain.

See copy of corrected For[illegible] Schedule D.

**Gain on Forgiveness of Debt**

See above.

**NOL Deduction**

Based on adjustments made the NOL's were adjusted. Also, NOL carryforwards were adjusted by the amount of restitution payments deducted in 1984 and 1985. These were $774,974 and $ 512,876 respectively. See calculation of corrected NOL's.

**Schedule C (1987)**

The adjustment is to correct an error which occured at the Philadelphia Service Center when the return was processed. Apparently the net Schedule C loss as reported was not posted. The taxable income figure (line 3, Form 4549) reflects this. The purpose of this adjustment is to make the revenue agent's report agree with the return as it is reflected in the computer. The adjustment has no effect on the return as filed.

6

BERG
1040 8612-8912

JB
12-19-90

NET OPERATING LOSSES AS ADJUSTED

| | | |
|---|---|---|
| BALANCE 1/1/84 (NOLD) | | (1,860,166) |
| NOL - 1983 - MAUREEN BERG | | (82,542) |
| BALANCE - ADJUSTED 1/1/84 | | (1,942,708) |
| (1) NET OPERATING LOSS - 1984 (AS ADJUSTED) | | (2,664,167) |
| BALANCE 1/1/85 (NOLD) | | (4,606,875) |
| (1) INCOME - 1985 (AS ADJUSTED) | | 2,506,128 |
| BALANCE 1/1/86 (NOLD) | | (2,100,747) |
| (1) INCOME - 1986 (AS CORRECTED, CLAIM ALLOWED) | 695,198 | |
| (2) 1202 DEDUCTION (AS CORRECTED, CLAIM ALLOWED) | 1,286,459 | 1,981,657 |
| BALANCE 1/1/87 (NOLD) | | (119,090) |
| NET OPERATING LOSS - 1987 | | (915,905) |
| BALANCE 1/1/88 (NOLD) | | (1,034,995) |
| (1) INCOME - 1988 (AS CORRECTED) | | (66,012) |
| BALANCE 1/1/89 (NOLD) | | (1,101,007) |
| INCOME - 1989 | | 1,765,940 |
| BALANCE 1/1/90 (NOLD) | | 0 |

| | 8612 | 8712 | 8812 | 8912 |
|---|---|---|---|---|
| NOL DEDUCTION PER RETURN | 3,388,597 | 2,201,198 | 3,116,103 | 1,539,961 |
| NOL DEDUCTION ALLOWABLE | 2,100,747 | 119,090 | 1,034,995 | 1,101,007 |
| ADJUSTMENT | 1,287,850 | 2,082,108 | 2,081,108 | 438,954 |

(1) See Page 7
(2) See Page 5

4c/

SCHEDULE D (Form 1040)

Department of the Treasury Internal Revenue Service (X)

# Capital Gains and Losses and Reconciliation of Forms 1099-B

▶ Attach to Form 1040. ▶ See Instructions for Schedule D (Form 1040).

For Paperwork Reduction Act Notice, see Form 1040 Instructions.

OMB No. 1545-0074

1986

Attachment Sequence No. 12

Name(s) as shown on Form 1040 | Your social security number

1 Report here, the total sales of stocks, bonds, etc., reported for 1986 by your broker to you on Form(s) 1099-B or an equivalent substitute statement(s) . . . . . . . . . . . . . . . . . 1

If this amount differs from the total of lines 2b and 9b, column (d), attach a statement explaining the difference. See the instructions for line 1, Schedule D (Form 1040) for examples.

## Part I Short-term Capital Gains and Losses—Assets Held Six Months or Less

| (a) Description of property (Example, 100 shares 7% preferred of "Z" Co.) | (b) Date acquired (Mo., day, yr.) | (c) Date sold (Mo., day, yr.) | (d) Sales price (see instructions) | (e) Cost or other basis (see instructions) | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|
| **2a Form 1099-B Transactions (Sales of Stocks, Bonds, etc.):** | | | | | | |
| Per Return | | | | | | 63000 |
| Per Return | | | | | | 2716,437 |
| LT converted to ST | | | | | 2,265,448 | |
| (1,003,600 + 1,245,650 + 16,198) | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **2b Total (add column (d))** . . . . . . . . . ▶ | | | | | | |
| **2c Other Transactions:** | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | Line | (f) LOSS | (g) GAIN |
|---|---|---|---|
| 3 Short-term gain from sale or exchange of a principal residence from Form 2119, lines 6 or 12 | 3 | | |
| 4 Short-term gain from installment sales from Form 6252, lines 22 or 30 . . . | 4 | | |
| 5 Net short-term gain or (loss) from partnerships, S corporations, and fiduciaries . | 5 | 277,672 | |
| 6 Short-term capital loss carryover from years beginning after 1969 . . . . . | 6 | 384,704 * | |
| 7 Add all of the transactions on lines 2a and 2c and lines 3 through 6 in columns (f) and (g) . . . | 7 | (2,927,824) | 2,779,633 |
| 8 Net short-term gain or (loss), combine columns (f) and (g) of line 7 . . . . . . . . . . | 8 | | 148,191 |

