# Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN G. BERG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 04-3278 |
| | ) | |
| JOHN H. SNOW, SECRETARY OF THE TREASURY OF THE UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER

The United States of America, through its undersigned counsel and on behalf of the named defendant, hereby answers the plaintiff's complaint as follows.

AFFIRMATIVE DEFENSES

This Court is without jurisdiction over the subject matter of plaintiff's complaint.

This Court is without personal jurisdiction over the defendant since no summons was served on the agency involved or on the Attorney General of the United States.

Any applicable statutes of limitation on plaintiff's claims for refund or credits of tax, or for enforcement of contract, have expired.

This suit, to restrain the collection of tax for the year 1989, is barred by the Anti-Injunction Act (26 U.S.C. § 7421).

FURTHER DEFENSE

Defendant responds to the paragraphs of the complaint as follows.

1. Admits the allegations of paragraph 1.

2. Admits the allegations of paragraph 2.

3. Denies that the nature of the relief sought is in the form of mandamus and denies that this Court has jurisdiction over the subject matter of the complaint.

4. Admits the allegations of paragraph 4.

5. Admits the allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

8. Admits the allegations of paragraph 8, and further alleges that the $179,241 was abated by the IRS on May 20, 1991.

9. Denies the allegations of paragraph 9, and further alleges that the $179,241, which was assessed on November 30, 1987, was abated on May 20, 1991. Plaintiff made no payments on his 1986 liability and no refund could be paid or credited.

10. Denies the allegations of paragraph 10 as an impossibility given the fact that plaintiff never paid anything on the 1986 liability.

11. Denies the allegations of paragraph 11.

12. Admits that a copy of the audit report is attached as Exhibit 1, and denies all other allegations of paragraph 12.

13. Admits the allegations of paragraph 13.

14. Admits the allegations of paragraph 14.

15. Denies the allegations of paragraph 15.

16. Denies the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

19. Denies the allegations of paragraph 19.

20. Denies the allegations of paragraph 20.

21. Denies the allegations of paragraph 21.

22. Denies the allegations of paragraph 21 since plaintiff owes income taxes for 1989.

23. Denies the allegations of paragraph 22 and rather alleges that there are no refunds or credits due for 1986.

24. Admits only that plaintiff made an offer in compromise and denies all other allegations of paragraph 24.

25. Admits only that plaintiffs offer was properly rejected and denies all other allegations of paragraph 25.

26. Admits that it is the government's position that plaintiff is owed nothing for 1986 and that he owes income

taxes for 1989 and denies all other allegations of paragraph 26.

27. Admits the allegations of paragraph 27.

28. Denies the allegations of paragraph 28.

29. Admits the allegations of paragraph 29.

30. The answers to paragraphs 1 through 29 are incorporated herein by reference.

31. Denies the allegations of paragraph 31.

32. Denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33 and rather alleges that plaintiff is due no refund for 1986.

Wherefore, defendant prays that this action be dismissed, with prejudice, and that defendant be awarded cost and such other and further relief as is just and proper.

PATRICK L. MEEHAN
United States Attorney

gh 1138

GREGORY S. HREBINIAK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6346

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Answer has been made this 23rd day of September, 2004, by mailing, postage prepaid, addressed to:

William J. Hughes, Esq.
Cooper Levenson
1125 Atlantic Avenue
3rd Floor
Atlantic City, NJ 08401

Gregory S. Hrebiniak
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6346

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN G. BERG, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 04-3278 |
| JOHN W. SNOW,<br>Secretary of the Treasury of the<br>United States of America, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 12th day of April, 2005, upon consideration of Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6), Opposition of the Defendant to Motion for Judgment on the Pleadings and Defendant's Cross-Motion for Summary Judgment (Docket No. 7) and the parties' responses and sur-responses thereto (Docket Nos. 8, 9, 10 & 11), it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.

It is **FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgement based upon lack of jurisdiction is **GRANTED WITHOUT PREJUDICE**.

BY THE COURT:

RONALD L. BUCKWALTER, S.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN G. BERG, Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 04-3278 |
| JOHN W. SNOW, Secretary of the Treasury of the United States of America, Defendant. | : | |

FILED APR 12 2005

**MEMORANDUM**

BUCKWALTER, S.J. April 12, 2005

Presently before the Court are Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6), Opposition of the Defendant to Motion for Judgment on the Pleadings and Defendant's Cross-Motion for Summary Judgment (Docket No. 7) and the parties' responses and sur-responses thereto (Docket Nos. 8, 9, 10 & 11). For the following reasons, this Court denies Plaintiff's Motion for Judgment on the Pleadings and grants without prejudice Defendant's Motion for Summary Judgment for lack of jurisdiction.

