# In the United States Court of Federal Claims

No. 05-1060T
(Filed April 6, 2006)

| | |
|---|---|
| JOHN G. BERG, Plaintiff, v. THE UNITED STATES, Defendant. | Tax; motion to dismiss; overpayment; suit to enforce contract representing auditor's report and plaintiff's assent thereto; judicial estoppel; statute of limitations; 26 U.S.C. § 2501 (2000); claim accrual; equitable tolling. |

William J. Hughes, Jr., Atlantic City, NJ, for plaintiff.

Jacob E. Christensen, Washington, DC, with whom was Assistant Attorney General Eileen J. O'Connor, for defendant. David Gustafson, of counsel.

## MEMORANDUM OPINION AND ORDER

**MILLER**, Judge.

This case is before the court on defendant's motion to dismiss. The issues for decision are (1) whether plaintiff's claim must be dismissed in accordance with RCFC 12(b)(6) for failure to state a claim upon which relief may be granted; and (2) whether the United States Court of Federal Claims lacks subject matter jurisdiction, pursuant to RCFC 12(b)(1), where plaintiff's claim is brought outside the six-year period prescribed by 26 U.S.C. § 2501 (2000). Argument has been held. Plaintiff taxpayer survived an audit that resulted in an acknowledged overpayment. However, when he attempted to offset the asserted overpayment against a deficiency for a subsequent tax year, the Internal Revenue Service balked. Although the Government is judicially estopped from successfully arguing that plaintiff has failed to state a contract claim, its motion to dismiss in accordance with RCFC 12(b)(1) prevails.

## FACTS

The following facts are undisputed. The tax returns of John G. Berg ("plaintiff"), a Pennsylvania resident, were audited by the Internal Revenue Service (the "IRS"), commencing in February 1991 and concluding in April of the same year. The audit revealed that plaintiff had been over assessed taxes in the amount of $179,241.00 on his 1986 joint federal income tax return, but his actual tax liability for 1986 was nil. The audit further revealed that plaintiff had been under-assessed taxes on his 1989 joint federal income tax return, which had shown tax liabilities totaling $24,468.00. In fact, plaintiff owed $124,027.00, plus interest, for calendar year 1989.

At the conclusion of the 1991 audit, IRS Agent John Bortulin prepared a report to reflect the audit results. The report indicated that plaintiff had submitted payment with his 1986 and 1989 tax returns, resulting in a net overpayment of $45,182.23. However, the IRS asserts that plaintiff made no payments, and plaintiff has been unable to present any canceled check, receipt, or other evidence of payment. Despite this discrepancy, the report was signed by both plaintiff and Agent Bortulin.

In May 1991 the IRS abated the previously assessed 1986 credit. Because the IRS maintained that no payment had been included with either the 1986 or the 1989 tax return, no refund to plaintiff was made. The IRS also began to attempt to collect the remaining tax liability from plaintiff.

Throughout the remainder of 1991 the IRS sent to plaintiff five statutory notices of the balance due on his 1989 tax return. In addition, from 1991 to 1995, the IRS sent five statutory notices of intent to levy. Since 1995 the IRS has sent several additional notices to plaintiff. On three occasions–July 1994, June 1995, and January 2004–the IRS filed federal tax liens.

Plaintiff filed an Offer in Compromise on April 11, 1995, seeking to settle the IRS's claim against him for $10.00. The IRS rejected this offer on August 4, 1995. Plaintiff filed a second Offer in Compromise in 1999, again offering to settle the IRS's claim against him for $10.00. This offer also was rejected.

Ultimately, in early 2004, the IRS levied plaintiff's social security to collect the 1989 tax liability. Following the levy of his social security, plaintiff filed suit in the United States District Court for the Eastern District of Pennsylvania. See Complaint, John G. Berg v. United States, No. 2:04:cv-03278RB (E.D. Pa. July 12, 2004). Plaintiff claimed, *inter alia*, that the post-audit IRS report contained a settlement agreement, under which the IRS had an affirmative duty to pay plaintiff $45,182.23, the difference between the amount that plaintiff

had been over-assessed on his 1986 joint federal income tax return and the taxes owed by plaintiff for tax year 1989. The case was dismissed for lack of jurisdiction because the relief sought exceeded the $10,000.00 jurisdictional limit on federal courts, pursuant to 28 U.S.C. § 1346(a)(2) (2000). Both parties having "admitt[ed] to entering into [a] settlement agreement," the court indicated that proper jurisdiction would lie with the Court of Federal Claims. Id. at 3, 4. Plaintiff moved for reconsideration, which was denied on August 15, 2005. On September 16, 2005, the district court ordered the case closed.

