No. 05–1060 T
Honorable Christine O.C. Miller

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JOHN G. BERG,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER GRANTING
PLAINTIFF'S MOTION TO ENLARGE

The United States moves the Court to reconsider its order, filed April 27, 2006, granting plaintiff's motion to extend the time for filing a motion for reconsideration. RCFC 6(b) provides that the time for filing a motion for reconsideration may not be extended. Additionally, plaintiff's motion for enlargement was untimely; consequently, plaintiff's anticipated motion for reconsideration could not extend plaintiff's deadline for filing a notice of appeal, should he choose to do so.

Judgment was entered in this case on April 7, 2006. RCFC 59(b) provides that a motion for reconsideration "shall be filed no later than 10 days after the entry of judgment." On April 26, 2006, plaintiff moved the Court to enlarge that deadline. RCFC 6(b) generally allows the Court to enlarge the time a party has to comply with a deadline set by rule or order. However,

RCFC 6(b) specifically provides that the time for taking any action under RCFC 59 (including motions to reconsider) may not be extended, except to the extent and under the conditions stated in RCFC 59, which conditions do not apply here.

RCFC 6(b) is patterned after FRCP 6(b), which similarly prohibits extensions of time for filing Rule 59 motions. The Advisory Committee Notes for the 1946 amendment to the federal rules explain that this limitation is "based on the view that there should be a definite point where it can be said a judgment is final . . . and that unless Rule 6(b) . . . prevent[s] enlargement of the times specified . . . no one can say when a judgment is final." In an appeal from this Court, the Federal Circuit similarly recognized that the federal rules require Rule 59 motions to be filed within ten days of entry of judgment, and that the time for these motions may not be extended. *Kraft, Inc. v United States*, 85 F.3d 602, 605, 608 (Fed. Cir. 1996). In short, "like the parallel federal rules, this court's rules do not countenance a motion to extend the time for filing a reconsideration motion subject to the timing provisions of RCFC 59(b)." *Klamath Irr. Dist. v. United States*, 68 Fed. Cl. 119, 120 (2005). The rules do not permit the enlargement that plaintiff requested.

Moreover, plaintiff's motion for enlargement–filed April 26, 2006–was untimely filed after the ten-day period of RCFC 59(b) had expired on April 21. RCFC 6(a) provides that whenever a prescribed period for an act (here, moving for reconsideration) is less than eleven days, then intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Applying this rule, Friday, April 21 was the tenth day. Further, if RCFC 6(e) applies to add three days to due dates that run from electronic filings (here, the judgment issued via ECF), then Monday, April 24, was the final day to file Rule 59 motions. As noted in the

Advisory Committee Notes on the 2005 amendment to the federal rules, "[i]ntermediate Saturdays, Sundays, and legal holidays are included in counting these added three days."

The United States observes that plaintiff's untimely motion to reconsider will not toll the 60-day period to file a notice of appeal. To toll the time to file a notice of appeal, a Rule 59 motion must be timely. FRAP 4(a)(4); *see also Kraft*, 85 F.3d at 604-05. The Court entered judgment in this case on April 7, 2006. Pursuant to RCFC 59(b) and 6(e), plaintiff had until April 24, 2006 to file a motion for reconsideration, but did not do so.

Accordingly, the United States respectfully moves the Court to reconsider its order granting plaintiff's motion to extend.

Respectfully submitted,

*s/Jacob Christensen*

JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

April 28, 2006
Date

*s/David Gustafson*

Of Counsel