No. 05–1060 T
Honorable Christine O.C. Miller

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JOHN G. BERG,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

RESPONSE OF THE UNITED STATES TO
PLAINTIFF'S MOTION FOR RECONSIDERATION

---

The United States hereby responds to plaintiff's motion for reconsideration.

INTRODUCTION

Judgment was entered in this case on April 7, 2006. On April 26, 2006, plaintiff moved the Court to enlarge the deadline to file a motion for reconsideration. On April 27, 2006, the Court granted plaintiff's motion to enlarge. On April 28, 2006, the United States moved the Court to reconsider its order granting plaintiff's motion on the grounds that plaintiff's motion to enlarge was untimely and that RCFC 6(b) prohibits the extension of time to file a motion to reconsider. The Court not having ruled on the United States' motion, plaintiff filed his motion for reconsideration on May 15. The United States now responds.

## ARGUMENT

In his motion for reconsideration, plaintiff argues that the Court erred in failing to consider the doctrine of continuing breach in applying the six-year statute of limitations of 28 U.S.C. § 2501. Plaintiff's motion should be denied because: (1) the doctrine of continuing breach does not apply to toll the statute on plaintiff's claim, (2) equitable considerations do not justify tolling the statute on plaintiff's claim, and (3) plaintiff's motion for reconsideration is not timely.

### I. The doctrine of continuing breach does not apply to toll the statute on plaintiff's claim.

The jurisdiction of the Court of Federal Claims is strictly limited to "the extent to which the United States has waived its sovereign immunity." *Inter-Coastal Xpress, Inc. v. United States*, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002) (quoting *Myers v. United States*, 50 Fed. Cl. 674, 682 (2001)). 28 U.S.C. § 2501, which is jurisdictional in nature, provides that "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues" (emphasis added). A claim first accrues "when all of the events necessary to fix the alleged liability of a defendant have occurred and the claimant is legally entitled to bring suit." *Catawba Indian Tribe of South Carolina v. United States*, 982 F.2d 1564, 1570 (Fed. Cir. 1993). In applying this standard, the law charges an individual with knowledge "not only of those events whose occurrence was evident for all to see, but also of such events that reasonably attentive concern to one's affairs would bring to light." *Gerstein v. United States*, 56 Fed. Cl. 630, 633 (2003); *see also Patton v. United States*, 64 Fed. Cl. 768, 774 (2005).

The doctrine of continuing breach does not apply to plaintiff's claim. Courts have applied this doctrine in contract cases where the contract requires periodic payments, such as a periodic pay claim or an installment contract claim, *see Friedman v. United States*, 310 F.2d 381 (Ct. Cl. 1962), or where the contract places a continuing duty on a party to perform under the contract, *see San Carlos Irr. and Drainage Dist. v. United States*, 23 Cl. Ct. 276 (1991) (holding that the United States had a continuing duty under the contract to maintain and repair waterworks); *cf. Starobin v. United States*, 662 F.2d 747 (holding that continued use of patented equipment did not start a fresh limitations period after the patent infringement claim had accrued when the equipment was manufactured prior to the six-year limitation period).

Unlike cases that have applied the doctrine of continuous breach, plaintiff's claim arises out of an alleged agreement by the IRS agent that plaintiff was entitled to a single overpayment in 1986. Thus, even if the IRS agent had authority to bind the United States and had made such an agreement, no further obligations were alleged under the contract, and no further duty was owed. Indeed, plaintiff's argument that the statute did not accrue until the IRS levied on his social security payments, taken to its logical end, would mean that the statute would restart every time the IRS collects taxes from plaintiff in the future, not only for 1989 but for <u>any</u> tax year.

The statute's plain language requires plaintiff to have filed suit on his claim when it "first accrue[d]." In his motion for reconsideration, plaintiff has offered no further explanation of why he could not have brought suit upon being apprised of the IRS's refusal to recognize an overpayment in 1986. As argued by the United States and as noted by the Court, plaintiff's claim accrued on three possible dates–April 4, 1991, when the audit report was signed; May 2, 1991, when plaintiff was issued a notice for balance due for tax year 1989; or August 4, 1995,

when the IRS rejected plaintiff's first offer in compromise. At argument, plaintiff argued a fourth date–July 17, 2002–when the IRS rejected plaintiff's second offer in compromise. As noted by the Court, plaintiff offered "no plausible explanation for the delay between the filing of plaintiff's first and second Offers in Compromise, nor any reason why plaintiff could not have pursued his claim after the rejection of his first Offer in Compromise." Slip Op. at 5-6. Similarly, nothing in plaintiff's motion for reconsideration excuses plaintiff's unreasonable behavior in waiting for so long to file suit.

II. Equitable considerations do not toll the statute in this case.

Equitable considerations do not toll the statute in this case. Plaintiff appeals to fundamental notions of justice and equity in asking the Court to grant his motion for reconsideration. *See* Pl.'s Br. at 11. Plaintiff argues that this Court's order is "particularly prejudicial" and "unfair" in barring a "substantive" claim, *id.* at 3, by denying plaintiff the "opportunity to enforce the 1991 contract," *id.* at 10. Yet, oddly, nowhere in the complaint does plaintiff allege that he actually paid $179,241 to the IRS for his 1986 tax liabilities. Rather, his allegations are couched in contractual verbiage that he and the IRS agent "agreed" that he had overpaid his taxes. *See* Compl. at ¶ 13. As reflected in IRS transcripts, the reason for this omission is apparently that plaintiff never made such a payment. Without making a showing that he did, he can hardly appeal to equity. *Cf.* Transcript of March 21, 2006 hearing at 43, where the Court observed that, in all candor, it did not believe there was a triable issue. Equitable considerations do not require the Court to proceed further. Regardless, as held by the Court, equitable tolling does not apply here. *See* Slip Op. at 6.

Moreover, plaintiff misunderstands the import of the Court's decision, which noted that the "facts are such that plaintiff cannot support a contract claim." Slip Op. at 4 n.1. In addition to pointing out in a footnote the requisite, but lacking, authority of the IRS agent who signed the audit report to bind the United States, the Court adds, "What is more, even if Agent Bortulin possessed the requisite authority and the report constituted a binding contract, the scope of such contract would be limited to the conclusion of the audit and would not create an obligation of payment by the United States to plaintiff." *Id.* at 5 n.1. Thus, even if the Court were to proceed to the merits of plaintiff's contract claim, plaintiff could not establish entitlement to the relief he seeks by way of payment from the United States.

On the other hand, the United States' interest in repose now outweighs plaintiff's interest in pressing a stale claim. The statute of limitations "has long been regarded . . . as a meritorious defense, in itself serving a public interest." *Hart v. United States*, 910 F.2d 815, 818 (Fed. Cir. 1990). The public interest served is two fold–protecting the government from having to defend suits long after the events sued upon have occurred, and putting an end to the possibility of litigation after a reasonable time. *Id.* Plaintiff could have brought suit many years ago for its recovery. He did not, and is now time-barred.

III. <u>Plaintiff filed his motion for reconsideration after the ten-day time period within which such motions must be filed.</u>

Plaintiff filed his motion for reconsideration after the ten-day time period of RCFC 59(b) had expired, which requires such motions to be filed "no later than 10 days after the entry of judgment." For the reasons stated in the United States' motion for reconsideration of the Court's order granting plaintiff's motion to enlarge, plaintiff's motion for reconsideration was untimely.

Wherefore, the United States prays that plaintiff's motion for reconsideration be denied.

Respectfully submitted,

*s/Jacob Christensen*
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

May 19, 2006
Date

*s/David Gustafson*

Of Counsel