# United States Court of Appeals for the Federal Circuit

FILED
MAR 3 0 2007
U.S. COURT OF FEDERAL CLAIMS

2006-5091

JOHN G. BERG

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

## Judgment

ON APPEAL from the UNITED STATES COURT OF FEDERAL CLAIMS

In CASE NO(S) 05-CV-1060

This CAUSE having been heard and considered, it is

ORDER and ADJUDGED:

AFFIRMED.

ENTERED BY ORDER OF THE COURT

DATED FEB 0 6 2007

Jan Horbaly, Clerk

Issued as Mandate: MAR 3 0 2007
COSTS:
Printing .......................................... $ 57.60
Total............................... $ 57.60

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: Date: 3/30/07

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5091

JOHN G. BERG,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

William J. Hughes, Jr., Cooper Levenson April Niedelman & Wagenheim, P.A., of Atlantic City, New Jersey, argued for plaintiff-appellant.

Samuel A. Lambert, Attorney, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Eileen J. O'Connor, Assistant Attorney General and Bruce R. Ellisen, Attorney General. Of counsel was Bethany B. Hauser, Attorney.

Appealed from: United States Court of Federal Claims

Judge Christine O.C. Miller

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5091

JOHN G. BERG,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

---

DECIDED: February 6, 2007

---

Before MICHEL, Chief Judge, NEWMAN and DYK, Circuit Judges.

MICHEL, Chief Judge.

John G. Berg appeals from the dismissal of his complaint by the United States Court of Federal Claims for lack of subject matter jurisdiction. Berg v. United States, No. 05-1060T (Fed. Cl. Apr. 6, 2006). Because the court correctly concluded that Berg's complaint was not timely filed, we affirm.

## I. BACKGROUND

This case revolves around Berg's tax liability for calendar years 1986 and 1989, which was assessed at $179,241.20 and $24,468.80, respectively. In 1991, the Internal Revenue Service ("IRS") audited Berg's tax returns for 1986 through 1989. On April 4, 1991, the IRS agent prepared a Form 4549 to reflect the results of the audit. The report

reflected a $179,241 decrease in tax liability for 1986 as well as an overpayment of $179,241.[1] According to the government, however, this was an error because Berg never made any payments towards his tax liability for 1986. With respect to 1989, there was a $99,559 increase in Berg's tax liability, for a total balance of $124,027, plus interest.

On May 20, 1991, in accordance with the audit results, the IRS abated the previously assessed 1986 tax liability and assessed an additional $99,559 for 1989. Since that time, the IRS has sent Berg numerous notices concerning his outstanding balance. It also filed federal tax liens on Berg's property on July 8, 1994, June 9, 1995 and January 30, 2004. In 1998, it applied an overpayment to his 1997 tax liability against his outstanding balance for 1989 in lieu of issuing him a refund. In 2004, the IRS began levying and seizing Berg's social security payments.

Meanwhile, on April 11, 1995, Berg filed a Form 656, offering to settle his 1989 tax liability for $10; he later submitted a second offer of compromise in February 1999. The IRS rejected the first offer on August 4, 1995 and the second on July 30, 2002.

On July 12, 2004, Berg filed a complaint in the United States District Court for the Eastern District of Pennsylvania, seeking a writ of mandamus to enforce the "settlement agreement" (namely, the Form 4549) concerning his 1986 tax liability. He urged the district court to compel the IRS to refund him $45,182.23, i.e., the difference between his overpayment in 1986 and his outstanding tax liability for 1989.

On April 12, 2005, the district court dismissed the case for lack of jurisdiction. Berg v. Snow, 2005 U.S. Dist. LEXIS 6322 (E.D. Pa. Apr. 12, 2005). Berg's allegation

---

[1] Berg contends that he is also owed $76,198 in interest.

that the parties had reached a "settlement" was admitted in the answer. Accordingly, the order noted that "both parties admit to entering into [a] settlement agreement following the 1991 audit." Id. at *3. Because it was a contract claim against the government for an amount over $10,000, however, the district court concluded that the United States Court of Federal Claims retained exclusive jurisdiction. Id. at *6. Berg moved for reconsideration, but the motion was denied.

On October 3, 2005, Berg filed a complaint in the Court of Federal Claims. On April 6, 2006, the court granted the government's motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). The court held that the government was estopped from arguing that the Form 4549 was not a contract due to its admission in the earlier district court proceeding and applied the six-year statute of limitations set forth in 28 U.S.C. § 2501.[2] Berg, slip op. at 3-4. Even so, Berg's complaint was untimely. The court did not decide when Berg's claim accrued—on April 4, 1991, when the Form 4549 was signed; on May 2, 1991, when the IRS issued its first notice for balance due; or on August 4, 1995, when the IRS rejected his first compromise offer—in any event, more than six years had elapsed before Berg filed his complaint.[3] Id. slip op. at 5. The court specifically rejected Berg's argument that his claim accrued July 17, 2002, when the IRS rejected his second compromise offer. Berg filed a motion for reconsideration, but it was denied on May 22, 2006.