## Part II Long-term Capital Gains and Losses—Assets Held More Than Six Months

| (a) Description of property | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS | (g) GAIN |
|---|---|---|---|---|---|---|
| **9a Form 1099-B Transactions (Sales of Stocks, Bonds, etc.):** | | | | | | |
| Per Return | | | | | | 3,379,637 |
| Add LT converted to ST | | | | | | 2,265,448 |
| Less LT converted to Ordinary | | | | | | ⟨560,382⟩ |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **9b Total (add column (d))** . . . . . . . . . ▶ | | | | | | |
| **9c Other Transactions:** | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | Line | (f) LOSS | (g) GAIN |
|---|---|---|---|
| 10 Long-term gain from sale or exchange of a principal residence from Form 2119, lines 6, 8, or 12 | 10 | | |
| 11 Long-term gain from installment sales from Form 6252, lines 22 or 30 . . . . | 11 | | |
| 12 Net long-term gain or (loss) from partnerships, S corporations, and fiduciaries . | 12 | | |
| 13 Capital gain distributions . . . . . . . . . . . . . . . . | 13 | | |
| 14 Enter gain from Form 4797, lines 6 or 8 . . . . . . . . . . . . | 14 | | |
| 15 Long-term capital loss carryover from years beginning after 1969 . . . . . | 15 | 2,940,605 * | |
| 16 Add all of the transactions on lines 9a and 9c and lines 10 through 15 in columns (f) and (g) | 16 | (2,940,605) | 5,084,704 |
| 17 Net long-term gain or (loss), combine columns (f) and (g) of line 16 . . . . . . . . . | 17 | | 2,144,099 |

Schedule D (Form 1040) 1986



* Per Claim Form 1040 X

Schedule D (Form 1040) 1986 Attachment Sequence No. 12 Page 2

**Note:** *If you have capital loss carryovers from years beginning before 1970, do not complete Parts III or IV. See Form 4798 instead.*

| Name(s) as shown on Form 1040 (Do not enter name and social security number if shown on other side.) | Your social security number |
|---|---|
| | |

## Part III Summary of Parts I and II

| | | | |
|---|---|---|---|
| 18 | Combine lines 8 and 17, and enter the net gain or (loss) here | 18 | 2,292,290 |
| | **Note:** *If line 18 is a loss, skip lines 19 through 21 and complete lines 22 and 23. If line 18 is a gain, complete lines 19 through 21 and skip lines 22 and 23.* | | |
| 19 | If line 18 shows a gain, enter the smaller of line 17 or line 18. Enter zero if there is a loss or no entry on line 17 — 19: 2,144,099 | | |
| 20 | Enter 60% of line 19 | 20 | 1,286,459 |
| | *If line 20 is more than zero, you may be liable for the alternative minimum tax. See Form 6251.* | | |
| 21 | Subtract line 20 from line 18. Enter here and on Form 1040, line 13 | 21 | 1,005,831 |
| 22 | If line 18 shows a loss, enter one of the following amounts:<br>a If line 8 is zero or a net gain, enter 50% of line 18;<br>b If line 17 is zero or a net gain, enter line 18; or<br>c If line 8 and line 17 are net losses, enter amount on line 8 added to 50% of the amount on line 17 | 22 | |
| 23 | Enter here and as a loss on Form 1040, line 13, the smallest of:<br>a The amount on line 22;<br>b $3,000 ($1,500 if married and filing a separate return); or<br>c Taxable income, as adjusted (see instructions) | 23 | |

## Part IV Computation of Post-1969 Capital Loss Carryovers From 1986 to 1987

(Complete this part if the loss on line 22 is more than the loss on line 23)

| | | | |
|---|---|---|---|
| 24 | Enter loss shown on line 8; if none, enter zero and skip lines 25 through 28, then go to line 29 | 24 | |
| 25 | Enter gain shown on line 17. If that line is blank or shows a loss, enter zero | 25 | |
| 26 | Subtract line 25 from line 24 | 26 | |
| 27 | Enter smaller of line 23 or line 26 | 27 | |
| 28 | Subtract line 27 from line 26. This is your short-term capital loss carryover from 1986 to 1987 | 28 | |
| 29 | Subtract line 27 from line 23. (Note: If you skipped lines 25 through 28, enter amount from line 23.) | 29 | |
| 30 | Enter loss from line 17; if none, enter zero and skip lines 31 through 34 | 30 | |
| 31 | Enter gain shown on line 8. If that line is blank or shows a loss, enter zero | 31 | |
| 32 | Subtract line 31 from line 30 | 32 | |
| 33 | Multiply amount on line 29 by 2 | 33 | |
| 34 | Subtract line 33 from line 32. This is your long-term capital loss carryover from 1986 to 1987 | 34 | |

## Part V Complete This Part Only if You Elect Out of the Installment Method and Report a Note or Other Obligation at Less Than Full Face Value

Check here if you elect out of the installment method ▶ ☐

Enter the face amount of the note or other obligation. ▶ ____________

Enter the percentage of valuation of the note or other obligation. ▶ ____________

## Part VI Reconciliation of Forms 1099-B For Bartering Transactions

Complete this part if you received one or more Form(s) 1099-B or an equivalent substitute statement(s) reporting bartering income. Enter the amount on the line that indicates the form or schedule you used to report the bartering income.

| | | | Amount of bartering from Form 1099-B or equivalent statement |
|---|---|---|---|
| 35 | Form 1040, line 22 | 35 | |
| 36 | Schedule C (Form 1040) | 36 | |
| 37 | Schedule D (Form 1040) | 37 | |
| 38 | Schedule E (Form 1040) | 38 | |
| 39 | Schedule F (Form 1040) | 39 | |
| 40 | Other (identify) (if not taxable, indicate reason—attach additional sheets if necessary) ▶ ____________ | 40 | |
| 41 | Total (add lines 35 through 40) | 41 | |