**I. BACKGROUND**

In 1991, the Internal Revenue Service (IRS) performed an audit of Plaintiff. As a result of this audit, Plaintiff and Defendant entered into a settlement agreement reflecting that Plaintiff was deficient $134,058.67 plus interest for 1989 and had been over assessed $179,241.00 plus interest for 1986. Plaintiff filed the current action in mandamus seeking an Order requiring Defendant comply with the terms of the settlement. Plaintiff is requesting an

ENTERED
APR 13 2005
CLERK OF COURT

order recognizing that Plaintiff's 1989 tax liability is satisfied by his overpayment in 1986 and refund of the excess funds paid.

## II. JURISDICTION

### A. Actions in Mandamus.

The federal courts have held that "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Lawrence v. United States, 631 F.Supp. 631, 638 (E.D. Pa. 1982)(citing Allied Chemical Corp. v. Daiflon Inc., 449 U.S. 33, 34 (1980)). The purpose underlying an action in mandamus is to provide the district courts with the authority "to issue appropriate corrective orders where federal officials are not acting within the zone of their permissible discretion; the writ will issue only where the federal officials are abusing their discretion or acting contrary to law." Id. (quoting Jeno's v. Commissioner of Patents and Trademarks, 498 F.Supp. 472, 476 (D.Minn. 1983)). Generally, in order to properly plead a complaint in mandamus, "it is essential that the plaintiff allege and show that the government owes him the performance of a legal duty 'so plainly prescribed as to be free from doubt.'" Naporano Metal and Iron Co. v. United States, 529 F.2d 537, 542 (3rd Cir. 1976)(quoting Richardson v. United States, 465 F.2d 844, 849 (3rd Cir. 1972)).

In the current matter, a significant question of fact is at issue; specifically, whether Plaintiff in fact paid his taxes for the year of 1986 thereby creating an overpayment and a right to a refund. Or, in the alternative, as argued by Defendant, no refund is due as no tax was paid. This Court finds that Plaintiff has failed to show that Defendant has a duty to pay a refund under the settlement agreement that is so "plainly prescribed as to be free from doubt." Accordingly, this Court finds that the current matter can not proceed as an action in mandamus.

**B. Contract Claims with the United States as the Defendant.**

As both parties admit to entering into settlement agreement following the 1991 audit, and it is the terms and language of this settlement agreement which form the basis of the instant dispute, it is the view of this Court that the current matter is properly an action in contract. Accordingly, this Court shall analyze whether it may exercise jurisdiction in the instant matter.

The Tucker Act sets forth the jurisdiction of the United States Court of Federal Claims with respect to claims against the United States. Specifically, the Tucker Act provides as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon **any claim against the United States founded** either upon the Constitution, or any Act of Congress or any regulation of an executive department, or **upon any express or implied contract with the United States**, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1491(a)(1) (West 1994 & Supp. 2004)(emphasis added).

With regard to the jurisdiction of this Court when the United States is a defendant, the Little Tucker Act provides as follows:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims of:
> (2) **Any other civil action or claim against the Unites States, not exceeding $10,000 in amount, founded** either upon the Constitution, or any Act of Congress, or any regulation of a executive department, or **upon any express or implied contract with the United States**, or for liquidated damages or unliquidated damages in cases not sounding in tort, except that the district court shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages

> in cases not sounded in tort which are subject to section 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1346(a)(2) (West 1993 & Supp. 2004)(emphasis added). Courts have routinely interpreted the preceding statutory provisions as granting federal district courts concurrent jurisdiction to that of the Court of Federal Claims only for claims under $10,000; the Court of Federal Claims retains exclusive jurisdiction for claims over $10,000. Rodriguez v. FBI, 876 F.Supp. 706, 709 (E.D.Pa. 1995)(citing Dia Navigation Co. v. Pomeroy, 34 f.3d 1255, 1267 (3d Cir. 1994); Hahn v. United States, 757 F.2d 581, 586 (3d Cir. 1985)("It is uniformly held that, for claim exceeding $10,000, the Tucker Act vests *exclusive* jurisdiction in the Claims Court.").

As this Court views the current matter as a claim to enforce a contract between Plaintiff and Defendant, the United States, and the amount in controversy exceeds $10,000.00, the Tucker Act governs jurisdiction of this action. Accordingly, this Court must grant without prejudice Defendant's Motion for Summary Judgment based on lack of subject matter jurisdiction.

An order follows.