Plaintiff filed suit in the Court of Federal Claims on October 3, 2005, once again seeking to enforce a contract claim against the United States. Defendant subsequently moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

**DISCUSSION**

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2000), defines the jurisdictional reach of the Court of Federal Claims. It "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States, and . . . waives the Government's sovereign immunity for those actions." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). However, 28 U.S.C. § 2501 (2000), limits this jurisdictional grant. See Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002) (holding that jurisdiction of Court of Federal Claims is strictly limited to "'the extent to which the United States has waived its sovereign immunity'" (quoting Myers v. United States, 50 Fed. Cl. 674, 682 (2001))). In pertinent part, 28 U.S.C. § 2501 states: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." See Martinez v. United States, 333 F.3d 1295, 1302 (Fed. Cir. 2003); Bath Iron Works Corp. v. United States, 20 F.3d 1567, 1572 (Fed. Cir. 1994).

A three-year statute of limitations applies to the filing of a tax refund claim, see 26 U.S.C. § 6511 (2000), and a taxpayer who misses this deadline is barred from litigating his claim unless he can assert successfully a contract claim, see 26 U.S.C. § 7422(a) (2000); Alexander Proudfoot Co. v. United States, 454 F.2d 1379, 1380 (Ct. Cl. 1972). When seeking to have plaintiff's federal district court case dismissed for lack of subject matter jurisdiction, defendant, represented by the Tax Division of the United States Department of Justice in Washington, DC, asserted that the Court of Federal Claims possessed exclusive jurisdiction over plaintiff's contract claim with damages in excess of $10,000.00. During oral argument in the instant case, counsel for defendant, who was not involved in the district court action, sought to clarify the Government's earlier stance. He stated that it had been—and remains—the Government's position that, while plaintiff's claim constitutes a

contract cause of action, the signed audit report is not a contract. If this had been the Government's earlier argument, it is not reflected in the district court's opinion, which specifically notes that the parties admitted to entering into a contract. Berg v. United States, No. 04-3278, slip op. at 3 (E.D. Pa. Apr. 12, 2005). The United States Court of Appeals for the Federal Circuit has recognized that, "where a party [has] successfully urge[d] a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed." Data Gen. Corp. v. Johnson, 78 F.3d 1556, 1565 (Fed. Cir. 1996). Having been successful in its argument before the district court, the Government cannot reverse its position and argue that it did not form a contract with plaintiff. Thus, consideration of plaintiff's claim will be afforded the longer, six-year statute of limitations. Ultimately, however, plaintiff's claim must fail under either the three-year or six-year period. 1/

---

1/ The court does note that the brief filed by the Department of Justice in the district court proceeding did not make the concession that a valid contract existed. Brief of Defendant at 2, Berg v. United States, No. 04-3278 ("[A]n action on contract, which is precisely what this case represents, is to be brought exclusively in the Court of Federal Claims . . . ."); id. ("This is clearly a case wherein mandamus will not issue since it is transparently an action on a contract disguised as a mandamus action . . . ."); id. at 5 ("Clearly, this is an action to enforce a contract or to be awarded money damages on a contract.").

If the district court's opinion indeed does misrepresent the Government's earlier position and the Government inappropriately is estopped from arguing that it did not form a contract with plaintiff, the ultimate holding of this court—that plaintiff's claim must be dismissed—would remain unaffected, although the dismissal would operate on the merits. The facts are such that plaintiff cannot support a contract claim.

In addition to a "mutual intent to contract[,] including an offer, an acceptance, and consideration," the formation of a valid contract with the United States requires that the government representative who entered into or ratified the agreement have the actual authority to bind the United States. Trauma Serv. Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997); see also Heckler v. Cmty. Health Serv. of Crawford County, 467 U.S. 51, 63 (1984). The Government can be bound only by its authorized agents. Flexlab, LLC v. United States, 424 F.3d 1254, 1263 (Fed. Cir. 2005) ("Surely the assurances from a government agent, having no authority to give them, cannot expose the government to risk of suit for the nonperformance of an obligation that it did not intentionally accept."). "Anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the

A cause of action against the Government is deemed to accrue when all the events that fix the Government's alleged liability have occurred and the plaintiff was, or should have been, aware of their existence. Martinez, 333 F.3d at 1303. As defendant notes, "[t]he question [of] when plaintiff's supposed cause of action arose is academically interesting, but practically unimportant." Def.'s Br. filed Jan. 11, 2006, at 9. Plaintiff's claim accrued on three possible dates—April 4, 1991, when the audit report was signed; May 2, 1991, when plaintiff was issued a notice for balance due for tax year 1989; or August 4, 1995, when the IRS rejected plaintiff's first offer in compromise. Assuming, *arguendo*, that plaintiff's claim accrued on August 4, 1995, the most recent of all possible dates, the six-year period of limitations expired on August 4, 2001, more than four years before plaintiff filed this suit on October 3, 2005.