---

2 Pursuant to 26 U.S.C. § 6511, a three-year statute of limitations would otherwise apply to the filing of a tax refund claim.

3 The court observed that even if Berg's complaint in the Court of Federal Claims had been backdated to July 12, 2004, when his district court complaint was filed, that was still more than six years after August 4, 1995. Berg, slip op. at 6.

Berg filed his notice of appeal on June 5, 2006. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

Whether subject matter jurisdiction exists is question law reviewed de novo. Venture Coal Sales Co. v. United States, 370 F.3d 1102, 1104 (Fed. Cir. 2004). Findings of fact relating to jurisdictional issues are reviewed for clear error. Banks v. United States, 314 F.3d 1304, 1307 08 (Fed. Cir. 2003).

On appeal, Berg has abandoned his argument that his claim accrued on July 17, 2002. Instead, he raises a new argument that his claim did not accrue until February 2004, when the IRS began levying and seizing his social security payments. The government responds that Berg's contract claim, if any, accrued well before 2004—on April 4, 1991 or at the latest by 1998, when his 1997 refund was applied towards his outstanding tax liability for 1989.

Even assuming arguendo that the Form 4549 was a valid settlement agreement, we (like the court below) do not find it necessary to determine exactly when Berg's contract claim accrued. Regardless of whether it accrued in 1991, 1995, or even 1998, more than six years had passed before Berg filed his complaint in 2005. We expressly reject Berg's theory based on the levy and seizure of his social security payments in February 2004. Nor are we persuaded by his anticipatory breach and continuing violation arguments.

We therefore affirm the dismissal of Berg's complaint for lack of subject matter jurisdiction. As such, we need not address the parties' alternative arguments regarding whether the court erred in finding the government collaterally estopped by its earlier

admission that there was a settlement agreement or whether the Form 4549 was, in fact, a settlement agreement.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: Judith Brown Date: 3/30/07

BILL OF COSTS (File original and three copies with the Clerk within 14 days of judgment.)

Docket No(s): 2006-5091 Caption: John G. Berg v. The United States

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT
FEB 13 2007
JAN HORBALY
CLERK

The Clerk is requested to tax the following costs against: Appellant

| ITEM | Number of copies | Number of pages | Actual cost | Allowable cost | Total billed | Total taxed |
|---|---|---|---|---|---|---|
| Docketing Fee (if paid in this court) | xxxxxx | xxxxxx | | | | |
| Table of Designated Materials (original) | xxxxxx | | | 6.00 | | |
| Table of Compilation of Designated Materials (copying and collating) | xxxxxx | | | 0.08 | | |
| Brief (original) | xxxxxx | | | 6.00 | | |
| Brief (cover and binding) | xxxxxx | xxxxxx | | 2.00 | | |
| Brief (copying and collating) | 16 | 960 | $.06 | 0.08 | $57.60 | 57.60 |
| Appendix (original-table of contents) | xxxxxx | | | 6.00 | | |
| Appendix (covers and binding) | xxxxxx | xxxxxx | | 2.00 | | |
| Appendix (copying and collating) | xxxxxx | | | 0.08 | | |
| Reply Brief (original) | xxxxxx | | | 6.00 | | |
| Reply Brief (covers and binding) | xxxxxx | xxxxxx | | 2.00 | | |
| Reply Brief (copying and collating) | xxxxxx | | | 0.08 | | |
| Other (describe): | | | | | | |
| GRAND TOTALS | | 960 | .06 | | $57.60 | 57.60 (jcb) |

City/County of Washington ) District/State of Columbia ) SS

I, John A. Nolet, swear under penalty of perjury that the services for which costs are taxed were necessarily performed. Itemized statements of the costs incurred or invoices are attached. Copies of this bill were served on all parties. The certificate of service is attached.

Signature: [signature] Date: February 12, 2007 Attorney for: United States

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: [signature] Date: 3/30/07

2229179.1

# MEMORANDUM

| Subject: | Date: |
| --- | --- |
| Cost of Duplicating the Brief and attached Appendix for the United States | February 12, 2007 |
| From: | To: |
| Joseph E. Young<br>Executive Officer | Eileen J. O'Connor<br>Assistant Attorney General<br>Tax Division |

This is to certify that the cost for copies made in our Litigation Support Service Center, Main Justice Building, is 6 cents per page. Consequently, I certify that the cost of duplicating sixteen copies of the Brief, with Appendix attached to the brief, for the United States in Berg v. United States, No. 2006-5091, filed in the United States Court of Appeals for the Federal Circuit is as follows:

Brief for The United States:

960 sheets duplicated at $.06 per copy = $57.60

Total: $57.60

IN THE UNITED STATES COURT OF APPEALS

FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| JOHN G. BERG, | ) | |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 2006-5091 |
| UNITED STATES, | ) | |
| Defendant-Appellee. | ) | |

DECLARATION

JOHN A. NOLET, counsel for the appellee, the United States, states as follows:

1. Rule 39(b) of the Federal Rules of Appellate Procedure provides that "[c]osts for or against the Untied States, its agency, or officer will be assessed under Rule 39(a)only if authorized by law." Under 28 U.S.C. § 2412(a)(1), "[e]xcept as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title [exclusive of attorneys' fees] may be awarded to a prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." Under 29 U.S.C. § 1920(4), taxable costs include the costs of copying papers necessarily filed in the case.