**Note:** *The amount on line 41 should be the same as the total bartering on all Forms 1099-B or equivalent statements received.*

| | |
|---|---|
| Per Return | 3,853,816 |
| As Corrected | 1,005,831 |

Barry

1040 8612-8912

NOL Calculation

| | | |
|---|---|---|
| Income - 1984 (As corrected) | | |
| Interest | 4707 | |
| Dividends | 4788 | |
| Sch C (as corrected) | <1149927> | (774,174 disallowed) |
| Sch E | <1523735> | |
| Total | <2664167> | |
| | | |
| Income - 1985 (As corrected) | | |
| Interest | 390 | |
| Dividends | 88 | |
| Sch C (as corrected) | 236446 | (512,876 disallowed) |
| Sch E | 2269204 | |
| Total | 2506128 | |
| | | |
| Income - 1986 (As corrected) | | |
| Interest | 170135 | |
| Sch C (as corrected | <536484> | |
| Sch D (as corrected, claim allowed) | 1005231 | |
| Sch E | <504666> | |
| Gain on Forgiveness of Debt (as corrected) | 560382 | |
| Total | 695198 | |
| | | |
| Income - 1987 (Per return) | <915905> | |
| | | |
| Income - 1988 (As corrected) | | |
| Interest | 3521 | |
| Sch C (As corrected) | <293624> | |
| Sch D | 12262 | |
| F-4797 | 57323 | |
| Sch E | 154506 | |
| Total | <66012> | |
| | | |
| Income - 1989 (Per Return) | 1765940 | |

8

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax Computation

► Attach to Forms 1040, 1040NR, 1041 or 990-T (Trust).

OMB No. 1545-0227

**1986**

Attachment Sequence No. 32

Name(s) as shown on tax return | Identifying number

| Line | Description | Box | Amount | Box | Amount |
|---|---|---|---|---|---|
| 1 | Adjusted gross income (see instructions) | | | 1 | (1405549) |
| 2 | Deductions (Individuals, attach Schedule A (Form 1040))(see instructions): | | | | |
| a (1) | Medical and dental expense from Schedule A, line 5 | 2a(1) | | | |
| (2) | Multiply Form 1040, line 33, by 5% (.05) | 2a(2) | | | |
| (3) | Subtract line 2a(2) from line 2a(1). (If zero or less, enter zero.) | 2a(3) | | | |
| b | Contributions from Schedule A, line 18, OR Form 1040, line 34d | 2b | | | |
| c | ~~Casualty and theft losses from Schedule A, line 19~~ AMT. NOLD carrybacks * | 2c | 1267282 | | |
| d | Qualified interest on property used as a residence (see instructions) | 2d | 48492 | | |
| e (1) | Interest, other than line 2d above, from Schedule A, line 14 | 2e(1) | 140614 | | |
| (2) | Net investment income (If zero or less, enter zero) | 2e(2) | 233335 | | |
| (3) | Enter the smaller of line 2e(1) or line 2e(2) | 2e(3) | 140614 | | |
| f | Gambling losses to the extent of gambling winnings from Schedule A, line 22 | 2f | | | |
| g | Estate tax allowable under section 691(c) from Schedule A | 2g | | | |
| h | Estates and trusts only: Charitable deduction and income distribution deduction | 2h | | | |
| i | Add lines 2a(3), b, c, d, e(3), f, g, and h | | | 2i | 1456388 |
| 3 | Subtract line 2i from line 1. | | | 3 | (2861937) |
| 4 | Tax preference items: | | | | |
| a | Dividend exclusion | 4a | | | |
| b | 60% capital gain deduction | 4b | 1,286,459 | | |
| c | Accelerated depreciation on nonrecovery real property or 15-, 18-, or 19-year real property | 4c | 1202 | | |
| d | Accelerated depreciation on leased personal property or leased recovery property other than 15-, 18-, or 19-year real property. | 4d | | | |
| e | Amortization of certified pollution control facilities | 4e | | | |
| f | Mining exploration and development costs | 4f | | | |
| g | Circulation and research and experimental expenditures | 4g | | | |
| h | Reserves for losses on bad debts of financial institutions | 4h | | | |
| i | Depletion | 4i | | | |
| j | Incentive stock options | 4j | | | |
| k | Intangible drilling costs | 4k | | | |
| l | Add lines 4a through 4k. | | | 4l | 1,287,661 |
| 5 | Alternative minimum taxable income (add lines 3 and 4(l)) (short period returns, see instructions). | | | 5 | (1,574,276) |
| 6 | Enter: $40,000, if married filing joint return or Qualifying widow(er). $30,000, if single or head of household. $20,000, if married filing separate return or estate or trust | | | 6 | 40000 |
| 7 | Subtract line 6 from line 5. If zero or less, do not complete the rest of this form. | | | 7 | -0- |
| 8 | Enter 20% of line 7 | | | 8 | |
| 9 | Amount from Form 1040, line 49, or Form 1040NR, line 49. (Do not include Form 1040, line 39, or Form 1040NR, line 40.) (Estates and trusts, see instructions.). | | | 9 | |
| 10 | Subtract line 9 from line 8. If zero or less, enter zero | | | 10 | |
| 11 | Foreign tax credit | | | 11 | |
| 12 | ALTERNATIVE minimum tax (subtract line 11 from line 10). Enter on your tax return, on the line identified as alternative minimum tax | | | 12 | |

## Instructions

*(Section references are to the Internal Revenue Code)*

**Paperwork Reduction Act Notice.**—We ask for this information to carry out the Internal Revenue laws of the United States. We need it to ensure that taxpayers are complying with these laws and to allow us to figure and collect the right amount of tax. You are required to give us this information.