Plaintiff urges the court to accept a fourth date. According to plaintiff, the accrual date should be "July 17, 2002, when the IRS finally completed its internal appeals process, *i.e.*, the IRS'[s] final administrative action." Pl.'s Br. filed Jan. 27, 2006, at 20. The action to which plaintiff refers is the IRS's rejection of plaintiff's second Offer in Compromise, which was filed approximately four years after plaintiff's first Offer in Compromise. 2/ Plaintiff offers no plausible explanation for the delay between the filing of plaintiff's first and second Offers in Compromise, nor any reason why plaintiff could not have pursued his

---

1/ (Cont'd from page 4.)

bounds of his authority." Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947). Plaintiff has made no factual showing to indicate that Agent Bortulin, the only government representative whose signature appears on the report, had the power to bind the United States to a contract with plaintiff. What is more, even if Agent Bortulin possessed the requisite authority and the report constituted a binding contract, the scope of such contract would be limited to the conclusion of the audit and would not create an obligation of payment by the United States to plaintiff. See Holland v. Comm'r, 70 T.C. 1046, 1048-49 (1978); Hudock v. Comm'r, 65 T.C. 351, 362-62 (1975).

2/ Plaintiff maintains that Exhibit 2 to the Complaint "clearly demonstrate[s]" that the Court should adopt its position with respect to the date on which plaintiff's cause of action arose. Pl.'s Br. filed Jan. 27, 2006, at 20. However, plaintiff does not direct the court to a supporting allegation, and a careful review of Exhibit 2, the Government's Answer filed in district court, does not provide the purported support. This court can only surmise that plaintiff intended to refer to Exhibit 7 to the Complaint, a letter from Arthur T. Siemientkowski, Appeals Team Manager for the IRS's Appeals Large Business and Specialty Programs Appeals Office, which rejects plaintiff's February 10, 1999 Offer in Compromise. It makes no reference to plaintiff's first Offer in Compromise, submitted on April 11, 1995.

claim after the rejection of his first Offer in Compromise. See Boling v. United States, 220 F.3d 1365, 1371 (Fed. Cir. 2000) (ruling that plaintiff need not be fully apprised of the merits of claim or extent of damages before filing suit); Catawba Indian Tribe v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993) (holding that cause of action accrues when all events necessary to fix alleged liability of Government have occurred and claimant legally is entitled to bring suit); Japanese War Notes Claimants Assoc. v. United States, 178 Ct. Cl. 630, 634 (1967) (noting that plaintiff need only be aware of sufficient facts to know that wrong occurred).

Moreover, equitable tolling is inapplicable. The United States Supreme Court permits "equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (footnote omitted). Although plaintiff filed two Offers in Compromise, in 1995 and 1999, precedent dictates that such action is "permissive" and does not toll the statute of limitations. Cf. Martinez, 333 F.3d at 1303 ("[T]he failure to seek relief from a correction board not only does not prevent the plaintiff from suing immediately, but also does not prevent the cause of action from accruing."). Even if this court backdated plaintiff's complaint to July 12, 2004, when he filed in the United States District Court for the Eastern District of Pennsylvania, the limitations period had well since expired by that date. Lastly, no evidence suggests that the IRS committed any sort of fraud or trickery.

The statute of limitations is a jurisdictional prerequisite to the exercise of power by the Court of Federal Claims. Soriano v. United States, 352 U.S. 270, 273 (1957); Henke v. United States, 60 F.3d 795, 798 (Fed. Cir.1995); Bath Iron Works Corp., 20 F.3d at 1572; Hart v. United States, 910 F.2d 815, 817-18 (Fed. Cir.1990). As such, the party seeking to invoke subject matter jurisdiction must establish it before the court may proceed to the merits of a case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998). Because plaintiff has failed to establish proper jurisdiction, the court cannot proceed to the merits of his claim, and his claim for refund must be dismissed.

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss pursuant to RCFC 12(b)(6) is denied. Defendant's motion to dismiss in accordance with RCFC 12(b)(1) is granted, and the Clerk of the Court shall dismiss the complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

No costs.

s/ Christine O. C. Miller

______________________________________

**Christine Odell Cook Miller**
Judge