2. I am an attorney employed in the Appellate Section of the Tax Division of the Department of Justice, and in that capacity I have knowledge of the cost of duplicating the appellee's brief and appendix attached thereto, filed and served in the United States Court of Appeals for the Federal Circuit in the above-entitled case. The total cost of duplicating said items was $57.60 as shown by the attached copy of the printer's bill, dated February 12, 2007, and the total cost is correct to the best of my knowledge and belief and has been necessarily incurred.

I declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the foregoing is true and correct. Executed this 12th day of February, 2007, at Washington D.C.

JOHN A. NOLET
*Attorney*

# CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing bill of costs has been made on counsel for the appellant on this 12th day of February, 2007, by mailing a copy thereof, via FedEx, properly addressed to him as follows:

William J. Hughes, Jr., Esq.
Cooper Levenson April Niedelman & Wagenheim, PA
1125 Atlantic Ave., 3rd Floor
Atlantic City, NJ 08401

JOHN A. NOLET
*Attorney*

U.S. Department of Justice

Tax Division

*Please reply to:* *Appellate Section*
*P.O. Box 502*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-8456*
*Telephone No. (202) 514-3361*

JANolet:cs
154-2364
2006100224

February 12, 2007

RECEIVED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT
FEB 13 2007
JAN HORBALY
CLERK

VIA FEDEX

Jan Horbaly, Esquire
Clerk, U.S. Court of Appeals
for the Federal Circuit
National Courts Building
717 Madison Place, N.W.
Washington, D.C. 20439

Re: John G. Berg v. United States
(Fed. Cir. - No. 2006-5091)

Dear Mr. Horbaly:

In accordance with the February 6, 2007, opinion of your Court in the above-entitled case, we enclose herewith a verified bill of costs, accompanied by a copy of the printer's bill, together with a supporting declaration. A copy of this letter and a copy of the foregoing documents are being mailed this day, by FedEx, to counsel for the appellant. We are also enclosing an appearance form entering my appearance as co-counsel on behalf of the appellee. (Please note I am *not* replacing existing lead counsel in this case).

You are hereby requested to cause this bill of costs to be taxed as costs in your Court. This case is currently assigned to Samuel A. Lambert of this office, who may be reached at (202) 616-3822. Any questions regarding this

letter should be directed to John A. Nolet of this office, who may be reached at (202) 514-2935.

Sincerely yours,

JOHN A. NOLET
*Attorney*
Appellate Section

Enclosures

cc: William J. Hughes, Jr., Esq.
Cooper, Levenson, April, Niedelman
& Wagenheim, PA
1125 Atlantic Ave., 3rd Floor
Atlantic City, NJ 08401

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

JOHN G. BERG v. THE UNITED STATES

No. 2006-5091

## ENTRY OF APPEARANCE

(INSTRUCTIONS: Counsel refer to Federal Circuit Rule 47.3. Pro se petitioners and appellants read Paragraphs 1 and 18 of the Guide for Pro Se Petitioners and Appellants. File this form with the clerk and serve it on the principal attorney for each party.)

Please enter my appearance (select one):

____ Pro Se    X As counsel for:    **The United States**
Name of party

I am, or the party I represent is (select one):

__ Petitioner    __ Respondent    __ Amicus Curiae    __ Cross Appellant

__ Appellant    X Appellee    __ Intervenor

As amicus curiae or intervenor, this party supports (select one):

__ Petitioner or appellant    __ Respondent or appellee

My address and telephone are:

Name: **John A. Nolet, Esquire**
Law Firm (counsel only): **U.S. Dep't of Justice Tax Division**
Address: **Post Office Box 502**
City, State, and ZIP: **Washington, D.C. 20044**
Telephone: **(202) 514-2935**

Statement to be completed by counsel only (select one):

__ I am the principal attorney for this party in this case and will accept all service for the party. I agree to inform all other counsel for the party in this case of the matters served upon me.

X I am not the principal attorney for this party in this case.

Date admitted to Federal Circuit bar (counsel only): ________

This is my first appearance before the U.S. Court of Appeals for the Federal Circuit (counsel only): ____ yes ____ no

February 12, 2007
Date

Signature of Pro Se or Counsel

cc: William J. Hughes, Esq.
Cooper Levenson April Niedelman & Wagenheim, PA.
1125 Atlantic Ave., 3rd Floor
Atlantic City, NJ 08401

2229190.1