**Who Must File.**—File this form if: (a) You are liable for the alternative minimum tax; or (b) you have one or more tax preference items on lines 4c through 4k; or (c) your adjusted gross income is more than line 6 and you have an amount on line 2e(3), and line 2e(2) includes income other than interest and dividend income.

Individuals, estates or trusts may be liable if their adjusted gross income plus tax preference items listed on line 4 total more than line 6.

For more information, see Publication 909, Alternative Minimum Tax.

**Minimum Tax Deferred From Earlier Year(s).**—If a net operating loss carryover from an earlier year(s) reduces taxable income for 1986 and the net operating loss giving rise to the carryover resulted in the deferral of minimum tax in that earlier year(s), all or part of the deferred minimum tax may be includible as tax liability for 1986. Figure the deferred minimum tax in the worksheet in Publication 909 and enter it on Form 1040, line 51, or Form 1041, line 31. Write "Deferred Minimum Tax."

**Partners, Beneficiaries, etc.**—If you are a:

*(1)* Partner or shareholder of an S corporation, take into account separately your distributive share of items of income and deductions that enter into the computation of tax preference items.

*(2)* Beneficiary of an estate or trust, see section 58(c) and the line 4(1) instructions.

*(3)* Participant in a common trust fund, see section 58(e).

*(4)* Shareholder or holder of beneficial interest in a regulated investment company or a real estate investment trust, see section 58(f).

**Carryback and Carryover of Unused Credits.**—It may be necessary to figure the carryback or carryover of certain unused credits. See section 55(c)(3).

**Note:** *If you have an earned income credit, you must reduce that credit by any alternative minimum tax.*

## Line-by-Line Instructions

**Line 1, Estates and Trusts.**—Adjusted gross income is figured in the same way as for an

* 8712 → (1205 111)

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax—Individuals

▶ See separate instructions.

▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 1545-0227

**1987**

Attachment Sequence No. 32

Name(s) as shown on Form 1040 | Your social security number

| Line | Description | Box | Amount | Box | Amount |
|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 36 (can be less than zero) | | | 1 | ⟨1,976,170⟩ |
| 2 | Net operating loss deduction (Do not enter as a negative amount) | | | 2 | 119,090 |
| 3 | Add lines 1 and 2 | | | 3 | ⟨1,857,080⟩ |
| 4 | Adjustments: (See instructions before completing.) | | | | |
| a | Standard deduction from Form 1040, line 33b | 4a | | | |
| b | Medical and dental expense | 4b | | | |
| c | Miscellaneous itemized deductions from Schedule A, line 24 | 4c | | | |
| d | Taxes from Schedule A, line 8 | 4d | | | |
| e | Interest from Schedule A, line 12b | 4e | | | |
| f | Other interest adjustments | 4f | | | |
| g | Depreciation of property placed in service after 1986 | 4g | | | |
| h | Circulation and research and experimental expenditures paid or incurred after 1986 | 4h | | | |
| i | Mining exploration and development costs paid or incurred after 1986 | 4i | | | |
| j | Long-term contracts entered into after 2/28/86 | 4j | | | |
| k | Pollution control facilities placed in service after 1986 | 4k | | | |
| l | Installment sales of certain property | 4l | | | |
| m | Basis adjustment | 4m | | | |
| n | Certain loss limitations | 4n | | | |
| o | Tax shelter farm loss | 4o | | | |
| p | Passive activity loss | 4p | | | |
| q | Beneficiaries of estates and trusts | 4q | | | |
| r | Personal exemptions (see instructions) | 4r | 5700 | | |
| s | Total adjustments (combine lines 4a through 4r) | | | 4s | 5700 |
| 5 | Tax preference items: (See instructions before completing.) | | | | |
| a | Accelerated depreciation of real property placed in service before 1987 | 5a | 646269 | | |
| b | Accelerated depreciation of leased personal property placed in service before 1987 | 5b | | | |
| c | Amortization of certified pollution control facilities placed in service before 1987 | 5c | | | |
| d | Appreciated property charitable deduction | 5d | | | |
| e | Incentive stock options | 5e | | | |
| f | Tax-exempt interest from private activity bonds issued after August 7, 1986 | 5f | | | |
| g | Intangible drilling costs | 5g | | | |
| h | Depletion | 5h | | | |
| i | Reserves for losses on bad debts of financial institutions | 5i | | | |
| j | Total tax preference items (add lines 5a through 5i) | | | 5j | 646269 |
| 6 | Combine lines 3, 4s, and 5j | | | 6 | ⟨1,205,111⟩ |
| 7 | Alternative tax net operating loss deduction (Do not enter more than 90% of line 6.) | | | 7 | -0- |
| 8 | Alternative minimum taxable income (subtract line 7 from line 6) | | | 8 | ⟨1,205,111⟩ |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000 |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000 |
| 11 | Subtract line 10 from line 8. If zero or less, enter zero | | | 11 | -0- |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | -0- |
| 13 | Subtract line 12 from line 9. If zero or less, enter zero | | | 13 | 40000 |
| 14 | Subtract line 13 from line 8. If zero or less, enter zero | | | 14 | -0- |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | -0- |
| 16 | Alternative minimum tax foreign tax credit | | | 16 | -0- |
| 17 | Tentative minimum tax (subtract line 16 from line 15) | | | 17 | -0- |
| 18 | Regular tax before credits (Form 1040, line 37) minus foreign tax credit (Form 1040, line 44) | | | 18 | -0- |
| 19 | Alternative minimum tax (subtract line 18 from line 17). Enter on Form 1040, line 49 | | | 19 | -0- |

For Paperwork Reduction Act Notice, see separate instructions.

Form 6251 (1987)

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax—Individuals

▶ See separate Instructions.

▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 1545-0227

**1988**

Attachment Sequence No. 32

Name(s) as shown on Form 1040

Your social security number

| Line | Description | Box | Amount | Box | Amount |
|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 37 (can be less than zero) | | | 1 | <1,104,907> |
| 2 | Net operating loss deduction. (Do not enter as a negative amount.) | | | 2 | 1,034,995 |
| 3 | Add lines 1 and 2 | | | 3 | <69,912> |
| 4 | Adjustments: (See line-by-line instructions before completing.) | | | | |
| a | Standard deduction from Form 1040, line 34 | 4a | | | |
| b | Personal exemption amount from Form 1040, line 36 | 4b | 3900 | | |
| c | Medical and dental expense | 4c | | | |
| d | Miscellaneous itemized deductions from Schedule A, line 24 | 4d | | | |
| e | Taxes from Schedule A, line 8 | 4e | | | |
| f | Refund of taxes | 4f | ( ) | | |
| g | Interest from Schedule A, line 12b | 4g | | | |
| h | Other interest adjustments | 4h | | | |
| i | Combine lines 4a through 4h | | | 4i | 3900 |
| j | Depreciation of property placed in service after 1986 | 4j | | | |
| k | Circulation and research and experimental expenditures paid or incurred after 1986 | 4k | | | |
| l | Mining exploration and development costs paid or incurred after 1986 | 4l | | | |
| m | Long-term contracts entered into after 2/28/86 | 4m | | | |
| n | Pollution control facilities placed in service after 1986 | 4n | | | |
| o | Installment sales of certain property | 4o | | | |
| p | Adjusted gain or loss | 4p | | | |
| q | Certain loss limitations | 4q | | | |
| r | Tax shelter farm loss | 4r | | | |
| s | Passive activity loss | 4s | | | |
| t | Beneficiaries of estates and trusts | 4t | | | |
| u | Combine lines 4j through 4t | | | 4u | |
| 5 | Tax preference items: (See line-by-line instructions before completing.) | | | | |
| a | Appreciated property charitable deduction | 5a | | | |
| b | Tax-exempt interest from private activity bonds issued after August 7, 1986 | 5b | | | |
| c | Depletion | 5c | | | |
| d | Add lines 5a through 5c | | | 5d | |
| e | Accelerated depreciation of real property placed in service before 1987 | 5e | 3841 | | |
| f | Accelerated depreciation of leased personal property placed in service before 1987 | 5f | | | |
| g | Amortization of certified pollution control facilities placed in service before 1987 | 5g | | | |
| h | Incentive stock options. See instructions | 5h | | | |
| i | Intangible drilling costs | 5i | | | |
| j | Reserves for losses on bad debts of financial institutions | 5j | | | |
| k | Add lines 5e through 5j | | | 5k | 3841 |
| 6 | Combine lines 3, 4i, 4u, 5d, and 5k | | | 6 | <62171> |
| 7 | Alternative tax net operating loss deduction. (Do not enter more than 90% of line 6.) See instructions | | | 7 | -0- |
| 8 | Alternative minimum taxable income (subtract line 7 from line 6). If married filing separate returns, see instructions | | | 8 | <62171> |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000 |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000 |
| 11 | Subtract line 10 from line 8. If -0- or less, enter -0- here and on line 12 and go to line 13. If this line is more than -0-, go to line 12 | | | 11 | -0- |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | -0- |
| 13 | Subtract line 12 from line 9. If -0- or less, enter -0- | | | 13 | 40000 |
| 14 | Subtract line 13 from line 8. If -0- or less, enter -0- here and on line 19. If this line is more than -0-, go to line 15 | | | 14 | -0- |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | -0- |
| 16 | Alternative minimum tax foreign tax credit. See instructions | | | 16 | -0- |
| 17 | Tentative minimum tax (subtract line 16 from line 15) | | | 17 | -0- |
| 18 | Regular tax before credits (Form 1040, line 38) minus foreign tax credit (Form 1040, line 43). See instructions | | | 18 | -0- |
| 19 | Alternative minimum tax (subtract line 18 from line 17). Enter on Form 1040, line 49. If -0- or less, enter -0- | | | 19 | -0- |

Form **6251**

Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax—Individuals

▶ See separate Instructions.
▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 15
198
Attachment Sequence No

Name(s) shown on Form 1040 | Your social security number

| Line | Description | Sub-line | Sub-amount | Line | Amount |
|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 37 (can be less than zero) | | | 1 | 438,954 |
| 2 | Net operating loss deduction, if any, from Form 1040, line 22. (Enter as a positive amount.) | | | 2 | 1,101,007 |
| 3 | Add lines 1 and 2 | | | 3 | 1,539,961 |
| 4 | **Adjustments:** (See Instructions before completing.) | | | | |
| a | Standard deduction, if applicable, from Form 1040, line 34 | 4a | | | |
| b | Personal exemption amount from Form 1040, line 36 | 4b | 4000 | | |
| c | Medical and dental expense | 4c | | | |
| d | Miscellaneous itemized deductions from Schedule A (Form 1040), line 24 | 4d | | | |
| e | Taxes from Schedule A (Form 1040), line 8 | 4e | 5482 | | |
| f | Refund of taxes | 4f | ( ) | | |
| g | Personal interest from Schedule A (Form 1040), line 12b | 4g | 2659 | | |
| h | Other interest adjustments | 4h | | | |
| i | Combine lines 4a through 4h | | | 4i | 12 141 |
| j | Depreciation of property placed in service after 1986 | 4j | | | |
| k | Circulation and research and experimental expenditures paid or incurred after 1986 | 4k | | | |
| l | Mining exploration and development costs paid or incurred after 1986 | 4l | | | |
| m | Long-term contracts entered into after 2/28/86 | 4m | | | |
| n | Pollution control facilities placed in service after 1986 | 4n | | | |
| o | Installment sales of certain property | 4o | | | |
| p | Adjusted gain or loss | 4p | | | |
| q | Certain loss limitations | 4q | | | |
| r | Tax shelter farm loss | 4r | | | |
| s | Passive activity loss | 4s | | | |
| t | Beneficiaries of estates and trusts | 4t | | | |
| u | Combine lines 4j through 4t | | | 4u | |
| 5 | **Tax preference items:** (See Instructions before completing.) | | | | |
| a | Appreciated property charitable deduction | 5a | | | |
| b | Tax-exempt interest from private activity bonds issued after 8/7/86 | 5b | | | |
| c | Depletion | 5c | | | |
| d | Add lines 5a through 5c | | | 5d | |
| e | Accelerated depreciation of real property placed in service before 1987 | 5e | | | |
| f | Accelerated depreciation of leased personal property placed in service before 1987 | 5f | | | |
| g | Amortization of certified pollution control facilities placed in service before 1987 | 5g | | | |
| h | Intangible drilling costs | 5h | | | |
| i | Add lines 5e through 5h | | | 5i | |
| 6 | Combine lines 3, 4i, 4u, 5d, and 5i | | | 6 | 1,552,102 |
| 7 | Alternative tax net operating loss deduction. (Do not enter more than 90% of line 6.) See Instructions | | | 7 | 1,088,866 |
| 8 | Alternative minimum taxable income (subtract line 7 from line 6). If married filing a separate return, see Instructions | | | 8 | 463,236 |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000 |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000 |
| 11 | Subtract line 10 from line 8. If the result is -0- or less, enter -0- here and on line 12 and go to line 13 | | | 11 | 313236 |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | 78309 |
| 13 | Subtract line 12 from line 9. If the result is -0- or less, enter -0-. If completing this form for a child under age 14, see the Instructions for the amount to enter on this line | | | 13 | -0- |
| 14 | Subtract line 13 from line 8. If the result is -0- or less, enter -0- here and on line 19 | | | 14 | 463236 |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | 97280 |
| 16 | Alternative minimum tax foreign tax credit. See Instructions | | | 16 | -0- |
| 17 | Tentative minimum tax (subtract line 16 from line 15) | | | 17 | 97280 |
| 18 | Enter your tax from Form 1040, line 38, minus any foreign tax credit on Form 1040, line 43. If an amount is entered on line 39 of Form 1040, see Instructions | | | 18 | 124027 |
| 19 | **Alternative minimum tax** (subtract line 18 from line 17). Enter on Form 1040, line 49. If the result is -0- or less, enter -0-. If completing this form for a child under age 14, see the Instructions for the amount to enter | | | 19 | -0- |

**For Paperwork Reduction Act Notice, see separate Instructions.** Form 6251

* 1,101,007

Name of Taxpayer: John & Maureen Berg Schedule 12 of 12
ID Number:

1989 TAX YEAR INTEREST COMPUTATION

| | | | |
|---|---|---|---|
| 10/15/90 to 12/31/90 | 11% compound interest | 2,337 | |
| 1/01/91 to 3/31/91 | 11% compound interest | 2,801 | |
| 4/01/91 to 5/05/91 | 10% compound interest | 1,009 | |
| | Total Interest | | 6,147 |

| | | |
|---|---|---|
| Tax Due | 99,559 | |
| Plus: Interest 10/15/90 to 5/05/91 | 6,147 | |
| AMOUNT DUE | | 105,706 |

Name of Taxpayer: John & Maureen Berg

1986 TAX YEAR INTEREST CALCULATION

| | | | |
|---|---|---|---|
| 10/15/87 to 12/31/87 | 9% compound interest | 3,435 | |
| 01/01/88 to 03/31/88 | 10% compound interest | 4,560 | |
| 04/01/88 to 06/30/88 | 9% compound interest | 4,248 | |
| 07/01/88 to 09/30/88 | 9% compound interest | 4,393 | |
| 10/01/88 to 12/31/88 | 10% compound interest | 4,999 | |
| 01/01/89 to 03/31/89 | 10% compound interest | 4,958 | |
| 04/01/89 to 06/30/89 | 11% compound interest | 5,722 | |
| 07/01/89 to 09/30/89 | 11% compound interest | 5,947 | |
| 10/01/89 to 12/31/89 | 10% compound interest | 5,612 | |
| 01/01/90 to 03/31/90 | 10% compound interest | 5,569 | |
| 04/01/90 to 06/30/90 | 10% compound interest | 5,772 | |
| 07/01/90 to 09/30/90 | 10% compound interest | 6,116 | |
| 10/01/90 to 12/31/90 | 10% compound interest | 6,140 | |
| 01/01/91 to 03/31/91 | 10% compound interest | 6,158 | |
| 04/01/91 to 05/10/91 | 9% compound interest | 2,569 | |
| | Total Interest | | 76,198 |

| | | |
|---|---|---|
| Tax Due | (179,241) | |
| Plus: Interest 10/15/87 to 05/10/91 | (76,198) | |
| AMOUNT DUE | | (255,439) |

2

Department of Treasury
Internal Revenue Service

Form 656 (Rev. 1-97)
Catalog Number 16728N

**Form 656**

# Offer in Compromise

**Item 1**

Taxpayer's Name and Home or Business Address

Name: John G & Maureen R Borg

Street Address: 606 Gates Street

Philadelphia, PA 19128

City State Zip Code

Mailing Address (if different from above)

City State Zip Code

**Item 2**

Social Security Numbers

(a) Primary 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

(b) Secondary 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

**Item 3**

Employer Identification Number (included in offer)

**Item 4**

Other Employer Identification Numbers (Not included in offer)

**Item 5**

**To: Commissioner of Internal Revenue Service**

**I/we (includes all types of taxpayers) submit this offer to compromise the tax liabilities plus any interest, penalties, additions to tax, and additional amounts required by law (tax liability) for the tax type and period marked below:** (Please mark an "X" for the correct description and fill-in the correct tax period(s), adding additional periods if needed.)

XX 1040/1120 Income tax–Year(s) 1989

☐ 941 Employer's Quarterly Federal Tax Return–Quarterly Period(s)

☐ 940 Employer's Annual Federal Unemployment (FUTA) Tax Return–Year(s)

☐ Trust Fund Recovery Penalty as a responsible person of (enter corporation name)

for failure to pay withholding and Federal Insurance Contributions Act Taxes (Social Security taxes)–Period(s)

☐ Other Federal taxes (specify type and period(s)).

**Item 6**

**I/we submit this offer for the reason(s) checked below:**

X ☐ **Doubt as to Liability** – "I do not believe I owe this amount." You *must* include a detailed explanation of the reasons you believe you do not owe the tax.

☐ **Doubt as to Collectibility**–"I have insufficient assets and income to pay the full amount." You *must* include a complete financial statement (Form 433-A and/ or Form 433-B).

**Item 7**

**I/We offer to pay $** 10.00

☐ **Paid in full with this offer.**

XX ☐ **Deposit of $**________ **with this offer.**

☐ **No deposit.**

Check one of the following boxes.

☐ Balance to be paid in: ☐ 10, ☐ 30, ☐ 60, or ☐ 90 days from notice of acceptance of the offer. If more than one payment will be paid during the time frame checked, provide the amount of the payment and date to be paid on the line below.

☐ Other proposed payment terms. Enter the specific dates (mm/dd/yy format) and dollar amounts of the the payment terms you propose on the lines below.

**In addition to the above amount, IRS will add interest from the date IRS accepts the offer until the date you completely pay the amount offered, as required by section 6621 of the Internal Revenue Code. IRS compounds interest daily, as required by section 6622 of the Internal Revenue Code.**

**Item 8**

**By submitting this offer, I/we understand and agree to the following conditions:**

(a) I/we voluntarily submit all payments made on this offer.

(b) IRS will apply payments made under the terms of this offer in the best interest of the government.

(c) If IRS rejects the offer or I/we withdraw the offer, IRS will return any amount paid with the offer. If I/we agree in writing, IRS will apply the amount paid with the offer to the amount owed. If I/we agree to apply the payment, the date the offer is rejected or withdrawn will be considered the date of payment. I/we understand that IRS will not pay interest on any amount I/we submit with the offer.

**(d) I/we will comply with all provisions of the Internal Revenue Code relating to filing my/our returns and paying my/our required taxes for 5 years from the date IRS accepts the offer. This condition does not apply to offers based on Doubt as to Liability.**

(e) I/we waive and agree to the suspension of any statutory periods of limitation (time limits provided for by law) for IRS assessment and collection of the tax liability for the tax periods identified in item (5).

(f) IRS will keep all payments and credits made, received, or applied to the amount being compromised before this offer was submitted. IRS may keep any proceeds from a levy served prior to submission of the offer, but not received at the time the offer is submitted. If I/we have an installment agreement prior to submitting the offer, I/we must continue to make the payments as agreed while this offer is pending. Installment agreement payments will not be applied against the amount offered.

**(g) IRS will keep any refund, including interest, due to me/us because of overpayment of any tax or other liability, for tax periods extending through the calendar year that IRS accepts the offer. *I/we may not designate a refund, to which the IRS is entitled, to be applied to estimated tax payments for the following year.*** This condition doesn't apply if the offer is based only on Doubt as to Liability.

(h) I/we will return to IRS any refund identified in (g) received after submission of this offer. This condition doesn't apply if the offer is based only on Doubt as to Liability.

(i) The total amount IRS can collect under this offer can not be more than the full amount of the tax liability.

(j) I/we understand that I/we remain responsible for the full amount of the tax liability, unless and until IRS accepts the offer in writing and I/we have met all the terms and conditions of the offer. IRS won't remove the original amount of the tax liability from its records until I/we have met all the terms of the offer.

(k) I/we understand that the tax I/we offer to compromise is and will remain a tax liability until I/we meet all the terms and conditions of this offer. If I/we file bankruptcy before the terms and conditions of this offer are completed, any claim the IRS files in the bankruptcy proceeding will be a tax claim.

(l) Once IRS accepts the offer in writing, I/we have no right to contest, in court or otherwise, the amount of the tax liability.

(m) The offer is pending starting with the date an authorized IRS official signs this form and accepts my/our waiver of the statutory periods of limitation. The offer remains pending until an authorized IRS official accepts, rejects or acknowledges withdrawal of the offer in writing. If I/we appeal the IRS decision on the offer, IRS will continue to treat the offer as pending until the Appeals Office accepts or rejects the offer in writing. If I/we don't file a protest within 30 days of the date IRS notifies me/us of the right to protest the decision, I/we waive the right to a hearing before the Appeals office about the offer in compromise.

**(n) The waiver and suspension of any statutory periods of limitation for assessment and collection of the amount of the tax liability described in item (5), continues to apply: while the offer is pending (see (m) above), during the time I/we have not paid all of the amount offered, during the time I/we have not completed all terms and conditions of the offer, and for one additional year beyond each of the time periods identified in this paragraph.**

(o) If I/we fail to meet any of the terms and conditions of the offer, the offer is in default, then IRS may: immediately file suit to collect the entire unpaid balance of the offer; immediately file suit to collect an amount equal to the original amount of the tax liability as liquidating damages, minus any payments already received under the terms of this offer; disregard the amount of the offer and apply all amounts already paid under the offer against the original amount of tax liability; or file suit or levy to collect the original amount of the tax liability, without further notice of any kind.

*IRS will continue to add interest as required by section 6621 of the Internal Revenue Code, on the amount IRS determines is due after default. IRS will add interest from the date the offer is defaulted until I/we completely satisfy the amount owed.*

**Item 9**

If I/we submit this offer on a substitute form, I/we affirm that this form is a verbatim duplicate of the official Form 656, and I/we agree to be bound by all the terms and conditions set forth in the official Form 656.

Under penalties of perjury, I declare that I have examined this offer, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct and complete.

(9a) Signature of taxpayer-proponent

Date 2/3/99

(9b) Signature of taxpayer-proponent

Date 2/3/99

**For Official Use Only**

I accept waiver of the statutory period of limitations for the Internal Revenue Service.

Signature of authorized Internal Revenue Service Official

Title

Date

3

**Internal Revenue Service**
Appeals Large Business and
Specialty Programs
Appeals Office
701 Market Street
Suite 2200
Philadelphia, PA 19106

**Department of the Treasury**

**Person to Contact:**
Robert J. Kerr
Employee ID Number: 23-08355
Tel: 215.597.2177 Ext. 175
Fax: 215.597.7827

**Refer Reply to:**
AP:L:PA:PHI:RJK

**In Re:**
Offer in Compromise

**Tax Period(s) Ended:**
12/1986
12/1989

Date: JUL 17 2002

John & Maureen Berg
138 Montrose Avenue
Unit 41
Bryn Mawr, PA 19010

Dear Mr. & Mrs. Berg:

This refers to your offer of **$10.00**, submitted **February 10, 1999** to compromise your liability for the tax period(s) ending **December 31, 1989**.

We are sorry but your offer is rejected. You have not furnished sufficient information to support your claim that you paid the tax due on the 1986 return when it was filed. Thus, there is no refundable amount to offset the liability properly assessed for tax year 1989.

We must therefore ask you to pay your account in full as soon as possible. If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

ARTHUR T SIEMIENTKOWSKI
Appeals Team Manager

Number of this Letter: 238(P)

Date of this Letter: 3/10/99

Internal Revenue Service
P.O. BOX 12042
Phila., Pa. 19105
ATTN: E:QMS:VW

Person to Contact: Vincent Weltz
Badge Number: 23-05850
Phone Number: (215) 861-1334

John and Maureen Berg
606 Gates Street
Phila., Pa. 19128

Dear Mr. And Mrs. Berg:

We have investigated the offer of $10.00 you made to compromise your income tax liability for the year ended December 31, 1989. We cannot accept your offer because:

(1) The tax is legally due. We don't have the authority to accept an offer in this circumstance. Our records do not provide any indication of payment in the amount of $179,241 as you stated in the submitted offer. Unless you can submit verification of payment, such as a cancelled check, we cannot offset the 1989 deficiency nor can we accept the offer based on doubt as to liability.

If you accept our decision or don't want to protest it, please write or call us. We will then ask you to make arrangements to pay the amount of the tax, penalties and interest you owe.

If you don't accept our decision and want a conference, you should let us know that you want to protest. Based on the amount of your tax deficiency for 1989, your protest must be a written protest.

A WRITTEN protest should include the items below. Pay particular attention to item 6 and the note which follows it.

1. Your name, address, social security number, and daytime phone Number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved as shown above;

5. A list of issues you don't agree with;

6. A statement of fact, signed under penalties of perjury, that explains why you believe you shouldn't be charged with the tax. You should include specific dates, names, amounts, locations, etc...

To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

"Under penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete."

7. If you rely on a law or other authority to support your position, explain what it is and how it applies.

You may represent yourself at your appeals conference or you may be represented by an attorney, certified public accountant, or an individual enrolled to practice before the IRS. Your representative must be qualified to practice before the IRS. If your representative appears without you, he or she must file a power of attorney or tax information authorization with the IRS before receiving or inspecting confidential information. You may use Form 2848, Power of Attorney and Declaration of Representative, or any other properly written power of attorney or authorization for this purpose. Copies of these forms are available from any IRS office, or by calling 1-800-TAX-FORM (1-800-829-3676). You may also bring witnesses to support your position.

If we don't hear from you within 30 days from the date of this letter, we will reject your offer. The date of this letter will be the legal rejection date of your offer. You must then pay the full amount of your account as soon as possible. Per your instruction, your offer deposit of $10.00 is being returned with this letter. If you have any questions, please contact the person whose name and telephone number are at the top of this letter.

Sincerely,

George B. Mullin
Chief, Section I
Quality Measurement Staff

Enclosures